**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| BOKF, NA | § | |
| BOK Financial Securities, Inc. (BOKFS) | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| v. | § | Case No. _____ |
| | § | |
| | § | |
| Vickie Sue Wise, an individual | § | |
|     CRD No. 1883523 | § | |
| Ronnie Carroll "Skip" Davis, an individual | § | |
| | § | |
|     CRD No. 5400246 | § | |
| Melissa Morgeson Del-Cid, an individual | § | |
| | § | |
|     CRD No. 2448005. | § | |
| Hilltop Holdings, Inc. | § | |
| Hilltop Securities, Inc. | § | |
|     CRD No. 6220 | § | |
| Hilltop Independent Network, Inc. | § | |
|     CRD No. 17587 | § | |
| Lloyds Insurance Company | § | |
|     TX Lic. No. 95740 | § | |
| American Summit Insurance Company | § | JURY TRIAL DEMANDED |
|     TX Lic. No. 58960 | § | |
| Plains Capital Bank | § | |
| | § | |

Defendants.

**BOKF NA and BOK FINANCIAL SECURITIES, INC. (BOKFS) COMPLAINT
WITH VERIFIED REQUEST FOR INJUNCTIVE RELIEF[1]**

---

[1] See also, BOKF NA and BOKFS' Emergency Application for Injunctive Relief filed this same date.

Plaintiffs, BOKF,NA ("BOKFNA") and BOK Financial Securities, Inc., as legal successor to BOSC, Inc. ("BOKFS"), (collectively "BOKF"), respectfully bring this action against Defendants Vickie Sue Wise ("Wise"), an individual; Ronnie Carroll "Skip" Davis ("Davis"), an individual; Melissa Morgeson Del-Cid ("Morgeson Del-Cid"), an individual; Hilltop Holdings, Inc.; Hilltop Securities, Inc.; Hilltop Securities Independent Network Inc.; National Lloyds Insurance Company, American Summit Insurance Company and PlainsCapital Bank.   The individuals may be referred to herein collective as the "Individual Defendants". The corporations may be referred to herein collectively as the "Hilltop Defendants'.

BOKFNA and BOKFS have filed this *Complaint* and a Verified Application for a Temporary Restraining Order and Preliminary Injunction (the "Verified Application") and seeks from this Court a temporary restraining order ("TRO"), Preliminary Injunction ("PI"), and other relief.  BOKFNA requests a temporary restraining order ("TRO") and preliminary injunction ("PI") and other relief.    BOKFS seeks only a Temporary Restraining Order (TRO) and Preliminary Injunction (PI) against FINRA Member Firms.[2]  BOKFS seeks all

---

[2] The Financial Industry Regulatory Authority ("FINRA" regulates the conduct of registered financial representatives, called Associated Persons, and FINRA Member Firms.   Wise, Davis and Del-Cid are FINRA Associated Persons. Hilltop Securities, Inc. and Hilltop Independent Network, Inc. are FINRA Member Firms.   The activities of Associated Persons and FINRA Member Firms are generally subject to arbitration. FINRA's rules permit broker-dealers to obtain injunctive relief in state court to preserve the status quo under their agreements.   FINRA Rule 13804(a) states that, in addition to filing a statement of claim with FINRA, "parties may seek a temporary injunctive order from a court of competent jurisdiction."   BOKFS has filed an arbitration action with FINRA. BOKFS asks this Court to enter injunctive relief pending the resolution of the substantive merits of BOKFS' claims by a FINRA arbitration panel.   This process is expressly authorized by FINRA Rule 13804(a). BOKFS will seek all other relief beyond injunctive relief against FINRA Member Firms in the alternative dispute resolution forums specified by the rules and regulations involving FINRA.  BOKFS will have filed a FINRA Statement of Claim this same date.

relief against non-Member Firms.

## I.    SUMMARY

This case arises generally through the concerted actions of employees Wise, Davis, and Del-Cid, who resigned in concert on Friday March 23, 2018, the Friday of a holiday week (Spring Break), in conspiracy with and/or on behalf of the Hilltop Defendants: (i) in violations of duties of loyalty, (ii) in breach of agreements involving BOKFNA and BOKFS and the individual Defendants, including, but not limited to, advance notice of termination, agreements not to solicit employees and customers, confidentiality and return of information provisions, and (iii) through misappropriation of confidential, proprietary information, and/or trade secrets belonging to BOKF customers.

## II.    STATEMENT OF FACTS

### A.    HILLTOP RAID, BOKF REMINDER AND DEMAND LETTER

Wise, Davis, and Morgeson Del-Cid tendered their concerted resignations, in total disregard of obligations to BOKF including notice provisions, restrictive covenants, and confidentiality provisions, without any notice, on the morning of Friday, March 23, 2018. Exhibit 1 (2018-03-23 Resignation of Davis); Exhibit 2 (2018-03-23 Resignation of Morgeson Del-Cid). Wise, Davis, and Morgeson Del-Cid then began soliciting BOKF Customers using BOKF information in violation of applicable agreements and customer privacy and trade secret law.

That same day, on Friday, March 23, 2018, BOKF transmitted, by email to Wise and Morgeson Del Cid, and, by overnight courier to Hilltop Defendants, a letter with reminders regarding obligations, demands to comply with applicable agreements,

demands to search for and return BOKF data, and demands to preserve all documents and tangible items pertaining to the transition of employment.  Exhibit 3 (Email to Wise and Morgeson Transmitting 2018-03-25 Reminder and Demand Letter) and Exhibit 4 (Attached Letter dated 2018-03-23) with: Exhibit 5 (Wise & Davis Sample 2018 Client Advisor Incentive Agreement [Redacted]); Exhibit 6 (Davis Sample 2018 Wealth Advisor Incentive Agreement Redacted]); Exhibit 7 (Morgeson Del-Cid Sample 2018 Sales/Service Specialist Incentive Agreement); Exhibit 8 (2012-04-03 Davis Representative Agreement); Exhibit 9 (2006-06-21 Morgeson Del Cid Representative Agreement).

Defendants have continued their actions regardless of the delivery of demand letters.

Therefore, BOKFNA and BOKFS files this Complaint and seeks immediate injunctive relief.

### B.    Parties

1.    BOKFNA is a regional financial institution operating under a charter issued by the Office of the Comptroller of the Currency with its headquarters and principal offices located at One Williams Center, Tulsa, Oklahoma  74172.  BOKFNA is a subsidiary of BOK Financial Corporation.

2.    BOKFS is an Oklahoma corporation with its with its headquarters and principal offices located at One Williams Center, Tulsa, Oklahoma 74172 and is a registered broker/dealer in all 50 states. BOKFS is a subsidiary of BOK Financial Corporation. BOKFS was formerly known as BOSC, Inc.

### C.    The Individual Defendants (Former BOKF Employees)

3.    Wise is an individual who resides at 3318 Blackburn Street in the City of Dallas,

Dallas County, Texas.

4.    Wise is a registered financial representative. Wise's FINRA CRD No. is 1883523.
Wise hold licenses to sell securities, insurance and annuities.

5.     Wise started employment with BOKF in 1998.   Until March 23, 2018, Defendant
Wise was an employee of BOKF and was a registered representative of BOKFS. Prior to
her termination, Defendant Wise was BOKF's most tenured representative in Dallas with
twenty (20) years of service.

6.    Wise last held the position of Client Advisor.   Exhibit 10 (Client Advisor Position
Description).

7.    Davis is an individual who resides at 602 Bentley in the City of Roanoke, Denton
County, Texas.

8.    Davis is a registered financial representative. Davis FINRA CRD No. is 5400246.
Davis holds licenses to sell, securities, insurance and annuities.   Davis started
employment with BOKF in 2012.   Until March 23, 2018, Defendant Davis was an
employee of BOKFNA and was a registered representative of BOKFS.

9.    Davis last held the position of Client Advisor. Exhibit 10 (Client Advisor Position
Description).

10.   Morgeson Del-Cid is an individual who resides at 305 Walnut Grove in the City of
Coppell, Dallas County, Texas.

11.   Morgeson Del-Cid is a registered financial representative. The FINRA CRD No. for
Morgeson Del-Cid is 2448005. Morgeson Del-Cid also holds licenses to sell securities,
insurance and annuities.

12.   Del-Cid started employment with BOKF in 2006.  Until March 23, 2018, Defendant

Morgeson Del-Cid was an employee of BOKFNA and was a registered representative of BOKFS.

13.    Morgeson Del-Cid last held the position of Senior Securities Sales/Services Specialist. Exhibit 11 (Senior Securities Sales/Services Specialist Position Description (Morgeson Del-Cid).

**D.    The Hilltop Defendants (New Employer(s) of the Individual Defendants)**

14.    Defendant Hilltop Holdings Inc. is a Maryland corporation with its principal offices at 200 Crescent Court, Suite 1330, in the City of Dallas, Dallas County, Texas.  Its registered agent is Corporation Service Company, 115 SW 89th Street, Oklahoma City, Oklahoma   73139-8511. Hilltop Holdings, Inc. is an umbrella corporation over the remaining corporate defendants.

15.    Defendant Hilltop Securities, Inc. is a Delaware corporation with its principal offices located at 1201 Elm Street, Suite 3500, in the City of Dallas, Dallas County, Texas.  The registered agent for Defendant Hilltop Securities, Inc. is Capitol Corporate Services, Inc., 209 East 9th Street, Austin, Texas  78701.

16.    Defendant Hilltop Securities Independent Network Inc. is a Texas corporation with its principal offices located at 1201 Elm Street, Suite 3500, in the City of Dallas, Dallas County, Texas.  The registered agent for Defendant Hilltop Securities Independent Network Inc. is Capitol Corporate Services, Inc., 209 East 9th Street, Austin, Texas 78701.

17.    Defendant National Lloyds Insurance Company is a Texas insurance company with its principal offices at 510 North Valley Mills Drive, Suite 202, in the City of Waco, McLennan County, Texas.  Pursuant to Section 804.101(b) of the Texas Insurance Code,

may be served by serving the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company or leaving a copy of the process at the home office or principal business office of the company during regular business hours.

18.    Defendant American Summit Insurance Company is a Texas insurance company with its principal offices at 510 North Valley Mills Drive, Suite 202, in the City of Waco, McLennan County, Texas.  Pursuant to Section 804.101(b) of the Texas Insurance Code, may be served by serving the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company or leaving a copy of the process at the home office or principal business office of the company during regular business hours.

19.    Defendant PlainsCapital Bank is a Texas state bank with its principal offices at 2911 Turtle Creek Blvd, Suite 700, in the City of Dallas, Dallas County, Texas.  The registered agent for Defendant PlainsCapital Bank is Scott J. Luedke, 2323 Victory Avenue, Suite 1400, Dallas Texas  75219.

20.    Each of the named corporate defendant entities are companies affiliated with Defendant Hilltop Holdings, Inc. (collectively referred to as the "Hilltop Defendants").

       **E.    Jurisdiction and Venue**

21.    BOKF and BOKFS incorporate and reallege the allegations contained in ¶¶s 1- 20 above as if fully set forth herein.

22.    This Court has jurisdiction over this Temporary Restraining Order (TRO) and Preliminary Injunction Proceeding (PI) proceeding pursuant to 28 U.S.C. § 1331 because the matter in controversy arises under the federal Defense of Trade Secrets Act, 18 U.S.C. §1831 et seq.

23.    This Court has jurisdiction over this proceeding to the extent it involves state law claims as a result of its supplemental jurisdiction pursuant to 28 U.S.C. § 1367; such claims on which the application for injunctive relief are premised are so closely related to the Defense of Trade Secrets Act claim that they are part of the same case.

24.    This Court has personal jurisdiction over Wise because she resides in, is a citizen of, and is domiciled in Dallas, Texas, and was employed at BOKF's office in Dallas, Texas.

25.    This Court has personal jurisdiction over Davis because he resides in, is a citizen of, and is domiciled in Roanoke, Texas, and was employed at BOKF's office in Dallas, Texas.

26.    This Court has personal jurisdiction over Morgeson Del-Cid because she resides in, is a citizen of, and is domiciled in Coppell, Texas, and was employed at BOKF's office in Dallas, Texas.

27.    This Court has personal jurisdiction over Defendants Hilltop Holdings Inc.; Hilltop Securities, Inc.; Hilltop Independent Network Inc.; National Lloyds Insurance Company; American Summit Insurance Company and PlainsCapital Bank because each of them operate in the State of Texas and conduct business operations in the City of Dallas, Dallas County, State of Texas.

28.    Not only is there a federal question based upon the federal Defense of Trade Secrets Act, 18 U.S.C. §1831 et seq., there is complete diversity of the Plaintiffs who are citizens of and headquartered in Oklahoma and the Defendants who are citizens of Texas.   The amount in controversy exceeds $75,000 exclusive of interest and costs. There is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

29.    Venue is proper in the United States District Court for the Northern District of Texas

– Dallas Division pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims in this action occurred in this judicial district.

**F.    BOKF**

30.    BOKF incorporates and realleges the allegations contained in ¶¶s 1- 29 above as if fully set forth herein.

31.    BOKF develops and maintains customer relationships and business.    These customer relationships are a protectable interest of BOKF.

32.    In the course of conducting business, BOKF develops and maintains confidential business information, customer lists and data as well as methodologies and processes that are essential to the successful operation of their businesses (the "Confidential Information and Trade Secrets"). This information is a protectable interest of BOKF.

**G.    BOKF Business and Employee Obligations to BOKF and Customers**

33.    BOKF conducts business and develops its protectable interests through its personnel.

34.    The positions of Wise and Davis (registered financial Client Advisors), and Morgeson Del Cid (registered Sales/Services Support Specialist) required that confidential customer information and financial strategy be provided to the Individual Defendants by BOKF.

35.    BOKF promised to and provided confidential customer information and financial strategies to the Individual Defendants.

36.    BOKF Client Advisors (Wise and Davis) have the following summary of duties:

The **Client Advisor** is primarily responsible for developing, maintaining, and expanding relationships with high net worth individuals and their associated entities in the firm through comprehensive needs assessment and response. Actively networks both inside and outside the firm for new client relationships, as well as maintaining and expanding current

relationships through exceptional client service.  Meets with existing and prospective clients to profile, assess financial service needs and propose solutions, often through the use of financial planning tools. Provides advisory services for investment portfolios; recommending appropriate investment strategies to achieve risk-adjusted client objectives. Provides performance reporting to client on periodic basis or as established by the client. Keeps current on economic and market trends, as well as compliance and regulatory issues.

Exhibit 10 (Client Advisor Position Description (Wise and Davis).

37.     BOKF Senior Securities Sales/Service Specialist, (Morgeson Del-Cid),  have the

following summary of duties:

> The **Senior Securities Sales/Service Specialist** is primarily responsible for the direct supervision of both exempt and non-exempt personnel that are primarily responsible for the sales and support of investment products when primary sales person is unavailable. Also, provides support and service to customers; provides quotes on investment securities; responds to inquiries regarding securities transactions; resolves problems with applicable investment and deposit accounts; provides sales tracking, account assignment research, and sales performance measurements.

Exhibit 11 (Senior Securities Sales/Service Specialist Position Description (Morgeson Del-Cid).

38.     BOKF maintained its confidential data confidentially, using secure access, locks and keys, confidential employee identifiers and passwords, and Standards of Conduct, and policies and procedures.

39.     BOKF employees are obligated to adhere to Standards of Conduct, which include standards regarding confidentiality of customer data and following applicable law.  Exhibit 12 (Standards of Conduct); Exhibit 13 (Standards of Conduct Attestations).

40.     BOKF FINRA Associated Persons (Client Advisors and Securities Sales/Service Specialists) have Representative Agreements which have provisions for notice of termination, requirements to follow applicable law and policies and procedures,

confidentiality, return of data and agreements not to solicit.  Exhibit 14;[3] Exhibit 8 (2012-04-03 Davis Representative Agreement); Exhibit 9 (2006-06-21 Morgeson Del-Cid Representative Agreement).

41.    The Representative Agreement obligates the employee to give thirty (30) days' written notice of termination.  Exhibit 8 (2012-04-03 Davis Representative Agreement); Exhibit 9 (2006-06-21 Morgeson Del-Cid Representative Agreement):[4]

> This Agreement may be terminated by either party at any time, without cause, but only by, giving thirty (30) days written notice to the other party.

42.    The primary purpose of the notice provision is to give BOKF the opportunity to prepare its customers for the transition to a new BOKF financial representative and to protect and solidify BOKF's relationship with its customers.

43.    The Representative Agreement requires the employee to follow policies and procedures of BOKF which required safeguarding of confidential information and return of confidential information upon departure from employment at Paragraph (2)(B).  Exhibit 8 at p. 1 at ¶ (2) B (Davis Agreement); Exhibit 9 (Morgeson Del-Cid Agreement); Exhibit 19 and Exhibit 20 (Excerpts of BOKFS Written Supervisory Procedures); Exhibit 12 (Standards of Conduct); Exhibit 13 (Attestations to Standards of Conduct).

44.    The Representative Agreements contain agreements not to solicit employees for one year following termination of employment at Paragraph (2)(J).  Exhibit 14 (Wise); Exhibit 8 at p. 2 at ¶ (2) (J) (2012-04-03 Davis Representative Agreement); Exhibit 9 at

---

[3] BOKF is currently searching for a copy of Wise' Representative Agreement.  BOKF has provided an Exhibit 14 which is a slip sheet as a place holder for a later ERRATA to include Wise's Agreement if/when it is located.
[4] Exhibit 14.

p. pp. 2-3 ¶ (2)(J) (2006-06-21 Morgeson Del-Cid Representative Agreement).

45.     The Representative Agreements contain agreements not to solicit established customers and not to solicit employees for one year following termination of employment at Paragraph (2)(J).   Exhibit 8 at p. 3 at ¶ (2) J (2012-04-03 Davis Representative Agreement); Exhibit 9 at p. 2 ¶ (2) (J) (2006-06-21 Morgeson Del-Cid Representative Agreement); Exhibit 14.

46.     The Representative Agreement contain agreements to maintain confidentiality at Paragraph (2)(M) and to return all data at Paragraph (2)(K).

47.     BOKF Client Advisors (Wise and Davis) have incentive plans (Incentive Agreements) which include agreements not to solicit.   Exhibit 5 (2018 Client Advisor Incentive Agreement); Exhibit 15 (2017 Client Advisor Incentive Agreement; Exhibit 16 (2016 Client Advisor Incentive Agreement).

48.     BOKF Sales Service Specialists (Morgeson Del Cid) have incentive plans with agreements not to solicit as well.   Exhibit 7 (2018 Sales Service Specialist Incentive Agreement.

49.     The Incentive Plans for Wise, Davis, and Morgeson Del-Cid for the years 2016, 2017, and 2018, by way of example only, contain an agreement not to solicit established customers and an agreement not to solicit employees for one year following termination as follows.

> Employee agrees that, during employment and for a period of one (1) year following any termination of employment for any reason, Employee shall not, (whether as an officer, director, employee, partner, stockholder, creditor or agent, or representative of other persons or entities), (i) directly solicit the sales of goods, service or a combination of goods and services from established customers of BOK Financial or any of its affiliates or (ii) directly solicit employees of BOK Financial or any affiliates of BOK Financial to seek employment with any person or entity providing banking and/or

financial services and/or other goods and services offered by BOK Financial and/or its affiliates except on behalf of BOK Financial and/or its affiliates. The foregoing agreement not to solicit notwithstanding, to the extent that the employee has entered into an agreement with BOK Financial and/or an affiliate, and the agreement contains greater restrictive covenants in favor of BOK Financial and/or an affiliate, the greater restrictive covenant supersedes this provision.

Exhibit 5, 15, 16  (2018, 2017, 2016 Client Advisor Incentive Agreements (Wise & Davis));

Exhibit 7  (Securities Sales/Services Specialist Incentive Agreement (Del-Cid)).

50.    The Individual Defendants received presentations referencing the respective agreements not to solicit. See emails transmitting Presentations referencing the Agreement Not to Solicit received by Wise and Davis:  Exhibit 17 (2018-01-12 & 2018-02-21 Email Between Wise and Davis attaching Incentive Plan Presentation Plan referencing Agreement Not to Solicit); Exhibit 18 at p. 5 (2017-05-19 Email to Wise attaching Incentive Plan Presentation referencing Agreement Not to Solicit).

51.    BOKF employees, including Wise, Davis, and Morgeson Del-Cid were required to follow BOKF Written Supervisory Procedures [WSPs].

52.    BOKF's Written Supervisory Procedures required that Wise, Davis, and Morgeson Del-Cid safeguard the privacy of customer records. Exhibit 19 (Chapter 2.7 Privacy) and Exhibit 20 (Chapter 2.19 Computer Records).

53.    BOKF Written Supervisory Procedures Index and particularly applicable excerpts, policies regarding Privacy and Customer Records, are attached hereto as Exhibit 19 (Chapter 2.7 Privacy) and Exhibit 20 (Chapter 2.19 Computer Records).

54.    BOKF FINRA Associated Persons are required to regularly certify (and Wise, Davis, and Morgeson Del-Cid did so regularly certify (promise)) that:

**Q. 34** I am aware that information I obtain and material and/or applications I develop in the course of my employment is proprietary property of my employer and cannot be used to my advantage, nor taken with me, should

13

I change employers.

 **Q. 39** I certify that I have received a copy of the BOKFS Written Supervisory Procedures and Bank Dealer policy manual, if applicable, that I have read and understood the requirements, and that I am in compliance with the requirements.

See, by way of example only, Responses to Questions 34 and 39, in particular at: Exhibit 21 (2018-02-01 Davis Certification); Exhibit 22 (2018-02-05 Morgeson Del Cid Certification); Exhibit 23 (2018-02-14 Wise Certification).

55.     BOKF relied on the certifications and representations of the Individual Defendants to policies and procedures, practices, Standards of Conduct, and Written Supervisory Procedures.

56.     BOKF relied on the Individual Defendants compliance with contractual obligations.

57.     BOKF's reliance on promises of Individual Defendants was reasonable.

58.     Injustice can be avoided only by enforcement of promises made by the Individual Defendants.

### H.     Wise Contractual Obligations

59.     BOKF's practice is to have a Representative Agreement for FINRA registered personnel.  Those Registered Representative Agreements include agreements regarding notice of termination, agreements not to solicit employees and customers, confidentiality and return of data.  BOKF is currently searching for a copy of Wise' Representative Agreement.

60.     In addition, the terms of Wise's employment and termination of employment and obligations were/are controlled by policies and procedures, standards of conduct, and applicable agreements. *See:* Exhibit 14; Exhibit 5, 15, 16  (Sample Wise 2018, 2017, 2016 Client Advisor Incentive Agreements).

> Employee agrees that, during employment and for a period of one (1) year following any termination of employment for any reason, Employee shall not, (whether as an officer, director, employee, partner, stockholder, creditor or agent, or representative of other persons or entities), (i) directly solicit the sales of goods, service or a combination of goods and services from established customers of BOK Financial or any of its affiliates or (ii) directly solicit employees of BOK Financial or any affiliates of BOK Financial to seek employment with any person or entity providing banking and/or financial services and/or other goods and services offered by BOK Financial and/or its affiliates except on behalf of BOK Financial and/or its affiliates. The foregoing agreement not to solicit notwithstanding, to the extent that the employee has entered into an agreement with BOK Financial and/or an affiliate, and the agreement contains greater restrictive covenants in favor of BOK Financial and/or an affiliate, the greater restrictive covenant supersedes this provision.

61.    Defendant Wise had access to BOKF confidential information.

**I.    Davis Contractual Obligations**

62.    The terms of Davis' employment and termination of employment and obligations thereafter were/are controlled by policies and procedures, standards of conduct, an agreement, referred to herein as the "Representative Agreement" and incentive agreements.   *See:* Exhibit 8 (2012-04-03 Davis Representative Agreement); and Exhibit 5, 15, 16 (Sample Davis Client Advisor Incentive Agreements).

63.    Under ¶ 4(b) of the Representative Agreement, Davis was obligated to give thirty (30) days' written notice of termination.   Exhibit 8 (2012-04-03 Davis Representative Agreement):

> This Agreement may be terminated by either party at any time, without cause, but only by, giving thirty (30) days written notice to the other party.

64.    Davis agreed not to solicit established customers and employees for one year following termination of employment with BOKF.

> Shall not (i) directly solicit any established customer of BOSC for a period of one (1) year after the termination of this Agreement (for whatever reason, whether with or without cause) or (ii) solicit any employee of BOSC to

15

accept employment with any entity for a period of one (1) year after termination of this Agreement (for whatever reason, whether with or without cause). This promise by Representative may be enforced by temporary, preliminary and permanent injunctive relief without the necessity of establishing irreparable injury and without the posting of any bond, in addition to any other remedies the law may provide. Without limiting the generality of the provisions of this paragraph, the phrase "directly solicit any established customer of BOSC" includes (i) making or participating in any mail ore·-mail communication to such customer which is not part of a mass mailing to a public of which established customers of BOSC are an insignificant part the purpose of which was not to communicate with established customers of BOSC and (ii) having or participating in any meeting with or making or participating in telephone call to such customer unless such customer was an established social friend of the Representative and the purpose of the telephone call was strictly social.

65.    Davis agreed to a similar restrictive covenant by way of Davis' incentive program. See, by way of example, the Private Wealth Client Advisor Incentive Plans. Exhibit 5, 15, 16 (Sample 2018, 2017, 2016 Davis Client Advisor Incentive Agreements) (whereby Davis agreed as follows).

Employee agrees that, during employment and for a period of one (1) year following any termination of employment for any reason, Employee shall not, (whether as an officer, director, employee, partner, stockholder, creditor or agent, or representative of other persons or entities), (i) directly solicit the sales of goods, service or a combination of goods and services from established customers of BOK Financial or any of its affiliates or (ii) directly solicit employees of BOK Financial or any affiliates of BOK Financial to seek employment with any person or entity providing banking and/or financial services and/or other goods and services offered by BOK Financial and/or its affiliates except on behalf of BOK Financial and/or its affiliates. The foregoing agreement not to solicit notwithstanding, to the extent that the employee has entered into an agreement with BOK Financial and/or an affiliate, and the agreement contains greater restrictive covenants in favor of BOK Financial and/or an affiliate, the greater restrictive covenant supersedes this provision.

66.    Davis had access to BOKF confidential information.

### J.    Morgeson Del-Cid Contractual Obligations

67.    The terms of Morgeson Del-Cid's employment and termination of employment and obligations thereafter were/are controlled by policies and procedures, standards of

conduct, an agreement, referred to herein as the "Representative Agreement" and incentive agreements. *See:* Exhibit 9 (2006-06-21 Morgeson Del-Cid Representative Agreement); and Exhibit 7 (Morgeson Del-Cid Sales Service Specialist Incentive Agreement).

68.    Under ¶ 4(b) of the Representative Agreement, Morgeson Del-Cid was obligated to give thirty (30) days' written notice of termination. Exhibit 9 (2006-06-21Morgeson Del-Cid Representative Agreement):

> This Agreement may be terminated by either party at any time, without cause, but only by, giving thirty (30) days written notice to the other party.

69.    Morgeson Del-Cid agreed not to solicit established customers and employees for one year following termination of employment with BOKF. The Representative Agreements contained non-solicitation provisions in which Morgeson Del-Cid agreed that Morgeson Del-Cid:

> Shall not (i) directly solicit any established customer of BOSC for a period of one (1) year after the termination of this Agreement (for whatever reason, whether with or without cause) or (ii) solicit any employee of BOSC to accept employment with any entity for a period of one (1) year after termination of this Agreement (for whatever reason, whether with or without cause). This promise by Representative may be enforced by temporary, preliminary and permanent injunctive relief without the necessity of establishing irreparable injury and without the posting of any bond, in addition to any other remedies the law may provide. Without limiting the generality of the provisions of this paragraph, the phrase "directly solicit any established customer of BOSC" includes (i) making or participating in any mail ore·-mail communication to such customer which is not part of a mass mailing to a public of which established customers of BOSC are an insignificant part the purpose of which was not to communicate with established customers of BOSC and (ii) having or participating in any meeting with or making or participating in telephone call to such customer unless such customer was an established social friend of the Representative and the purpose of the telephone call was strictly social.

70.    Morgeson Del Cid agreed to a similar restrictive covenant by way of Morgeson Del

Cid's incentive program. See, the  BOKFS Sales Service Specialist Incentive Plan. Exhibit

7 (whereby Morgeson Del-Cid agreed as follows).

> Employee agrees that, during employment and for a period of one (1) year following any termination of employment for any reason, Employee shall not, (whether as an officer, director, employee, partner, stockholder, creditor or agent, or representative of other persons or entities), (i) directly solicit the sales of goods, service or a combination of goods and services from established customers of BOK Financial or any of its affiliates or (ii) directly solicit employees of BOK Financial or any affiliates of BOK Financial to seek employment with any person or entity providing banking and/or financial services and/or other goods and services offered by BOK Financial and/or its affiliates except on behalf of BOK Financial and/or its affiliates. The foregoing agreement not to solicit notwithstanding, to the extent that the employee has entered into an agreement with BOK Financial and/or an affiliate, and the agreement contains greater restrictive covenants in favor of BOK Financial and/or an affiliate, the greater restrictive covenant supersedes this provision.

71.     Morgeson Del-Cid had access to BOKF confidential information.

### K.     Awareness of Contractual Obligations

72.     Wise was aware of:

  a.  BOKFS Representative Agreements.
  b.  BOKF Incentive Plans.
  c.  Wise's:
      i.  Incentive Agreement(s).
  d.  Davis'
      i.  Representative Agreement.
      ii.  Incentive Agreement(s).

  e.  Morgeson Del-Cid's:
      i.  Representative Agreement.
      ii.  Incentive Agreement(s).

73.     Davis was aware of:

  a.  BOKFS Representative Agreements.
  b.  BOKF Incentive Plans.
  c.  Davis's
      i.  Representative Agreement.
      ii.  Incentive Agreement(s).
  d.  Morgeson Del-Cid's:
      i.  Representative Agreement.

       ii.   Incentive Agreement(s)
   e.   Wise's:
       i.   Incentive Agreement(s).

74.    Morgeson Del-Cid was aware of:

   a.   BOKFS Representative Agreements.
   b.   BOKF Incentive Plans.
   c.   Morgeson Del-Cid's:
       i.   Representative Agreement
       ii.   Incentive Agreement(s)
   d.   Wise's:
       i.   Incentive Agreement(s);
   e.   Davis'
       i.   Representative Agreement
       ii.   Incentive Agreement(s).

75.    Wise acted in reckless disregard of Agreements with and obligations to BOKF.

76.    Davis acted in reckless disregard of Agreements with and obligations to BOKF.

77.    Morgeson Del-Cid acted in reckless disregard of Agreements with and obligations to BOKF.

78.    The Hilltop Defendants knew and/or should have known of trade secrets and customer confidentiality requirements and obligations.

79.    The Hilltop Defendants knew or should have known of the potential existence of agreements regarding notice, confidentiality, return of data, and restrictive covenants.

80.    Upon information and belief, the Hilltop Defendants knew of the actual existence of agreements regarding notice, confidentiality, return of data, and restrictive covenants for: (i) Wise, (ii) Davis, and (iii) Morgeson Del-Cid.

81.     Upon information and belief, the Hilltop Defendants acted in reckless indifference of trade secrets and customer confidentiality laws.

82.     Upon information and belief, the Hilltop Defendants acted in reckless indifference to the actual existence of agreements regarding notice, confidentiality, return of data, and

restrictive covenants.

**L.    CONCERTED EXODUS OF THE INDIVIDUAL DEFENDANTS WITHOUT NOTICE[5]**

83.    Wise, Davis, and Morgeson Del-Cid, and the Hilltop Defendants began concerted action before simultaneous resignations without notice on Friday, March 23, 2018, over the Spring Break holidays.

84.    Upon information and belief, Wise solicited Davis:

        a.  to resign from BOKF;
        b.  to join the Hilltop Defendants.

85.    Upon information and belief, Davis solicited Wise:

        a.  to resign from BOKF;
        b.  to join the Hilltop Defendants.

86.    Upon information and belief, Wise solicited Morgeson Del-Cid:

        a.  to resign from BOKF;
        b.  to join the Hilltop Defendants.

87.    Upon information and belief, Davis solicited Morgeson Del-Cid:

        a.  to resign from BOKF;
        b.  to join the Hilltop Defendants.

88.    Upon information and belief all some or all of the Defendants conspired to raid BOKF's Dallas, Texas Client Advisor Team.

89.    Starting on at least March 9, 2018 and continuing over a period of days, Wise and Del-Cid printed significant volumes of confidential customer information. See the following table, by way of example only as BOKF is continuing to investigate the concerted departure of the Individual Defendants.

---

[5] BOKF's investigation is ongoing.   BOKF reserves the right to provide additional information and/or otherwise amend its filing.

| | Date | Time | No. Matches / No. Customers | Exhibit No. |
|---|---|---|---|---|
| Del-Cid | 3/9/2018 | 16:32 | 155 | Exhibit 24 |
| Wise | 3/14/2018 | 08:39 | 78 | Exhibit 25 |
| Del-Cid | 3/16/2018 | 13:17 | 44 | Exhibit 26 |
| Wise | 3/16/2018 | 15:33 | 105 | Exhibit 27 |
| Del-Cid | 3/16/2018 | 16:05 | 129 | Exhibit 28 |
| Del-Cid | 3/16/2018 | 16:21 | 18 | Exhibit 29 |
| RECORDS PRINTED | | | **529** | |

90.    The week of March 19, 2018 through March 23, 2018 was the week of Spring Break.

91.    On March 7, 2018, the Individual Defendants were invited by Vince Manna at BOKF to attend a team outing at TopGolf on several dates including, Friday March 23, 2018.  The Individual Defendants did not respond. The Individual Defendants lack of responses were out of character.  On Monday, March 19, 2018, Manna updated the calendar invitation asking, "How does everybody look this Friday?" Only Wise responded, immediately declining the event.  Exhibit 30 (2018-03-07 Email of Vince Manna).

92.    On Friday, March 23, 2018 of the Spring Break holidays, at approximately 8:30 a.m., Wise and Davis went to the office of Patrick J. Staudt, a Senior Vice President of BOKF and their manager.

93.    Wise said to Staudt, "This is not going to be a good day for you." Wise then presented three labeled envelopes, prepared in advance of the meeting, one for Wise, one for Davis, and one for Morgeson Del Cid, and said "We are done", resigning for all three employees.  Each envelope contained access items for each individual Defendant (keys for office, desk, and file cabinets, and security access cards, and credit cards for Wise and Davis).

94.    Davis presented a resignation letter without saying a word.  Exhibit 1 2018-03-23

21

Resignation of Davis; Exhibit 2 2018-03-23 Formal Resignation of Morgeson Del-Cid to Lisa Shannon; Exhibit 8 and Exhibit 9 at ¶ (4)(b) [30 day advance notice requirement].

95.    Wise and Davis refused to speak any further with Mr. Staudt.

96.    The concerted resignations, which were jointly coordinated and during which only Wise spoke, and at which Morgeson Del-Cid did not appear, occurred in less than two (2) minutes.

97.    Thus, Wise, Davis and Morgeson Del-Cid, in concert, resigned employment with BOKF, without providing advanced notice as required by the Representative Agreements of Davis and Morgeson Del-Cid.    Exhibit 8 (2012-04-03 Davis Representative Agreement); Exhibit 9 (2006-06-21 Morgeson Del-Cid Representative Agreement).

98.    In summary, on the Friday, March 23, 2018, during the Spring Break holiday, in calculated fashion on, in conspiracy with some or all of the Hilltop Defendants, Wise, Davis and Morgeson Del-Cid, with no prior notice, and certainly Davis and Morgeson without 30 days' notice as required by agreements, resigned from BOKF.

99.    Wise, Davis and Morgeson Del-Cid were immediately employed by the Hilltop Defendants at offices located in the Dallas, Texas area.

100.    Upon information and belief, some combination of Wise, Davis, and Morgeson Del-Cid are sharing compensation and/or revenue streams at their new employer(s).

101.    Upon information and belief, Wise and Davis are sharing revenues streams at their new employer(s).

102.    Therefore, each combination of the Individual Defendants who are sharing compensation and/or revenue streams, is profiting by breaches of Agreements with BOKF.

103.   For example, Wise would directly benefit by the breaches of Davis.   Davis would directly benefit by breaches of Wise.

104.   Some or all of Wise, Davis and/or Morgeson Del-Cid immediately began a concerted campaign to solicit BOKF customers contacting BOKF customers by phone and, upon information and, upon information and belief, other methods.   By way of example only:

> a.   The Defendants left some customers, at best confused and, at worst, with the misrepresentation that Hilltop had purchased Bank of Texas.
>
> b.   Early in the day on Friday, customers reported that "Our whole team there just left."

**M.    Receipt of Demand Letter and Actions Thereafter**

105.   As discussed at the outset of this filing, on Friday, March 23, 2018 by the close of business, BOKF transmitted, by email to Wise and Morgeson Del Cid, and, by overnight courier to all parties, a letter with reminders regarding obligations, demands to comply with applicable agreements, demands to search for and return BOKF data, and demands to preserve all documents and tangible items pertaining to the transition of employment. Exhibit 3 (Email Transmitting Reminder and Demand Letter to Wise and Morgeson) and Exhibit 4 (Attached Letter dated 2018-03-23) with: Exhibit 5 (Sample 2018 Client Advisor Incentive Agreement); Exhibit 8 (2012-04-03 Davis Representative Agreement); Exhibit 9 (2006-06-21 Morgeson Del Cid Representative Agreement); Exhibit 7 (Sample Morgeson Del-Cid 2018 Sales/Security Specialist Incentive Agreement).

106.    On Sunday, March 25, 2018 at 4:20 p.m., counsel the Defendants responded to BOKF's demand letter through joint counsel, for all of the Defendants.   Exhibit 31.

107.   Not a single defendant has agreed to follow an agreement.

23

108.   Not a single defendant agreed to return confidential data.

109.   Wise has been using BOKF data to contact customers since resigning from BOKF.

110.   Wise been contacting BOKF customers since resigning from BOKF.

111.   Wise has been soliciting BOKF customers since resigning from BOKF.

112.   Upon information and belief, Wise has been assisting Davis in contacting customers.

113.   Upon information and belief, Wise has been assisting Davis in soliciting customers.

114.   Upon information and belief, Wise has been assisting Morgeson Del-Cid in contacting customers.

115.   Upon information and belief, Wise has been assisting Morgeson Del-Cid in soliciting customers.

116.   Davis has been using BOKF data to contact customers since resigning from BOKF.

117.   Davis has been contacting BOKF customers since resigning from BOKF.

118.   Davis has been soliciting BOKF customers since resigning from BOKF.

119.   Upon information and belief, Davis has been assisting Wise in contacting customers.

120.   Upon information and belief, Davis has been assisting Wise in soliciting customers.

121.   Upon information and belief, Davis has been assisting Morgeson Del-Cid in contacting customers.

122.   Upon information and belief, Davis has been assisting Morgeson Del-Cid in soliciting customers.

123.   Upon information and belief, Morgeson Del-Cid has been contacting BOKF customers since resigning from BOKF.

124.    Upon information and belief, Morgeson Del Sid has been soliciting BOKF customer since resigning from BOKF.

125.    Upon information and belief, Morgeson Del-Cid has been assisting Wise in contacting BOKF customers.

126.    Upon information and belief, Morgeson Del-Cid has been assisting Wise in soliciting BOKF customers.

127.    Upon information and belief, Morgeson Del-Cid has been assisting Davis in contacting customers.

128.    Upon information and belief, Morgeson Del-Cid has been assisting Davis in soliciting BOKF customers.

129.    Since resigning from BOKF, Wise has:

    a.  been contacting BOKF customers in spite of:

        i.  Wise's Incentive Agreement. Exhibit 5, 15, 16.

        ii.  Davis' Representative Agreement. Exhibit 8

        iii.  Davis' Incentive Agreements. Exhibit 5, 15, 16

        iv.  Morgeson Del-Cid's Representative Agreement. Exhibit 9

        v.  Morgeson Del-Cid's Incentive Agreement.   Exhibit 7.

    b.  been soliciting BOKF customers in spite of:

        i.  Wise's Incentive Agreement. Exhibit 5, 15, 16.

        ii.  Davis' Representative Agreement. Exhibit 8

        iii.  Davis' Incentive Agreements. Exhibit 5, 15, 16

        iv.  Morgeson Del-Cid's Representative Agreement. Exhibit 9

        v.  Morgeson Del-Cid's Incentive Agreement.   Exhibits 7.

    c. been supporting Davis in efforts to contact BOKF customers.

    d. been supporting Davis in efforts to solicit BOKF customers.

130. Since resigning from BOKF, Davis has:

    a. been contacting BOKF customers in spite of:

        i. Wise's Incentive Agreement. Exhibit 15.

        ii. Davis' Representative Agreement. Exhibit 8

        iii. Davis' Incentive Agreements. Exhibit 15

        iv. Morgeson Del-Cid's Representative Agreement. Exhibit 9.

        v. Morgeson Del-Cid's Incentive Agreement. Exhibit 7.

131. Since resigning from BOKF, Davis has:

    a. been soliciting BOKF customers in spite of:

        i. Wise's Incentive Agreement. Exhibit 5, 15, 16.

        ii. Davis' Representative Agreement. Exhibit 8.

        iii. Davis' Incentive Agreements. Exhibit 5, 15, 16

        iv. Morgeson Del-Cid's Representative Agreement. Exhibit 9

        v. Morgeson Del-Cid's Incentive Agreement. Exhibit 7.

    b. been supporting Wise in efforts to contact BOKF customers.

    c. been supporting Wise in efforts to solicit BOKF customers.

132. Since resigning from BOKF, Morgeson Del-Cid has:

    a. been contacting BOKF customers in spite of:

        i. Wise's Incentive Agreement. Exhibit 5, 15, 16.

        ii. Davis' Representative Agreement. Exhibit 8.

        iii. Davis' Incentive Agreements. Exhibit 5, 15, 16

        iv.  Morgeson Del-Cid's Representative Agreement. Exhibit 9

        v.  Morgeson Del-Cid's Incentive Agreement.   Exhibit 7.

   b.  been soliciting BOKF customers in spite of:

        i.  Wise's Incentive Agreement. Exhibit 5, 15, 16.

        ii.  Davis' Representative Agreement. Exhibit 8.

        iii.  Davis' Incentive Agreements. Exhibit 5, 15, 16.

        iv.  Morgeson Del-Cid's Representative Agreement. Exhibit 9.

        v.  Morgeson Del-Cid's Incentive Agreement.   Exhibit 7.

   c.  been supporting Wise in efforts to contact BOKF customers.

   d.  been supporting Wise in efforts to solicit BOKF customers.

   e.  been supporting Davis in efforts to contact BOKF customers.

   f.  been supporting Davis in efforts to solicit BOKF customers.

133.   The Defendants have been contacting BOKF customers in spite of:

   a.  Wise's Incentive Agreement. Exhibit 5, 15, 16.

   b.  Davis' Representative Agreement. Exhibit 8.

   c.  Davis' Incentive Agreements. Exhibit 5, 15, 16

   d.  Morgeson Del-Cid's Representative Agreement. Exhibit 9

   e.  Morgeson Del-Cid's Incentive Agreement.   Exhibit 7.

134.   The Defendants have been soliciting BOKF customers in spite of:

   a.  Wise's Incentive Agreement. Exhibit 5, 15, 16.

   b.  Davis' Representative Agreement. Exhibit 8.

   c.  Davis' Incentive Agreements. Exhibit 5, 15, 16

   d.  Morgeson Del-Cid's Representative Agreement. Exhibit 9

e.  Morgeson Del-Cid's Incentive Agreement.   Exhibit 7.

N.  **Irreparable Harm**

135.  BOKF incorporates Paragraphs 1 through 133 as if fully set forth in this section.

136.  Upon information and belief, the Defendants are in possession of BOKF's Confidential Information and Trade Secrets.

137.  The Defendants are using BOKF Confidential Information and Trade Secrets to contact and solicit customers.

138.  As set forth in Paragraph  103, Defendants have left BOKF customers:

a.  Under the impression that Bank of Texas sold to Hilltop; and

b.  Aware that the entire team left early on Friday morning (in spite of BOKF's right to advance notice).

c.  Disconcerted regarding contact from the Individual Defendants since their abrupt concerted departure from BOKF on Friday, March 23, 2018.

139.  Once a customer moves accounts, the BOKF customer relationship is lost and damages are ongoing.

140.  Customers are being confused by the Defendants' contacts.

141.  BOKF is losing customers and associated revenues

142.  BOKF's customer losses will extend well into the future.

143.  If left unrestrained, the Defendants, jointly and/or severally, will continue to use, disseminate or continue to use or disseminate BOKF's Confidential Information and Trade Secrets for the benefit of themselves or others, thereby, enabling the Individual Defendants and others to unfairly compete with BOKF in the  highly-competitive financial services industry.

144.  BOKF will suffer immediate and irreparable harm if the Individual Defendant's

28

misappropriation of BOKF's Confidential Information and Trade Secrets and violations of their confidentiality obligations to BOKF are not immediately enjoined.

## O.    RIGHT TO EQUITABLE RELIEF

145.    BOKF incorporates Paragraphs 1 through 143 as if fully set forth in this section.

### 1.    Likelihood of Success on the Merits.

146.    BOKF is likely to succeed on the merits of its claims because: (1) the Individual Defendants have misappropriated BOKF's valuable Confidential Information and Trade Secrets; (2) Defendants Davis and Morgeson Del-Cid have breached the valid and enforceable agreement to maintain as confidential BOKF's Confidential Information and Trade Secrets and return company property upon termination; and (3) the Individual Defendants have violated agreements not to solicit employees; and the Individual Defendants continue to violate Agreements Not to Solicit even after being provided copies of the agreements.

147.    The non-solicitation provisions at issue are reasonable and narrow in scope as they are limited to one year following termination of employment and limited to prohibit only the direct solicitation of established BOKF customers and/or employees.

148.    The solicited customers were established BOKF customers.

149.    BOKF will also likely prevail on its claims that Defendants have misused BOKF's Confidential Information and Trade Secrets.  Defendants could not have made direct contact with BOKF customers without the use of BOKF's customer list or customer contact information.

### 2.    Irreparable Harm.

150.    As set forth in Section L, ¶¶ 82-103, and ¶ 88 in particular, the Defendants are misusing BOKF confidential information.

151.    As set forth in Section L, ¶¶ 82-103, and ¶ 103 in particular, contacting and soliciting BOKF customers to BOKF's detriment.

152.    BOKF's business opportunities, competitive advantages, Confidential Information and Trade Secrets, and relations with its customers, employees, and other business associates will be irreparably harmed if injunctive relief is not entered.

### 3.    Equities of the Parties and Public Policy.

153.    BOKF will suffer far greater harm if injunctive relief is not granted than the Defendants will suffer if injunctive relief is granted. By contrast, Defendants will suffer minimal harm and will simply be required to not use the Confidential Information and Trade Secrets of BOKF.

154.    Granting injunctive relief serves the public interest.

155.    FINRA's recognition of the propriety of injunctive relief tips the balance of equities strongly in BOKFS' favor because all parties are subject to FINRA regulation.  FINRA expressly approves of pre-arbitration injunctive relief to preserve the status quo pending resolution of the claims on their merits.

### Count 1.

### (Injunctive Relief Pursuant)[6]

156.    BOKF restates, realleges, and incorporates herein by reference all paragraphs of this Complaint.

157.    By virtue of the foregoing, BOKF has demonstrated a likelihood of success on the merits on the claims pled herein and that a balancing of the equities favors the issuance of a temporary restraining order, preliminary injunction, and permanent injunction against

---

[6] BOKF has filed this same date an Emergency Application seeking Injunctive Relief.

Defendants.

158.    The alleged misconduct of Defendants, described hereinabove, by virtue of the direct customer solicitation and misuse of BOKF Confidential Information, if allowed to continue, will irreparably harm and injure BOKF during the pendency of this action.

159.    The Hilltop Defendants are liable for their own acts and omissions, as well as the acts and omissions of the Individual Defendants described herein, pursuant to the doctrine *respondent superior*.

160.    Defendants' misconduct, described hereinabove, if allowed to continue, would violate BOKF's rights, including but not limited to, BOKF's rights arising from: (i) the Agreements described herein, and (ii) the common law and statutory causes of action asserted herein.

161.    As set forth above, unless the Court issues a temporary restraining order herein preserving the *status quo*, Defendants will continue to irreparably harm the business and affairs of BOKF.  This alleged misconduct is imminent and ongoing and will irreparably harm BOKF before Defendants and/or their counsel can be heard in opposition thereto.

162.    The nature of the damages incurred by BOKF through Defendants' alleged misconduct is and will continue to be unique, irreparable, and immediate as set forth above, and will afford BOKF no adequate remedy at law because of the unique nature of the damages and injuries.

163.    Injunctive relief is appropriate for the immediate and ongoing harm being caused by the Defendants.

164.    Representatives agreed in the Representative Agreement, that the non-solicitation obligations may be enforced by temporary and permanent injunctive relief.

165.    BOKF hereby respectfully applies to the Court for a Temporary Restraining Order, for a preliminary injunction during the pendency of this litigation and, thereafter, for a permanent injunction, ordering Defendants to refrain from doing any or all of the following, either directly or indirectly, acting individually or in concert, or with the assistance of any other person:

a.    directly soliciting in any manner (by telephone, mail, internet, e-mail or any other type of communication) any securities business from any established client or customer of BOKF;

b.    making or participating in any mail or email communication to a BOKF customer which is not part of a mass mailing to a public of which established customers of BOKF are an insignificant part the purpose of which was not to communicate with established customers of BOKF and (ii) having or participating in any meeting with or making or participating in telephone call to such customer unless such customer was an established social friend of the Representative and the purpose of the telephone call was strictly social.

c.    using, disclosing, or transmitting for any purpose, including solicitation of said clients or customers, the information contained in the BOKF Confidential Information, including, but not limited to, the names, addresses, and confidential financial information of the clients or customers referenced therein; and that all original records and copies and/or other reproductions thereof, in whatever form, be returned to BOKF immediately;

d.    ordering Defendants to provide a list of all BOKF customers

to whom Defendants have contacted or solicited, either directly or indirectly, and a script of such contacts;

      e.    ordering Defendants to return immediately all BOKF Confidential Information in their possession;

      f.    and all other such acts as this Court deems appropriate for injunctive relief.

Based on the foregoing, BOKF prays for entry of a temporary restraining order, for a preliminary injunction during the pendency of this litigation and, thereafter, for a permanent injunction, in its favor.

**Count II.**
**Violation of the Defend Trade Secrets Act**
**18 U.S.C. § 1831, et. seq.**

166.   BOKF incorporates and realleges the allegations contained in ¶¶s 1-164 above as if fully set forth herein.

167.   BOKF owns valuable Confidential Information and Trade Secrets, including but not limited to, customer lists and data, and confidential and proprietary business information and methods.

168.   BOKF has spent significant time and money developing such Confidential Information and Trade Secrets.

169.   The Confidential Information and Trade Secrets are kept confidential and not publicly disclosed.

170.   BOKF provided the Individual Defendants access to and use of its Confidential Information and Trade Secrets in the course of each of their long-term employment.

171.   The Confidential Information and Trade Secrets to which the Individual Defendants

had access is related to BOKF's financial services that are used in, or intended for use in, interstate or foreign commerce.

172.    Misappropriation of this type of information undermines BOKF's competitive position in the highly competitive financial services industry.

173.    The Individual Defendants misappropriated BOKF's Confidential Information and Trade Secrets in order to benefit themselves and the Hilltop Defendants.

174.    The Individual Defendants misappropriated BOKF's Confidential Information and Trade Secrets in order to benefit the Hilltop Defendants.

175.    The Individual Defendants misappropriated BOKF's Confidential Information and Trade Secrets in order to benefit themselves and the Hilltop Defendants.

176.    The Defendants' use of BOKF's Confidential Information and Trade Secrets to contact BOKF's customers is done knowingly, willfully, and intentionally without the consent of BOKF.

177.    Use of BOKF confidential information:

      a.  Has caused immediate and irreparable harm to BOKF; and

      b.  Will continue to cause immediate and irreparable harm to BOKF.

178.    Pursuant to § 1836 of the Defend Trade Secrets Act, BOKF is entitled to injunctive relief from this Court.

179.    As a direct and proximate result of Defendants' actions and inactions, BOKF has been harmed and will continue to be harmed by the Defendants' actions and inactions as set forth herein and seeks damages related to the harm caused thereby in an amount to be proven at trial (or arbitration as applicable).

180.    As a direct and proximate result of Defendants' actions, BOKF has suffered or will

suffer damages in an amount in excess of $75,000.00.

**Count III.**
**Violation of the Texas Uniform Trade Secrets Act**
**Tex. Civ. Prac. & Rem. Code § 134A.001 et. seq.**

181.    BOKF incorporates and realleges the allegations contained in ¶¶s 1-179 above as if fully set forth herein.

182.    By virtue of Wise's employment relationship with BOKF, Wise was obligated to maintain the confidentiality of BOKF's Confidential Information and Trade Secrets.

183.    By virtue of Davis' employment relationship with BOKF, Davis was obligated to maintain the confidentiality of BOKF's Confidential Information and Trade Secrets.

184.    By virtue of Morgeson Del-Cid's employment relationship with BOKF, Morgeson Del-Cid was obligated to maintain the confidentiality of BOKF's Confidential Information and Trade Secrets.

185.    Defendant Wise acknowledged Wise's confidentiality obligations to BOKF in Wise's attestation to the Standards of Conduct.

186.    Defendant Davis acknowledged Wise's confidentiality obligations to BOKF in Davis' attestation to the Standards of Conduct.

187.    Defendant Davis and acknowledged confidentiality obligations to BOKF in Davis' Representative Agreement.

188.    Defendant Morgeson Del-Cid acknowledged confidentiality obligations to BOKF in Wise's attestation to the Standards of Conduct.

189.    Defendant Morgeson Del-Cid acknowledged Morgeson Del-Cid's confidentiality obligations to BOKF in Davis' Representative Agreement.

190.    BOKF requires its employees to keep confidential BOKF's customer information

35

and trade secrets.

191.   BOKF employees are obligated to adhere to Standards of Conduct which include confidentiality obligations.  BOKF employees are obligated to regularly attest to Standards of conduct.

192.   BOKF employees certify (make promises) to keep customer information private, BOKF's Confidential Information and Trade Secrets are kept confidential and are not publicly disclosed.

193.   BOKF derives economic and financial value from the confidentiality of its Confidential Information and Trade Secrets.

194.   The Individual Defendants have misappropriated BOKF's Confidential Information and Trade Secrets, including the use of customer lists to contact BOKF customers, in violation of the Texas Uniform Trade Secrets Act.

195.   The Individual Defendants have disclosed and will continue to disclose and use BOKF's Confidential Information and Trade Secrets to compete directly against BOKF.

196.   This misappropriation is unauthorized and conducted with the specific intent to harm BOKF and exploit BOKF's competitive advantage.

197.   The Individual Defendants have been unjustly enriched as a result of their misappropriation.

198.   The threatened and actual injuries that BOKF has suffered and will suffer are immediate and irreparable.  Because of the difficulty in quantifying injury and harm to BOKF's ability to compete, acquire and maintain a competitive advantage through its Confidential Information and Trade Secrets.  The Individual Defendants' wrongful use of such Confidential Information and Trade Secrets cannot be adequately compensated by

damages alone.

199.    BOKF lacks an adequate and compete remedy at law and an equitable remedy is appropriate to protect the economic and financial value of BOKF's Confidential and Trade Secrets from the Defendants' misappropriation.

200.    Pursuant to § 134A.003 of the Texas Uniform Trade Secrets Act, BOKF is entitled to injunctive relief from this Court.

201.    As a direct and proximate result of Defendants' actions and inactions, BOKF has been harmed and will continue to be harmed by the Defendants' actions and inactions as set forth herein and seeks damages related to the harm caused thereby in an amount to be proven at trial (or arbitration as applicable).

202.    As a direct and proximate result of Defendants' actions, BOKF has suffered or will suffer damages in an amount in excess of $75,000.00.

**Count IV.**
**Breach of Contract By the Individual Defendants**

203.    BOKF incorporates and realleges the allegations contained in ¶¶ 1-202 above as if fully set forth herein.

204.    BOKF promised to provide confidential information, strategies, and training to the Individual Defendants.

205.    BOKF provided confidential information and strategies and training to the Individual Defendants.

206.    Wise promised and agreed to abide by the terms of the Agreements in consideration for the compensation, benefits, training, employment and opportunities provided by BOKF.

207.    Davis promised and agreed to abide by the terms of the Agreements in

consideration for the compensation, benefits, training, employment and opportunities provided by BOKF.

208.    Morgeson promised and agreed to abide by the terms of the Agreements in consideration for the compensation, benefits, training, employment and opportunities provided by BOKF.

209.    Wise breached the Agreements in the following ways:

    a.  Participating in the failure to furnish 30-day notice of termination of the Agreements;

    b.  directly soliciting established BOKF customers in wrongful conspiracy with the Hilltop Defendants; and,

    c.  removing and failing to return immediately, and wrongfully converting and using, BOKF Confidential Information; and

    d.  conspiring to breach Agreements.

210.    Davis breached the Agreements in the following ways:

    a.  failing to furnish 30-day notice of termination of the Agreements;

    b.  directly soliciting established BOKF customers in wrongful conspiracy with the Hilltop Defendants; and,

    c.  removing and failing to return immediately, and wrongfully converting and using, BOKF Confidential Information; and

    d.  conspiring to breach Agreements.

211.    Morgeson Del-Cid breached the Agreements in the following ways:

    a.  failing to furnish 30-day notice of termination of the Agreements;

    b.  directly soliciting established BOKF customers in wrongful

conspiracy with the Hilltop Defendants; and,

    c.   removing and failing to return immediately, and wrongfully converting and using, BOKF Confidential Information; and

    d.   conspiring to breach Agreements.

212.   Each of the Defendants, by concerted action, and in conspiracy with the Defendants assisted Wise, Davis and Morgeson Del-Cid, in their breaches and violations.

213.   The Hilltop Defendants, by concerted action, and in conspiracy with the Defendants assisted Wise, Davis, and Morgeson Del-Cid, in their breaches and violations.

214.   As a direct and proximate result of Defendants' actions and inactions, BOKF has been harmed and will continue to be harmed by the Defendants' actions and inactions as set forth herein and seeks damages related to the harm caused thereby in an amount to be proven at trial (or arbitration as applicable).

215.   As a direct and proximate result of (i) the Individual Defendants breaches of duties of loyalty, and (ii) breaches of the Agreements, and (iii) their concerted action and conspiracy, BOKF has suffered or will suffer damages in excess of $75,000.00.

**Count V.**
**Reliance/Estoppel**

216.   BOKF incorporates and realleges the allegations contained in ¶¶s 1-215 above as if fully set forth herein.

217.   The Individual Defendants each made promises to BOKF as set forth in this Complaint.

218.   The Individual Defendants each reasonably expected BOKF to rely (to take certain actions and/or to forbear certain actions) upon the promises of the Individual Defendants,

taking certain actions and/or forbearing certain actions.

219.    BOKF relied on the promises of each of the Individual Defendants, taking certain actions and/or forbearing certain actions.

220.    Injustice can only be avoided by enforcement of each of the Individual Defendants' promises.

221.    As a direct and proximate result of Defendants' actions and inactions, BOKF has been harmed and will continue to be harmed by the Defendants' actions and inactions as set forth herein and seeks damages related to the harm caused thereby in an amount to be proven at trial (or arbitration as applicable).

222.    As a direct and proximate result of Defendants' actions, BOKF has suffered or will suffer damages in an amount in excess of $75,000.00.

### Count VI.
### Unjust Enrichment

223.    BOKF incorporates and realleges the allegations contained in ¶¶s 1-222 above as if fully set forth herein.

224.    The Individual Defendants have wrongfully retained and utilized the benefits of BOKF's Confidential Information and Trade Secrets to benefit themselves in their new working relationships with the Hilltop Defendants.

225.    The benefits wrongfully utilized by the Individual Defendants enrich themselves and the Hilltop Defendants to the loss and detriment of BOKF.

226.    BOKF is entitled to recover the value of the benefits wrongfully retained and utilized by the Defendants.

227.    The Individual Defendants would be unjustly enriched if allowed to retain incentive compensation to the extent Incentive Agreements and the agreements not to solicit

contained therein are not enforced.

228.    The Individual Defendants would each be unjustly enriched by the wrongful conduct of another individual Defendant due to compensation and/or revenue sharing arrangements.

229.    Upon information and belief, if a Representative Agreement for Wise is not located, BOKFS made efforts to ensure that all of its Registered Representatives returned Representative Agreements. By Wise's continued employment with BOKF and Wise's acceptance of BOKF's performance of its obligations under the terms of a Representative Agreement, without which Wise could not have continued working and/or receiving commissions from BOSC, Inc., as a registered representative, Wise made an implied promise to adhere to the terms of the Representative Agreement that was relied upon by BOKF.

230.    Wise would be unjustly enriched to BOKF's detriment if allowed to retain the benefits of a Representative Agreement, if the terms of the Representative Agreement are not enforced in favor of BOKF.

231.    As a direct and proximate result of Defendants' actions and inactions, BOKF has been harmed and will continue to be harmed by the Defendants' actions and inactions as set forth herein and seeks damages related to the harm caused thereby in an amount to be proven at trial (or arbitration as applicable).

232.    As a direct and proximate result of Defendants' actions, BOKF has suffered or will suffer damages in an amount in excess of $75,000.00.

**Count VII.**
**Tortious Interference with Contracts and Business Expectancies by the Hilltop**
**Defendants**

233.   BOKF incorporates and realleges the allegations contained in ¶¶s 1-232 above as if fully set forth herein.

234.   BOKF has valid and enforceable contracts with:

    a. Wise;
    b. Davis;
    c. Morgeson Del-Cid.

235.   BOKF has valid contracts and business expectancies with customers.

236.   The Hilltop Defendants knew of BOKF's contracts with the Individual Defendants.

237.   The Hilltop Defendants knew of BOKF's business expectancies with customers.

238.   The Hilltop Defendants knew that the contracts were intended to protect BOKF's substantial investment in its business operations, customers, and employees.

239.   The Hilltop Defendants encouraged, induced, facilitated, abetted and intended the Individual Defendants to breach their contracts with BOKF.

240.   The Hilltop Defendants encouraged, induced, facilitated, and abetted, misuse of the Confidential Information and Trade Secrets misappropriated by the Individual Defendants to the pecuniary benefit of the Hilltop Defendants.

241.   As a direct and proximate result of Defendants' actions and inactions, BOKF has been harmed and will continue to be harmed by the Defendants' actions and inactions as set forth herein and seeks damages related to the harm caused thereby in an amount to be proven at trial (or arbitration as applicable).

242.   As a direct and proximate result of Defendants' actions, BOKF has suffered or will suffer damages in an amount in excess of $75,000.00.

**Count VIII. Breach of Duty of Loyalty**

243.   BOKF incorporates and realleges the allegations contained in ¶¶s 1-242 above as if fully set forth herein.

244.   The Individual Defendants owed a duty of loyalty to BOKF.

245.   The Individual Defendants violated their duties of loyalty to BOKF soliciting  one another in breach of respective agreements in favor of BOKF.

246.   The Individual Defendants wrongfully misappropriated BOKF's Confidential Information and Trade Secrets, including customer lists now being used to solicit BOKF customers.

247.   The Individual Defendants ignored their obligations not to solicit BOKF customers.

248.   The Individual Defendants engaged in a concerted plan to leave BOKF without notice in violation of agreements in favor of BOKF.

249.   The Individual Defendants have breached their duties of loyalty to BOKF.

250.   As a direct and proximate result of Defendants' actions, BOKF has been harmed and will continue to be harmed by the Defendants' actions and inactions as set forth herein and seeks damages related to the harm caused thereby in an amount to be proven at trial (or arbitration as applicable).

251.   As a direct and proximate result of Defendants' actions, BOKF has suffered or will suffer damages in an amount in excess of $75,000.00.

## Count IX.

## Conspiracy

252.   BOKFS restates, realleges, and incorporates herein by reference all of the allegations contained in Plaintiff BOKF's Complaint including paragraphs 1 through 251 above.

253.    Each of the Defendants has, individually and/or jointly, encouraged BOKF customers to leave their relationship with BOKF.

254.    The interference by each of the defendants, individually and/or jointly, did cause actual loss to BOKF for which BOKF seeks damages here.

255.    The interference by each of the defendants, individually and/or jointly, will cause actual loss to BOKF for which BOKF seeks damages here.

256.    In committing the acts described hereinabove, Defendants conspired to combine and act in concert with the intent to wrongfully interfere with BOKF'S economic, business and contractual relations, rights and interests.

257.    Defendants acted intentionally, with malice and with reckless disregard for BOKF's rights.

258.    As a direct and proximate result of Defendants' actions, BOKF has been harmed and will continue to be harmed by the Defendants' actions and inactions as set forth herein and seeks damages related to the harm caused thereby in an amount to be proven at trial (or arbitration as applicable).

259.    As a direct and proximate result of Defendants' wrongful conspiracy, BOKF has suffered or will suffer damages in an amount in excess of $75,000.00.

## PRAYER FOR RELIEF

### Injunctive Relief

WHEREFORE, Plaintiffs BOKF, NA and BOK Financial Securities, Inc. as the legal successor in interest to BOSC, Inc., individually and jointly, respectfully request that this Court award injunctive relief to them in the form of an Order:

a.    Requiring the Individual Defendants to immediately return and

deliver to the Plaintiffs all tangible property and information in hard copy form;

      b.    Requiring the Individual Defendants to preserve all electronically stored BOKF Confidential Information and Trade Secrets and each tangible item upon which confidential information is contained;

      c.    Requiring the Individual Defendants to allow a third-party forensic vendor to image all electronic devices and systems the Individual Defendants have used since January 1, 2018, to identify any BOKF Confidential Information and Trade Secrets existing on those devices and to, one the parties are satisfied that all evidence has been forensically preserved and this matter has concluded, delete thereafter all BOKF Confidential Information and Trade Secrets existing on those devices;

      d.    Enjoining the Individual Defendants from (i) misappropriating, using or disclosing to any person or entity BOKF's Confidential Information and Trade Secrets or (ii) possessing any original or copies of BOKF's Confidential and Trade Secrets in any form;

      e.    Enjoining the Defendants from contacting BOKF customers for thirty (30) days;

      f.    Enjoining the Individual Defendants from soliciting BOKF'S customers;

      g.    Enjoining the Defendants from soliciting BOKF employees in violation of applicable agreements.

      h.    Granting to BOKF such other and further relief that this Court deems just and proper.

**Non-Injunctive Relief**

WHEREFORE, collective Plaintiff BOKF, requests that this Court award judgment for BOKF[7] and against the Defendants as requested herein, for prejudgment and post judgment interest, for attorney's fees and costs, and for such other relief as this Court shall deem just and proper.

**Demand for Trial By Jury**

**BOKF demands a trial by jury for non-equitable claims.**

---

[7] BOKFS does not seek non-injunctive relief on its claims against FINRA Member firms in this Forum as BOKFS will have filed a FINRA Statement of Claim as discussed at the outset of the Complaint. .

Respectfully submitted,


s/John D. Clayman
Frederic Dorwart, OBA # 2436*
Erica Anne Dorwart, OBA #18367*
John D. Clayman
Texas Bar Number 24066338
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
jclayman@fdlaw.com
(918) 583-9922 (Tel.)
(918) 584-2729 (Fax)

* These attorneys will likely seek pro hac vice admission.

Brett S. Field
Texas Bar Number 24050596
STROMBERG STOCK
8750 N. Central Expressway
Suite 625
Dallas, Texas  75231
(972) 458-5353 (Tel.)
(972) 861-5339 (Fax)
brett@strombergstock.com

Attorneys for Plaintiffs, BOKF, NA and BOK Financial Securities, Inc.

## VERIFICATION

State of Texas           §
                         § ss.
County of Dallas         §

I, Patrick J. Staudt, Senior Vice President of BOKF, NA, upon being duly sworn and upon oath, state that I have read and reviewed the factual allegations contained in the foregoing document provided above and they are true and correct based upon my personal knowledge and belief.

_____

Patrick J. Staudt
Senior Vice President

Subscribed to and sworn to before me this 30th day of March, 2018, by Patrick J. Staudt, Senior Vice President of BOKF, NA.

_____
Notary Public

MELODY WHITUS
Notary Public, State of Texas
Comm. Expires 11-21-2020
Notary ID 632760-0

## CERTIFICATE OF SERVICE

On March 30, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

Rick Illmer, TX 10388350
Chad Johnson, TX 24026259
Husch Blackwell, LLP
2001 Ross Avenue Suite 2000
Dallas, Texas 75201-2995
Rick.illmer@huschblackwell.com
Chad.Johnson@huschblackwell.com
214-999-6112 (Illmer)
214-999-6173 (Johnson)


Counsel for all Defendants


/s/ John D. Clayman
John D. Clayman