## BOSC, INC.
## REPRESENTATIVE AGREEMENT

This Agreement is made and entered into this **3** day of **April**, **2012** by and between BOSC, Inc., an Oklahoma Corporation ("BOSC") and **Ronnie Davis JR** ("Representative").

In consideration of the mutual promises hereinafter made and other good and valuable consideration (the receipt and adequacy of which BOSC and Representative hereby acknowledge), BOSC and Representative agree as follows:

1. **BOSC'S OBLIGATIONS**. BOSC:

    A. Hereby appoints Representative as its agent to be located in a branch office of **Bank of Texas** (hereinafter "FI") located at **5956 Sherry Ln, Suite 700, Dallas, TX 75225** ("Branch Office") to solicit purchases of securities and investments offered through BOSC to depositors and customers of FI and to the general public.

    B. Shall exercise exclusive control over the Representative with respect to all aspects of securities transactions and related securities business through a Series 24 licensed principal of BOSC who shall serve as the Branch Manager ("Branch Manager") of the Office of Supervisory Jurisdiction through which all securities activities shall take place.

    C. BOSC shall employ Representative as a professional with compensation to be paid to Representative pursuant to separate agreement between BOSC and Representative and in accordance with the policies and procedures then in effect at BOSC.

2. **THE REPRESENTATIVE'S OBLIGATIONS**. The Representative:

    A. Shall provide to prospective purchasers a current prospectus or other offering materials when required by the federal and/or state securities laws, shall explain fully the terms of any security or investment offering for sale to a customer, shall make no untrue or misleading statements or representations, shall not omit any material information or facts pertaining to any aspect of the transaction or sale, and shall comply with all laws respecting offers and sales of securities and advising persons on such matters.

    B. Shall (i) conduct business in accordance with the rules and regulations of the Securities and Exchange Commission (SEC), the National Association of Securities Dealers (NASD), any state agencies regulating Representative's activities, (ii) conduct business in accordance with the policies and procedures of BOSC and the best customs and procedures of the securities industry, (iii) shall not conduct business or receive funds until fully licensed as required by all such laws, rules and regulations, and (iv) shall accept such supervision and



control by his/her Branch Manager and officers of BOSC as BOSC determines is necessary or appropriate to fully and timely comply with all such laws, regulations, rules, customs and procedures. Without limiting the generality of the foregoing, shall not, directly or indirectly, (i) engage in municipal securities business with an issuer to whom the Representative has made a political contribution within the previous two years (other than a contribution in an amount less than $250 to an official of such issuer for whom the Representative is entitled to vote) or (ii) make a political contribution to any issuer to whom the Representative is engaging or seeking to engage in the municipal securities business.

C. Shall (i) mail any correspondence, make any communication or cause any advertising to be made respecting investments or the investment business only after said correspondence, communication or advertising is approved in advance by BOSC and (ii) provide copies of all such correspondence, communication and advertising to BOSC in accordance with all applicable SEC, NASD and state agencies rules and regulations.

D. Shall accept payments from customers by check or money order only payable to the underwriter, investment company or insurance company designated by BOSC.

E. Shall indemnify BOSC and hold BOSC harmless from any and all loss, cost or liability (including legal, accounting and expert fees and expenses) which result from the Representative's negligence, violation, or other misconduct.

F. Shall not act in any manner whatsoever as an agent for any individual or entity competitive in any respect with BOSC.

G. Shall (i) represent to all customers and prospective customers, whenever he/she is soliciting purchases or interviewing customers or otherwise, that (a) he/she is acting as a Representative of BOSC and (b) all orders for securities will be placed through BOSC and (ii) conduct all business totally separate and distinct from all other business conducted at the FI.

H. Shall conduct himself/herself and his/her affairs in a professional manner consistent with the building of a quality reputation for himself/herself and BOSC and in accordance with the best standards of the industry.

I. Recognizes that (i) he/she shall accept direction for BOSC securities activities solely from BOSC in accordance with BOSC's policies and procedures, and (ii) will neither seek nor accept direction regarding the conduct of securities business from any individual or group who is not a duly authorized BOSC Branch Manager or BOSC officer.

J. Shall not (i) directly solicit any established customer of BOSC for a period of one (1) year after the termination of this Agreement (for whatever reason,

whether with or without cause) or (ii) solicit any employee of BOSC to accept employment with any entity for a period of one (1) year after termination of this Agreement (for whatever reason, whether with or without cause). This promise by Representative may be enforced by temporary, preliminary and permanent injunctive relief without the necessity of establishing irreparable injury and without the posting of any bond, in addition to any other remedies the law may provide. Without limiting the generality of the provisions of this paragraph, the phrase "directly solicit any established customer of BOSC" includes (i) making or participating in any mail or e-mail communication to such customer which is not part of a mass mailing to a public of which established customers of BOSC are an insignificant part the purpose of which was not to communicate with established customers of BOSC and (ii) having or participating in any meeting with or making or participating in telephone call to such customer unless such customer was an established social friend of the Representative and the purpose of the telephone call was strictly social.

K.  Shall, immediately upon termination of this Agreement, deliver to BOSC all copies of all documents and electronic files concerning the business (including training, licensure, commission, and production information) of BOSC and/or FI and/or customers of BOSC and/or FI including all electronic files and documents (whether prepared by BOSC and/or FI or the Representative and whether prepared before or after the start of this Agreement) containing any information respecting the identities of the customers of BOSC and/or FI or their addresses or telephone numbers, or the nature or amounts of their investments, assets or liabilities, or their investment needs or strategies. Without limiting the generality of the provisions of this Paragraph, as used in this Paragraph the words "documents and electronic files concerning the business of BOSC" includes all documents identified in the BOSC Quarterly Certification, diaries, handwritten notes, address books, calendars, and other documents (written or electronic and whether or not Representative regards such documents as his/her personal documents) which contain any of the information described in the Paragraph whether prepared by Representative or BOSC.

L.  Shall completely perform all duties (including the duty of loyalty) owed by Representative to his prior employer until such time as such duties shall have terminated, return to his employer all copies and electronic files of his prior employer (of the kind described in the preceding paragraph relating to the business of his prior employer, and comply with all lawful agreements limiting the Representative's right to engage in the securities business.

M.  During Representative's employment under this Agreement, BOSC shall make available to Representative and Representative will become acquainted with various information relating to the BOSC's business operations, customers, products, marketing data, business plans, strategies, employees, contracts, financial records and accounts, projections and budgets, and similar information which are crucial to BOSC. Representative agrees that to the extent such information is not generally available to the public and gives BOSC an

advantage over competitors who do not know of or use such information, such information and documents shall be deemed trade secrets of the BOSC. Representative further agrees that all such information and documents relating to the business of the BOSC, whether they are prepared by Representative or coming into Representative's possession in any other way, are owned by the BOSC and shall remain the exclusive property of the BOSC. Representative shall not misuse, misappropriate or disclose such trade secrets of BOSC, directly or indirectly, or use them for Representative's own benefit, either during the term of this Agreement or at any time thereafter, except as may be necessary or appropriate in the course of Representative's employment with the BOSC, unless such action is either previously agreed to in writing by the BOSC or required by law.

3. **LIMITED OF AUTHORITY AND REPRESENTATIVE'S REPRESENTATION.**

   A. The Representative is a limited agent of BOSC only and has no authority to bind BOSC in any way except to communicate to customers materials supplied by BOSC and to accept transactions in securities offered through BOSC.

   B. The Representative hereby represents that he/she has delivered to BOSC true copies of all agreements by which Representative may be bound which purport to limit the ability of Representative to engage in the securities business.

4. **TERMINATION OF AGREEMENT.**

   A. The effective date of this Agreement shall be _April 3, 2012_. This Agreement shall automatically renew on the April 15 next following and on each April 15 thereafter for one year periods unless this Agreement is terminated as hereafter provided.

   B. This Agreement may be terminated by either party at any time, without cause, by but only by, giving thirty (30) days written notice to the other party.

   C. This Agreement shall automatically terminate (i) upon cancellation of Representative's coverage by his/her surety company or (ii) upon cancellation or non-renewal of any required license.

   D. This Agreement may be terminated by BOSC at any time without notice for a breach of this Agreement by the Representative.

   E. The death of the Representative shall automatically terminate this Agreement on the date of death.

   F. Upon termination, the Representative shall cease using the name BOSC, shall no longer hold himself/herself out as a Representative and shall return all materials bearing the BOSC name to BOSC and as otherwise provided herein

- 4 -

5. **MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions shall apply to this Agreement:

   A. All notices or advices required or permitted to be given by or pursuant to this Agreement, shall be given in writing. All such notices and advices shall be (i) delivered personally, (ii) delivered by facsimile or delivered by U.S. Registered or Certified Mail, Return Receipt Requested mail, or (iii) delivered for overnight delivery by a nationally recognized overnight courier service. Such notices and advices shall be deemed to have been given (i) the first business day following the date of delivery if delivered personally or by facsimile, (ii) on the third business day following the date of mailing if mailed by U.S. Registered or Certified Mail, Return Receipt Requested, or (iii) on the date of receipt if delivered for overnight delivery by a nationally recognized overnight courier service. All such notices and advices and all other communications related to this Agreement shall be given as follows:

   If to BOSC:

   Scott Grauer
   BOSC, Inc.
   Williams Tower, Ninth Floor
   Tulsa, Oklahoma 74103
   918-595-3165 - Tel
   918-588-6510 - Fax

   If to Representative:

   Ronnie Davis OA
   5956 Sherry Ln Suite 700
   Dallas, TX 75225
   214-932-3081 - Telephone
   214-346-3943 - Fax

   or to such other address as the party may have furnished to the other parties in accordance herewith, except that notice of change of addresses shall be effective only upon receipt.

   B. This Agreement shall be deemed made and executed in Tulsa County, Oklahoma.

   C. This Agreement shall be subject to, and interpreted by and in accordance with, the laws (excluding conflict of law provisions) of the State of Oklahoma.

   D. This Agreement is the entire Agreement of the parties respecting the subject matter hereof. There are no other agreements, representations or warranties, whether oral or written, respecting the subject matter hereof.

- 5 -

APP. 0005

E. No course of prior dealings involving any of the parties hereto and no usage of trade shall be relevant or advisable to interpret, supplement, explain or vary any of the terms of this Agreement, as expressly provided herein.

F. This Agreement, and all the provisions of this Agreement, shall be deemed drafted by all of the parties hereto. This Agreement shall not be interpreted strictly for or against any party, but solely in accordance with the fair meaning of the provisions hereof to effectuate the purposes and interest of this Agreement.

G. Each party hereto has entered into this Agreement based solely upon the agreements, representations and warranties expressly set forth herein and upon his own knowledge and investigation.

H. Each of the persons signing below on behalf of a party hereto represents and warrants that he or she has full requisite power and authority to execute and deliver this Agreement on behalf of the party for whom he or she is signing and to bind such party to the terms and conditions of this Agreement.

I. This Agreement may be executed in counterparts, each of which shall be deemed an original. This Agreement shall become effective only when all of the parties hereto shall have executed the original or counterpart hereof. This agreement may be executed and delivered by a facsimile transmission of a counterpart hereof.

J. In any action brought by a party hereto to enforce the obligations of any other party hereto, the prevailing party shall be entitled to collect from the opposing parties to such action such party's reasonable attorneys fees and costs (including court costs, reasonable fees of accountants and experts, and other expenses incidental to the action).

K. This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns. This is not a third party beneficiary contract. No person or entity other than a party hereto shall have any rights under this Agreement. This Agreement may be amended or modified only in a writing which specifically references this Agreement.

BOSC, INC.

By _____
SCOTT B. GRAUER, CEO

_____

"Representative" Ronnie Davis JR

- 6 -

APP. 0006

## AMENDMENT TO BOSC, INC. REPRESENTATIVE AGREEMENT

The BOSC, Inc. Representative Agreement dated as of 4-3-12 (the "Agreement"), among BOSC, Inc., an Oklahoma Corporation ("BOSC") and Ronnie Davis JR (the "Representative") shall be amended as set forth below.

### Amendment.

1. **BOSC's OBLIGATIONS.** The following Paragraph D shall be inserted immediately following Paragraph C of the Agreement:

   D. With respect to Representative's engagement to solicit advisory clients, shall: provide certain training and supervision over Representative's advisory practices, provide copies of the appropriate Form(s) ADV – Part II and related schedules, and any updates thereof and provide a copy of the advisory agreement and support during contract negotiations.

2. **THE REPRESENTATIVE'S OBLIGATIONS.** The following Paragraph N shall be inserted immediately following Paragraph M of the Agreement:

   N. With respect to Representative's engagement to solicit advisory clients, shall: identify and solicit potential advisory clients, provide such potential client a copy of the appropriate Form(s) ADV – Part II and related schedules, and any updates thereof, and obtain, at or prior to the time such client enters into an advisory agreement, an acknowledgement that such client has received a copy of Form ADV – Part II and related schedules, provide ongoing services that are reasonably designed to support retention of such clients, and only use the advisory agreement and written materials that have been provided and approved and only make representations that have been so approved.

*Entire Agreement.* The Agreement, as amended herein, constitutes the entire agreement and understanding of the parties with respect to its subject matter and supersedes all oral communications or prior writings (except as otherwise provided herein) with respect thereto.

*Governing Law.* This Amendment shall be governed by and construed in accordance with the laws of the State of Oklahoma without reference to choice of law doctrine.

**IN WITNESS WHEREOF,** the parties hereto have caused this Amendment to be executed as of the date first above written and do each hereby warrant and represent that their respective signatory, whose signature appears below, has been and is on the date of this Amendment duly authorized by all necessary and appropriate corporate action to execute this Amendment.

APP. 0007

BOSC, Inc.

By: _____  By: _____

Name: SCOTT B. GRAUER       Name: Ronnie Davis JR

Title: CEO                  Title: Representative

## BOSC, INC.
## REPRESENTATIVE AGREEMENT

This Agreement is made and entered into this 21st day of June, 2006 by and between BOSC, Inc., an Oklahoma Corporation ("BOSC") and Melissa Jo Morgeson ("Representative").

In consideration of the mutual promises hereinafter made and other good and valuable consideration (the receipt and adequacy of which BOSC and Representative hereby acknowledge), BOSC and Representative agree as follows:

1. **BOSC'S OBLIGATIONS.** BOSC:

   A. Hereby appoints Representative as its agent to be located in a branch office of Bank of Oklahoma, N.A. (hereinafter "FI") located at 5956 Sherry Lane, Ste 100 ("Branch Office") to solicit purchases of securities and investments offered through BOSC to depositors and customers of FI and to the general public.

   B. Shall exercise exclusive control over the Representative with respect to all aspects of securities transactions and related securities business through a Series 24 licensed principal of BOSC who shall serve as the Branch Manager ("Branch Manager") of the Office of Supervisory Jurisdiction through which all securities activities shall take place.

   C. BOSC shall employ Representative as a professional with compensation to be paid to Representative pursuant to separate agreement between BOSC and Representative and in accordance with the policies and procedures then in effect at BOSC.

2. **THE REPRESENTATIVE'S OBLIGATIONS.** The Representative:

   A. Shall provide to prospective purchasers a current prospectus or other offering materials when required by the federal and/or state securities laws, shall explain fully the terms of any security or investment offering for sale to a customer, shall make no untrue or misleading statements or representations, shall not omit any material information or facts pertaining to any aspect of the transaction or sale, and shall comply with all laws respecting offers and sales of securities and advising persons on such matters.

   B. Shall (i) conduct business in accordance with the rules and regulations of the Securities and Exchange Commission (SEC), the National Association of Securities Dealers (NASD), any state agencies regulating Representative's activities, (ii) conduct business in accordance with the policies and procedures of BOSC and the best customs and procedures of the securities industry, (iii) shall not conduct business or receive funds until fully licensed as required by all such laws, rules and regulations, and (iv) shall accept such supervision and control by his/her Branch Manager and officers of BOSC as BOSC determines is necessary or appropriate to fully and timely comply with

all such laws, regulations, rules, customs and procedures. Without limiting the generality of the foregoing, shall not, directly or indirectly, (i) engage in municipal securities business with an issuer to whom the Representative has made a political contribution within the previous two years (other than a contribution in an amount less than $250 to an official of such issuer for whom the Representative is entitled to vote) or (ii) make a political contribution to any issuer to whom the Representative is engaging or seeking to engage in the municipal securities business.

C. Shall (i) mail any correspondence, make any communication or cause any advertising to be made respecting investments or the investment business only after said correspondence, communication or advertising is approved in advance by BOSC and (ii) provide copies of all such correspondence, communication and advertising to BOSC in accordance with all applicable SEC, NASD and state agencies rules and regulations.

D. Shall accept payments from customers by check or money order only payable to the underwriter, investment company or insurance company designated by BOSC.

E. Shall indemnify BOSC and hold BOSC harmless from any and all loss, cost or liability (including legal, accounting and expert fees and expenses) which result from the Representative's negligence, violation, or other misconduct.

F. Shall not act in any manner whatsoever as an agent for any individual or entity competitive in any respect with BOSC.

G. Shall (i) represent to all customers and prospective customers, whenever he/she is soliciting purchases or interviewing customers or otherwise, that (a) he/she is acting as a Representative of BOSC and (b) all orders for securities will be placed through BOSC and (ii) conduct all business totally separate and distinct from all other business conducted at the FI.

H. Shall conduct himself/herself and his/her affairs in a professional manner consistent with the building of a quality reputation for himself/herself and BOSC and in accordance with the best standards of the industry.

I. Recognizes that (i) he/she shall accept direction for BOSC securities activities solely from BOSC in accordance with BOSC's policies and procedures, and (ii) will neither seek nor accept direction regarding the conduct of securities business from any individual or group who is not a duly authorized BOSC Branch Manager or BOSC officer.

J. Shall not (i) directly solicit any established customer of BOSC for a period of one (1) year after the termination of this Agreement (for whatever reason, whether with or without cause) or (ii) solicit any employee of BOSC to accept employment with any entity for a period of one (1) year after termination of this Agreement (for whatever reason, whether with or without cause). This promise by Representative may be enforced by temporary, preliminary and

permanent injunctive relief without the necessity of establishing irreparable injury and without the posting of any bond, in addition to any other remedies the law may provide. Without limiting the generality of the provisions of this paragraph, the phrase "directly solicit any established customer of BOSC" includes (i) making or participating in any mail or e-mail communication to such customer which is not part of a mass mailing to a public of which established customers of BOSC are an insignificant part the purpose of which was not to communicate with established customers of BOSC and (ii) having or participating in any meeting with or making or participating in telephone call to such customer unless such customer was an established social friend of the Representative and the purpose of the telephone call was strictly social.

K.  Shall, immediately upon termination of this Agreement, deliver to BOSC all copies of all documents and electronic files concerning the business (including training, licensure, commission, and production information) of BOSC and/or FI and/or customers of BOSC and/or FI including all electronic files and documents (whether prepared by BOSC and/or FI or the Representative and whether prepared before or after the start of this Agreement) containing any information respecting the identities of the customers of BOSC and/or FI or their addresses or telephone numbers, or the nature or amounts of their investments, assets or liabilities, or their investment needs or strategies. Without limiting the generality of the provisions of this Paragraph, as used in this Paragraph the words "documents and electronic files concerning the business of BOSC" includes all documents identified in the BOSC Quarterly Certification, diaries, handwritten notes, address books, calendars, and other documents (written or electronic and whether or not Representative regards such documents as his/her personal documents) which contain any of the information described in the Paragraph whether prepared by Representative or BOSC.

L.  Shall completely perform all duties (including the duty of loyalty) owed by Representative to his prior employer until such time as such duties shall have terminated, return to his employer all copies and electronic files of his prior employer (of the kind described in the preceding paragraph relating to the business of his prior employer, and comply with all lawful agreements limiting the Representative's right to engage in the securities business.

M.  During Representative's employment under this Agreement, BOSC shall make available to Representative and Representative will become acquainted with various information relating to the BOSC's business operations, customers, products, marketing data, business plans, strategies, employees, contracts, financial records and accounts, projections and budgets, and similar information which are crucial to BOSC. Representative agrees that to the extent such information is not generally available to the public and gives BOSC an advantage over competitors who do not know of or use such information, such information and documents shall be deemed trade secrets of the BOSC. Representative further agrees that all such information and documents relating to the business of the BOSC, whether

they are prepared by Representative or coming into Representative's possession in any other way, are owned by the BOSC and shall remain the exclusive property of the BOSC. Representative shall not misuse, misappropriate or disclose such trade secrets of BOSC, directly or indirectly, or use them for Representative's own benefit, either during the term of this Agreement or at any time thereafter, except as may be necessary or appropriate in the course of Representative's employment with the BOSC, unless such action is either previously agreed to in writing by the BOSC or required by law.

3. **LIMITED OF AUTHORITY AND REPRESENTATIVE'S REPRESENTATION.**

   A. The Representative is a limited agent of BOSC only and has no authority to bind BOSC in any way except to communicate to customers materials supplied by BOSC and to accept transactions in securities offered through BOSC.

   B. The Representative hereby represents that he/she has delivered to BOSC true copies of all agreements by which Representative may be bound which purport to limit the ability of Representative to engage in the securities business.

4. **TERMINATION OF AGREEMENT.**

   A. The effective date of this Agreement shall be _June 21, 2006_. This Agreement shall automatically renew on the April 15 next following and on each April 15 thereafter for one year periods unless this Agreement is terminated as hereafter provided.

   B. This Agreement may be terminated by either party at any time, without cause, by but only by, giving thirty (30) days written notice to the other party.

   C. This Agreement shall automatically terminate (i) upon cancellation of Representative's coverage by his/her surety company or (ii) upon cancellation or non-renewal of any required license.

   D. This Agreement may be terminated by BOSC at any time without notice for a breach of this Agreement by the Representative.

   E. The death of the Representative shall automatically terminate this Agreement on the date of death.

   F. Upon termination, the Representative shall cease using the name BOSC, shall no longer hold himself/herself out as a Representative and shall return all materials bearing the BOSC name to BOSC and as otherwise provided herein

5. **MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions shall apply to this Agreement:

- 4 -

APP. 0012

A.  All notices or advices required or permitted to be given by or pursuant to this Agreement, shall be given in writing. All such notices and advices shall be (i) delivered personally, (ii) delivered by facsimile or delivered by U.S. Registered or Certified Mail, Return Receipt Requested mail, or (iii) delivered for overnight delivery by a nationally recognized overnight courier service. Such notices and advices shall be deemed to have been given (i) the first business day following the date of delivery if delivered personally or by facsimile, (ii) on the third business day following the date of mailing if mailed by U.S. Registered or Certified Mail, Return Receipt Requested, or (iii) on the date of receipt if delivered for overnight delivery by a nationally recognized overnight courier service. All such notices and advices and all other communications related to this Agreement shall be given as follows:

If to BOSC:

Scott Grauer
BOSC, Inc.
Williams Tower, Ninth Floor
Tulsa, Oklahoma 74103
918-595-3165 - Tel
918-588-6510 - Fax

If to Representative:

Melissa Jo Morgeson
5956 Sherry Ln. Ste 100
Dallas, TX 75225
214-346-3940 - Telephone
214-346-3943 - Fax

or to such other address as the party may have furnished to the other parties in accordance herewith, except that notice of change of addresses shall be effective only upon receipt.

B.  This Agreement shall be deemed made and executed in Tulsa County, Oklahoma.

C.  This Agreement shall be subject to, and interpreted by and in accordance with, the laws (excluding conflict of law provisions) of the State of Oklahoma.

D.  This Agreement is the entire Agreement of the parties respecting the subject matter hereof. There are no other agreements, representations or warranties, whether oral or written, respecting the subject matter hereof.

E.  No course of prior dealings involving any of the parties hereto and no usage of trade shall be relevant or advisable to interpret, supplement, explain or vary any of the terms of this Agreement, as expressly provided herein.

F.  This Agreement, and all the provisions of this Agreement, shall be deemed drafted by all of the parties hereto. This Agreement shall not be interpreted

- 5 -

strictly for or against any party, but solely in accordance with the fair meaning of the provisions hereof to effectuate the purposes and interest of this Agreement.

G. Each party hereto has entered into this Agreement based solely upon the agreements, representations and warranties expressly set forth herein and upon his own knowledge and investigation.

H. Each of the persons signing below on behalf of a party hereto represents and warrants that he or she has full requisite power and authority to execute and deliver this Agreement on behalf of the party for whom he or she is signing and to bind such party to the terms and conditions of this Agreement.

I. This Agreement may be executed in counterparts, each of which shall be deemed an original. This Agreement shall become effective only when all of the parties hereto shall have executed the original or counterpart hereof. This agreement may be executed and delivered by a facsimile transmission of a counterpart hereof.

J. In any action brought by a party hereto to enforce the obligations of any other party hereto, the prevailing party shall be entitled to collect from the opposing parties to such action such party's reasonable attorneys fees and costs (including court costs, reasonable fees of accountants and experts, and other expenses incidental to the action).

K. This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns. This is not a third party beneficiary contract. No person or entity other than a party hereto shall have any rights under this Agreement. This Agreement may be amended or modified only in a writing which specifically references this Agreement.

BOSC, INC.

By _*signature*_

_*signature*_
SCOTT B. GRAMER, PRES. + CEO

APP. 0014