IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, NA AND BOK FINANCIAL SECURITIES, INC., | § § § | |
| PLAINTIFFS, | § § | |
| v. | § § | |
| VICKIE SUE WISE, RONNIE CARROLL "SKIP" DAVIS, MELISSA MORGESON DEL-CID, HILLTOP HOLDINGS, INC., HILLTOP SECURITIES, INC., HILLTOP SECURITIES INDEPENDENT NETWORK INC., NATIONAL LLOYDS INSURANCE COMPANY, AMERICAN SUMMIT INSURANCE COMPANY, AND PLAINSCAPITAL BANK, | § § § § § § § § § § § | CIVIL NO. 3:18-cv-00794 |
| DEFENDANTS. | § § | |

### DECLARATION OF VICKIE WISE

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

Vickie Wise, being duly sworn and deposed, states as follows:

1.  "My name is Vickie Wise. I am over 18 years of age, and I am fully competent to make this Affidavit. I am a resident of Dallas County, Texas. I have never been convicted of a felony or crime of moral turpitude. I am competent in all respects to make this Affidavit. All statements herein are within my personal knowledge and are true and correct.

2.  From approximately 1998 to March 23, 2018, I worked for BOK Financial Securities, Inc., most recently as a Client Advisor. I never signed a Representative Agreement

with BOK Financial Securities, Inc. or BOKF, N.A. (collectively "BOK"). I never signed the Wealth Management Schedule, which actually reduced my compensation, not did I agree to any non-solicitation agreement. I have read the Application for Temporary Restraining Order filed by BOK against me. I did not print any documents related to customers, including confidential customer information, in anticipation of my resignation. During the week of March 9-16, 2018, I conducted business as usual; any documents printed by me that week were printed in the usual and ordinary course of business. It would not be unusual for me to print documents in anticipation of or in preparation for client meetings or client telephone calls. This is particularly true during annual account reviews and tax season. The volume of printing attributed to me for the week of March 9-16 does not appear to be unusually large for my normal business routine and, based on the information in the Complaint, was done during normal business hours.

       3.      On March 23, 2018 at approximately 8:30 a.m., I turned in my written resignation to BOK's branch manager, Patrick Staudt, effective immediately, and left BOK's premises. Prior to and in anticipation of my resignation, I did not download or e-mail myself any BOK information or documents. I did not download or e-mail myself any of my clients' financial records. Along with my letter of resignation, I turned in all BOK property in my possession. I did not take any documents or other information belonging to BOK in anticipation of my resignation.

       4.      On Tuesday, March 27, 2018, I changed the work history of my LinkedIn profile to identify my new employer, Hilltop Securities, Inc. ("Hilltop"). I contacted many of my clients to inform them of my change in employment. In each case, I obtained the contact information from publicly available sources (primarily, the internet). I did not ask any client I contacted to transfer his or her account to Hilltop. With regard to the transfer of accounts, I only responded to

inquires or questions raised by the clients.

5. Upon being employed by Hilltop, I was provided with a script ("Script") to use for calls with my clients, which I have followed on every call. A true and correct copy of the Script is attached hereto as Exhibit "1." The Script only permits me to announce my change in employment and, pursuant to the Script, I have not requested that any client transfer accounts. In all of my calls with my clients informing them of my new position I have followed the Script.

6. I have had at least seven (7) clients contact me directly in response to being contacted, and informed of my departure, by BOK.

7. I have not possessed, used, or accessed any BOK documents or information since my resignation."

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct.

*Vickee Wise*
Vickie Wise

Executed on the 5th day of April, 2018.

APP. 0017

HTS Non Protocol Call Template

**Introduction**

*Hello [prospect's name], this is Vickie Wise. Have I caught you in the middle of anything?* **or** *How are you doing today?*

**Purpose of Call**

*Great. The reason for my call is to let you know that after 18 years with BOK Financial Advisors I decided to leave and join Hilltop Securities as a Financial Advisor.*
**[Pause and wait for client to respond.]**

**Option 1** (Prospect asks what that means and/or if they would still be working with you, etc.)

*I'm glad you asked. I will continue to work with clients as a Financial Advisor. My new office is located in Dallas, not far from where I was before. I'm really excited about Hilltop Securities and I do believe they're going to be a great fit for me and my clients.*
*[If a client asks about working with you or what it means for them/their account..., etc.]*
*I'm glad you asked. You absolutely have the option to continue to work with me, if that's what you decide.*

**[If client decides to work with you, set an appointment or send paperwork]**

**Option 2** (client asks why did you leave and/or why Hilltop?)

[If asked why did you leave, share your personal reasons for deciding to leave BOK]
[If asked why Hilltop Securities – refer to Hilltop Securities general talking points doc.]

**Option 3** (client says ok, or waits for more information or an explanation to be provided)

*Are you familiar with Hilltop Securities?* **Or** *Are there any there any questions you have for me?*

[If **yes**, let the client share what they know and build from there.]
[If **no**, share more about Hilltop Securities – refer to Hilltop Securities general talking points doc.]

