# READ THE BROKER PROTOCOL

The principal goal of the following protocol is to further the clients' interests of privacy and freedom of choice in connection with the movement of their Registered Representatives ("RRs") between firms. If departing RRs and their new firm follow this protocol, neither the departing RR nor the firm that he or she joins would have any monetary or other liability to the firm that the RR left by reason of the RR taking the information identified below or the solicitation of the clients serviced by the RR at his or her prior firm, provided, however, that this protocol does not bar or otherwise affect the ability of the prior firm to bring an action against the new firm for "raiding." The signatories to this protocol agree to implement and adhere to it in good faith.

When RRs move from one firm to another and both firms are signatories to this protocol, they may take only the following account information: client name, address, phone number, email address, and account title of the clients that they serviced while at the firm ("the Client Information") and are prohibited from taking any other documents or information. Resignations will be in writing delivered to local branch management and shall include a copy of the Client Information that the RR is taking with him or her. The RR list delivered to the branch also shall include the account numbers for the clients serviced by the RR. The local branch management will send the information to the firm's back office. In the event that the firm does not agree with the RR's list of clients, the RR will nonetheless be deemed in compliance with this protocol so long as the RR exercised good faith in assembling the list and substantially complied with the requirement that only Client Information related to clients he or she serviced while at the firm be taken with him or her.

To ensure compliance with GLB and SEC Regulation SP, the new firm will limit the use of the Client Information to the solicitation by the RR of his or her former clients and will not permit the use of the Client Information by any other RR or for any other purpose. If



a former client indicates to the new firm that he/she would like the prior firm to provide account number(s) and/or account information to the new firm, the former client will be asked to sign a standardized form authorizing the release of the account number(s) and/or account information to the new firm before any such account number(s) or account information are provided.

The prior firm will forward to the new firm the client's account number(s) and/or most recent account statement(s) or information concerning the account's current positions within one business day, if possible, but, in any event, within two business days, of its receipt of the signed authorization. This information will be transmitted electronically or by fax, and the requests will be processed by the central back office rather than the branch where the RR was employed. A client who wants to transfer his/her account need only sign an ACAT form.

RRs that comply with this protocol would be free to solicit customers that they serviced while at their former firms, but only after they have joined their new firms. A firm would continue to be free to enforce whatever contractual, statutory or common law restrictions exist on the solicitation of customers to move their accounts by a departing RR before he or she has left the firm.

The RR's former firm is required to preserve the documents associated with each account as required by SEC regulations or firm record retention requirements.

It shall not be a violation of this protocol for an RR, prior to his or her resignation, to provide another firm with information related to the RR's business, other than account statements, so long as that information does not reveal client identity.

Accounts subject to a services agreement for stock benefits management services between the firm and the company sponsoring the stock benefit plan that the account holder participates in (such as with stock option programs) would still be subject to (a) the provisions of that agreement as well as to (b) the provisions of any account servicing agreement between the RR and the firm. Also, accounts subject to a participation agreement in connection with prospecting IRA rollover business would still be subject to the provisions of that agreement.

APP 0027

If an RR is a member of a team or partnership, and where the entire team/partnership does not move together to another firm, the terms of the team/partnership agreement will govern for which clients the departing team members or partners may take Client Information and which clients the departing team members or partners can solicit. In no event, however, shall a team/partnership agreement be construed or enforced to preclude an RR from taking the Client Information for those clients whom he or she introduced to the team or partnership or from soliciting such clients

In the absence of a team or partnership written agreement on this point, the following terms shall govern where the entire team is not moving: (1) If the departing team member or partner has been a member of the team or partnership in a producing capacity for four years or more, the departing team member or partner may take the Client Information for all clients serviced by the team or partnership and may solicit those clients to move their accounts to the new firm without fear of litigation from the RR's former firm with respect to such information and solicitations; (2) If the departing team member or partner has been a member of the team or partnership in a producing capacity for less than four years, the departing team member or partner will be free from litigation from the RR's former firm with respect to client solicitations and the Client Information only for those clients that he or she introduced to the team or partnership.

If accounts serviced by the departing RR were transferred to the departing RR pursuant to a retirement program that pays a retiring RR trailing commissions on the accounts in return for certain assistance provided by the retiring RR prior to his or her retirement in transitioning the accounts to the departing RR, the departing RR's ability to take Client Information related to those accounts and the departing RR's right to solicit those accounts shall be governed by the terms of the contract between the retiring RR, the departing RR, and the firm with which both were affiliated.

A signatory to this protocol may withdraw from the protocol at any time and shall endeavor to provide 10 days' prior written notice of its withdrawal to all other signatories hereto. A signatory who has withdrawn from the protocol shall cease to be

APP 0028

bound by the protocol and the protocol shall be of no further force or effect with respect to the signatory. The protocol will remain in full force and effect with respect to those signatories who have not withdrawn.

DISCLAIMER © 2016 CARLILE PATCHEN & MURPHY LLP THESE MATERIALS AND INFORMATION HAVE BEEN PREPARED BY CARLILE PATCHEN & MURPHY LLP FOR INFORMATION PURPOSES ONLY AND ARE NOT LEGAL ADVICE. TRANSMISSION OF THE INFORMATION CONTAINED ON THIS SITE IS NOT INTENDED TO CREATE, AND RECEIPT DOES NOT CONSTITUTE, AN ATTORNEY-CLIENT OR BUSINESS RELATIONSHIP BETWEEN THE SENDER AND RECEIVER. INTERNET SUBSCRIBERS AND ONLINE READERS SHOULD NOT ACT UPON THIS INFORMATION WITHOUT SEEKING PROFESSIONAL COUNSEL.

THIS WEBSITE ALSO CONTAINS LINKS TO SERVERS MAINTAINED BY OTHER BUSINESSES AND ORGANIZATIONS. CARLILE PATCHEN & MURPHY LLP CANNOT PROVIDE ANY WARRANTY ABOUT THE ACCURACY OR SOURCE OF THE INFORMATION CONTAINED ON ANY OF THESE SERVERS OR THE CONTENT OF ANY FILE THE USER MIGHT DOWNLOAD FROM THESE SITES. UNLESS OTHERWISE NOTED, THE ATTORNEYS OF CARLILE PATCHEN & MURPHY LLP ARE LICENSED TO PRACTICE ONLY IN THE STATE OF OHIO.

ALL RIGHTS RESERVED. COPYRIGHT © 2016 . ALL RIGHTS RESERVED.

APP 0029