**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BOKF, NA | § | |
| BOK Financial Securities, Inc. (BOKFS) | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| v. | § | Case No.  3:18-cv-00794 |
| | § | |
| | § | |
| Vickie Sue Wise, an individual | § | Honorable David Godbey |
| CRD No. 1883523 | § | United States District Court Judge |
| Ronnie Carroll "Skip" Davis, an individual | § | |
| | § | |
| CRD No. 5400246 | § | |
| Melissa Morgeson Del-Cid, an individual | § | |
| | § | |
| CRD No. 2448005. | § | |
| Hilltop Holdings, Inc. | § | |
| Hilltop Securities, Inc. | § | |
| CRD No. 6220 | § | |
| Hilltop Independent Network, Inc. | § | |
| CRD No. 17587 | § | |
| Lloyds Insurance Company | § | |
| TX Lic. No. 95740 | § | |
| American Summit Insurance Company | § | |
| TX Lic. No. 58960 | § | JURY TRIAL DEMANDED |
| Plains Capital Bank | § | |
| | § | |

Defendants.

**BOKF, NA and BOK FINANCIAL SECURITIES, INC. (BOKFS)**
**REPLY IN SUPPORT OF [DOC. 3]**
**EMERGENCY VERIFIED APPLICATION FOR INJUNCTIVE RELIEF**

Plaintiffs, BOKF, NA ("BOKFNA") and BOK Financial Securities, Inc., as legal successor to BOSC, Inc. ("BOKFS"), (collectively "BOKF"), hereby submit this reply in support of their *Emergency* Verified Application for a Temporary Restraining Order and Preliminary Injunction (the "Verified Application").

## I.    DEMAND LETTER AND DEFENDANTS' REQUEST FOR A WEEK's DELAY UNTIL COUNSEL WAS AVAILABLE

1.     Wise, Davis, and Morgeson Del-Cid tendered their concerted resignations, in total disregard of their respective obligations to BOKF, including notice provisions, restrictive covenants, and confidentiality provisions, without any advance notice, on the morning of Friday, March 23, 2018. [Doc. 3-001]; [Doc. 3-002].

2.     Later the same day, on Friday, March 23, 2018, BOKF transmitted, by email to Wise and Morgeson Del Cid, and, by overnight courier to the Hilltop Defendants, a letter with reminders regarding obligations, demands to comply with applicable agreements, demands to search for and return BOKF data, and demands to preserve all documents and tangible items pertaining to the transition of employment.  [Doc. 3 at Exhibits 3, 4, 5, 6, 7, 8, and 9].

3.     Joint Counsel for the Defendants advised BOKF that he was not available due to a weeklong arbitration starting the following day, Monday, April 2, 2018 and requested an opportunity to appear at a hearing when he was unavailable the entire week.  [Doc. 3-031].

4.     Defendants cite no authority about undue delay.  BOKF acted appropriately before invoking the jurisdiction of the Court by taking requisite time to review the facts in support of its verified application for injunctive relief.  BOKF has been raided of an entire team

2

and has been trying to mitigate against substantial damages caused by the Defendants. BOKF has worked extensively to coordinate employees without existing client relationships to mitigate its losses.  BOKF's actions have not only been reasonable, but prudent.  One can only imagine the arguments that would have been made had BOKF made accusations without a prudent investigation or had, rather than attempt to mitigate against the loss of client relationships, focused solely on rushing to institute litigation.

5.      To argue that BOKF was dilatory in light of the facts, particularly, at the very least Defendants' Del-Cid's and Davis', failure to given thirty days' notice to which BOKF was entitled, and Counsel's request for a week's delay, is disingenuous at best.

## II.      HILLTOP WHOLLY IGNORED THE FACTS OF THE RAID IN ITS RESPONSE

6.      Defendants wholly ignored the coordinated departure and failure to provide thirty days' notice for at least Davis and Del-Cid.    [Doc. 3-008 (2012-04-03 Davis Representative Agreement)]; [Doc. 3-009 (2006-06-21 Morgeson Del-Cid Representative Agreement)]; [Doc. 3-014].[1]

7.      Defendants did not address the solicitation of one another in their response.

8.      Defendants wholly ignored the revenue sharing arrangements between Wise, Davis and Del-Cid.

9.      Davis has misrepresented Davis' client contacts.

10.     Wise admitted contacting and soliciting clients using a pre-planned script.  It is dubious to suggest she did so without the use of BOKF's confidential customer information given the volumes and types of customers contacted by the Individual

---

[1] BOKF is continuing its searching for a copy of Wise's Representative Agreement. Regardless, the Defendants could not conspire to violate the Agreements of one another.

Defendants after their termination. Some of these customers' relationships are not of the type that would be contacted with any regularity and would only have been known to Defendants from BOKF's confidential customer lists.

11. Within a short time after announcing their departures, BOKF received a call from a relatively small annuity customer who was a customer of Defendant Davis. Defendant Wise would not have contacted this type of customer. BOKF's customer reported that woman contacted her and was advised that the Individual Defendants had left Bank of Texas and were now with the Hilltop Defendants. The party that contacted BOKF's customer wanted to know if she could send BOKF's customer a packet of information. This belies the notion that the Defendants were able to contact BOKF's customers without BOKF's confidential customer lists.

12. Morgeson Del-Cid admitted contact with BOKF clients despite Morgeson Del-Cid's agreements with BOKF not to directly solicit BOKF customers.

13. Defendants' script is set up to be a solicitation. Defendants did not even attempt to refute BOKF's legal authority that such contacts, which were admittedly direct contacts, are solicitations.

14. Based upon transfer paperwork already received, the raided BOKF team has already taken three clients totaling more than $36 million customer with annual revenues of approximately $124,000. One of these customers has almost a like amount of funds with BOKF that are likely to leave BOKF as a result of Defendants' solicitations.

15. Upon information and belief, client contacts were not conducted in accordance with FINRA Rules prior to account transfer paperwork being submitted by Defendant Hilltop Securities.

16.    BOKF anticipates receipt of additional transfers based upon the statements of clients solicited by the raided team.

17.    BOKF is not part of the part of the "protocol" among larger brokerage firms furnished by Defendants.   Neither Courts nor FINRA enforce the "protocol" against non-members as shown below.

### III.    BOKF PERFORMED ITS OBLIGATIONS. THE AGREEMENTS WERE NOT ILLUSORY

18.    The Agreements were not illusory.  Representative Agreements at Paragraph 1, BOSC Obligations, in particular. [Doc. 3-008]; [Doc. 3-009].  See also: [Doc 3-005]; [Doc 3-006]; [Doc 3-007].   BOKF performed its obligations.

19.    Wise, Davis, and Morgeson Del-Cid could not have performed pursuant to their respective FINRA licenses had BOKF not met its obligations under the Representative Agreements, providing the Individual Defendants the ability to be posted at a branch, providing the requisite supervision, without which the Individual Defendants could not have used their licenses, and without which they could not have been conducted business or commissions.   *See*, *Alex Sheshunoff Management Services, L.P.*, 209 S.W.3d at 663. [Doc. 3 at p. 9-10] .

> If an "employer performs his promise [to disclose confidential information] under the agreement and a unilateral contract is formed, the covenant is enforceable if all other requirements under the Act are met."

*Staples, Inc. v. Sandler*, 3:07-CV-0928-K, 2008 WL 4107656, at *2 (N.D. Tex. Aug. 29, 2008), vacated sub nom. *Staples, Inc. v. Alan Sandler Preferred Office Products, Inc.,* C.A. 3:07-CV-0928-K, 2009 WL 1285838 (N.D. Tex. May 7, 2009)(Citing *Alex Sheshunoff Management Services, L.P.*, 209 S.W.3d at 649. ).

Further, in *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 777 (Tex. 2011), the Texas

Supreme Court held:

> The hallmark of enforcement is whether or not the covenant is
> reasonable. *See Sheshunoff,* 209 S.W.3d at 655 (citing Tex. Bus. &
> Com.Code § 15.50(a)). The enforceability of the covenant should not
> be decided on "overly technical disputes" of defining whether the
> covenant is ancillary to an agreement. *Sheshunoff,* 209 S.W.3d at
> 655. "Rather, the statute's core inquiry is whether the covenant
> 'contains limitations as to time, geographical area, and scope of
> activity to be restrained that are reasonable and do not impose a
> greater restraint than is necessary to protect the goodwill or other
> business interest of the promisee.' " *Id.* (quoting Tex. Bus. &
> Com.Code § 15.50(a)).

## IV.    FINRA RULES PROVIDE FOR INJUNCTIVE RELIEF

20.    FINRA Rule 13804 was established to provide a mechanism for plaintiffs (who will

later become FINRA claimants) to seek injunctive relief against harm from the Court

before a FINRA panel of three arbitrators can be coordinated.    The purpose behind

FINRA's rule is that the process of coordinating the panel itself causes delay and

plaintiffs/claimants need an avenue for swifter relief.

## V.    FINRA ENFORCES NOTICE PROVISIONS, CONFIDENTIALITY AGREEMENTS, AND AGREEMENTS NOT TO SOLICIT AND PROVIDES INJUNCTIVE RELIEF IN THE CASE OF RAIDS

21.    Defendants' joint argument that FINRA does not enforce agreements not to solicit

is without merit.

22.    BOKF has attached a FINRA award of punitive damages awarded to BOSC

against the then brokerage firm of Smith Barney (Smith Barney) for a similar raid,

including the failure to give notice and breaches of non-solicitation agreements.  Exhibit

32 (Punitive Damages FINRA Award Against Smith Barney).    Smith Barney, like

Defendant Hilltop, used a "script" to conduct its prohibited solicitations and erroneously

relied on the inapplicable "protocol" in its unsuccessful defense.

23.    BOKF has attached the order of the Honorable Judge Linda Morrissey enjoining Wells Fargo after a failure to provide notice of termination and prohibited solicitations. Exhibit 33 (Morrissey Injunctive Relief Order).   The Wells Fargo matter was later set for a hearing on damages by FINRA.

### VI.    BOKF can present the significant volumes of confidential client data printed to the Court for in Camera Review.

24.    BOKF submitted documents showing printing of at least 529 client records from March 9 – 13, 2018 in redacted form.  [Doc. 3-024]; [Doc. 3-025]; [Doc. 3-026]; [Doc. 3-027]; [Doc. 3-028]; [Doc. 3-029].

25.    BOKF would have been in violation of Court rules and customary privacy law had BOKF attached the unredacted client information to the emergency filings.

26.    BOKF can present to the Court for In Camera review the unredacted samples of the Individual Defendants concerted activities in printing BOKF confidential client data en masse in the weeks just before the coordinated departure.

**27.**    Likewise, BOKF can present the significant increase by the Individual Defendants in sending clients statements the weeks before departure.   The Individual Defendants have admitted that the statements were provided to the clients just in advance of the raid in their affidavits. The Individual Defendants were preparing to leave by furnishing the clients the statements in anticipate of their planned departures.

## PRAYER FOR RELIEF

### Injunctive Relief

WHEREFORE, Plaintiffs BOKF, NA and BOK Financial Securities, Inc. as the legal successor in interest to BOSC, Inc., individually and jointly, respectfully request that this Court award injunctive relief to them in the form of a Temporary Restraining Order and for a Preliminary Injunction during the pendency of this litigation and, thereafter, for a permanent injunction, ordering Defendants to refrain from doing any or all of the following, either directly or indirectly, acting individually or in concert, or with the assistance of any other person:

a. directly soliciting in any manner (by telephone, mail, internet, e-mail or any other type of communication) any securities business from any established client or customer of BOKF;

b. making or participating in any mail or email communication to a BOKF customer which is not part of a mass mailing to a public of which established customers of BOKF are an insignificant part the purpose of which was not to communicate with established customers of BOKF and (ii) having or participating in any meeting with or making or participating in telephone call to such customer unless such customer was an established social friend of the Representative and the purpose of the telephone call was strictly social.

c. using, disclosing, or transmitting for any purpose, including solicitation of said clients or customers, the information contained in the BOKF Confidential Information, including, but not limited to, the names,

addresses, and confidential financial information of the clients or customers referenced therein; and that all original records and copies and/or other reproductions thereof, in whatever form, be returned to BOKF immediately;

d.    ordering Defendants to provide a list of all BOKF customers to whom Defendants have contacted or solicited, either directly or indirectly, and a script of such contacts;

e.    ordering Defendants to return immediately all BOKF Confidential Information in their possession; and

f.    and all other such acts as this Court deems appropriate for injunctive relief.

Respectfully submitted,


s/John D. Clayman
Frederic Dorwart, OBA # 2436*
Erica Anne Dorwart, OBA #18367*
John D. Clayman
Texas Bar Number 24066338
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
jclayman@fdlaw.com
(918) 583-9922 (Tel.)
(918) 584-2729 (Fax)

* These attorneys will likely seek pro hac vice
admission.

Brett S. Field
Texas Bar Number 24050596
STROMBERG STOCK
8750 N. Central Expressway
Suite 625
Dallas, Texas  75231
(972) 458-5353 (Tel.)
(972) 861-5339 (Fax)
brett@strombergstock.com

Attorneys for Plaintiffs, BOKF, NA and
BOK Financial Securities, Inc.

## VERIFICATION

**State of Texas**              §
                               § ss.
**County of Dallas**            §

    I, Patrick J. Staudt, Senior Vice President of BOKF, NA, upon being duly sworn and upon oath, state that I have read and reviewed the factual allegations contained in the foregoing document provided above and they are true and correct based upon my personal knowledge and belief.



_____
Patrick J. Staudt
Senior Vice President


    Subscribed to and sworn to before me this 6th day of April, 2018, by Patrick J. Staudt, Senior Vice President of BOKF, NA.

Felisha R Golden
Notary Public, State of Texas
Comm. Expires 02-16-2021
Notary ID 1212608-6

Notary Public

11

## CERTIFICATE OF SERVICE

On April 6, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

Rick Illmer, TX 10388350
Chad Johnson, TX 24026259
HUSCH BLACKWELL, LLP
2001 Ross Avenue Suite 2000
Dallas, Texas 75201-2995
Rick.illmer@huschblackwell.com
Chad.Johnson@huschblackwell.com
214-999-6112 (Illmer)
214-999-6173 (Johnson)


Counsel for all Defendants



/s/ John Clayman
John Clayman