**BOKF, NA and BOK FINANCIAL SECURITIES, INC. (BOKFS)**
**REPLY IN SUPPORT OF [DOC. 3]**
**EMERGENCY VERIFIED APPLICATION FOR INJUNCTIVE RELIEF**
**EXHIBIT INDEX**

Exhibit 032 – 2006-03-03 Punitive Damages FINRA Award against Smith Barney

Exhibit 033 – 2017-07-25 Morrissey Injunctive Relief Order

03/03/06 FRI 15:58 FAX          NASD REGULATION                    ☒001



PD
FAD
CFD

# FAX

|  |  |
|---|---|
| TO | Paul DeMuro, Esq. <br> Lewis Carter, Esq. |
| COMPANY |  |
| FAX | 918-583-8251 <br> 918-591-5362     PHONE |
| FROM | Elisa Guerrero |
| FAX | 312-236-9239 <br> or <br> 312-236-3798    PHONE  312-899-4421 |
| # PAGES INCLUDING COVER  13 | DATE  3/3/06 |

05-04061

This fax transmittal is strictly confidential and is intended solely for the person or organization to whom it is addressed. If you have not received all pages of this fax please call 312 899 4440.

Investor protection. Market integrity.

Dispute Resolution
Midwest Regional Office
10 South LaSalle Street
Suite 1110
Chicago, IL
60603-1002

tel 312 899 4440
fax 312 236 9239
www.nasd.com

MAR-03-2006  16:09                              95%                    P.01

Confidential                              Exhibit 032-000001

03/03/06 FRI 15:59 FAX                    NASD REGULATION                                   ☒002

**NASD Dispute Resolution**
www.nasd.com

Midwest Region
10 S. LaSalle Street • Suite 1110 • Chicago, IL • 60603-1002 • 312-899-4440 • Fax 312-236-9239



March 3, 2006

Paul DeMuro, Esq.
Frederic Dorwart, Lawyers
124 East 4th Street
Suite 100
Tulsa, OK 74103

Subject:   NASD Dispute Resolution Arbitration Number 05-04061
           Bosc, Inc. v. Citigroup Global Markets, Inc., individually and d/b/a Smith Barney, et al.
           and Jeffrey R. Thompson

Dear Mr. DeMuro:

In accordance with the NASD Code of Arbitration Procedure (the "Code"), I enclose the decision reached by the arbitrator(s) in the above-referenced matter.

### Responsibility to Pay Monetary Award

Pursuant to Rule 10330(h) of the Code, the responsible party must pay any monetary awards within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. If an award is not paid within 30 days, the responsible party must pay post-judgment interest at the legal rate or as provided in the award by the arbitrator(s).

### Tracking Payment of Award

NASD Dispute Resolution has implemented a system of monitoring and tracking compliance with arbitration awards by members and associated persons. We request prevailing claimants to notify us in writing when their awards have not been paid within 30 days of receipt of the award, and require member firms to certify in writing that they have complied with awards against them or their associated persons. The 30-day period ends on: April 5, 2006.

Written notification concerning award compliance or lack thereof must be directed to:

Jennifer Kozielski
NASD Dispute Resolution
One Liberty Plaza,
165 Broadway, 52nd Floor
New York, NY 10006
212-858-4481 (tel) 301-527-4761 (fax)

Confidential                                                  Exhibit 032-000002

03/03/06  FRI 15:59 FAX                 NASD REGULATION                                   ☒003

### Expedited Suspension Proceedings for Non-Payment of Awards

Members and associated persons who do not comply with an award in a timely manner are subject to expedited suspension proceedings as set forth in Rule 9554, which is part of the NASD Manual.

### Right to File Motion to Vacate Award

All awards are **final** and are not subject to review or appeal by the arbitration panel or by NASD Dispute Resolution. Any party wishing to challenge the award must make a motion to vacate the award **in a federal or state court** of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. Parties and counsel should consult federal and state statutes and case law to determine the appropriate court, standards, and time limitations in their individual circumstances. NASD Dispute Resolution is not authorized to provide legal advice concerning a motion to vacate.

A motion to vacate, confirm, or modify an arbitration award is a matter only between the parties to the arbitration. NASD Dispute Resolution is not a proper party to post-award motions and should not be named as a party to any post-award motion. However, for cases filed on or after April 12, 2004, if the award contains expungement relief, or if a party seeks expungement relief in court, there may be a duty to name NASD as a party as provided in Rule 2130.

### Questions Concerning Award

Please direct any questions regarding this award to me. **The parties must not contact the arbitrators directly.**

### Forum Fees

Enclosed is an invoice that reflects the fees assessed and any outstanding balances. Fees are payable to NASD Dispute Resolution.

If a refund is due, it will be sent under separate cover. All refunds, even if payment is made by a non-party on behalf of a party, will be made payable to the party and will be sent in care of the party's representative.

### Arbitration Evaluation

As a service organization, the primary goals of NASD Dispute Resolution are the integrity of its process and the satisfaction of its clients. To ensure that we are meeting your needs and satisfying our commitment to you, **we need to hear from you.** If you have not already done so, please take the time to complete an evaluation of our services, the process, and the arbitrator(s) assigned to your case. For your convenience, we have now made it possible for you to evaluate our services using the Internet. Please direct your Web browser to http://www.nasd.com/arbevaluation. If you do not have Internet access, or have difficulty completing the evaluation online, you may complete the paper version of the evaluation that was previously provided to you and mail it to the address indicated. If you need another paper copy of the evaluation form, please contact the undersigned. Whenever possible, however, please use the new online version, as it will help us to review your feedback in a more expeditious and analytical manner. Your feedback is a valuable and necessary component in our efforts to serve you better.

Very truly yours,

*[signature]*

Elisa Guerrero
Case Administrator
312-899-4421   Fax: 301-527-4854


EG:EG:LC09A
idr:2/06

RECIPIENTS:
    Paul DeMuro, Esq., Bosc, Inc.
    Frederic Dorwart, Lawyers, 124 East 4th Street, Suite 100, Tulsa, OK  74103

    Lewis Carter, Esq., Citigroup Global Markets, Inc.
    Doerner & Saunders, 320 S. Boston Ave., Suite 500, Tulsa, OK  74103

    Lewis Carter, Esq., Jeffrey Ryan Thompson
    Doerner & Saunders, 320 S. Boston Ave., Suite 500, Tulsa, OK  74103

Confidential                                            Exhibit 032-000004

03/03/06 FRI 15:59 FAX                    NASD REGULATION                           ☑005

# AWARD
## NASD Dispute Resolution

In the Matter of the Arbitration Between

Claimant/Counter-Respondent

BOSC, Inc.

and                                                                  Case Number: 05-04061
                                                          Hearing Site: Oklahoma City, Oklahoma
Respondents/Counter-Claimant

Citigroup Global Markets, Inc., individually and
d/b/a Smith Barney, an unincorporated division
and service mark of Citigroup Global Markets, Inc.,
and Jeffrey R. Thompson

## NATURE OF DISPUTE

Member Firm vs. Member Firm and Associated Person and Member Firm vs. Member Firm

## REPRESENTATION OF PARTIES

BOSC, Inc. ("BOSC" or "Claimant") was represented by Paul DeMuro, Esq., Frederic Dorwart, Lawyers, Tulsa, Oklahoma.

Citigroup Global Markets, Inc., individually and d/b/a Smith Barney, an unincorporated division and service mark of Citigroup Global Markets, Inc., ("Citigroup") and Jeffrey R. Thompson ("Thompson"), hereinafter collectively referred to as "Respondents," were represented by Lewis Carter, Esq., Doerner & Saunders, Tulsa, Oklahoma.

## CASE INFORMATION

The Statement of Claim was filed on or about August 5, 2005. The Submission Agreement of Claimant was signed by Teresa Harrell on or about August 4, 2005.

A Statement of Answer was filed jointly by Respondents, Citigroup and Thompson, on or about August 16, 2005. The Submission Agreement of Citigroup was signed on or about August 15, 2005 by Dina S. Venero. The Submission Agreement of Thompson was signed on or about August 11, 2005.

Citigroup's Counterclaim was filed on or about September 29, 2005.

MAR-03-2006 16:10                                  95%                           P.05
Confidential                                                      Exhibit 032-000005

03/03/06 FRI 16:00 FAX                    NASD REGULATION                              ☒006

NASD Dispute Resolution
Arbitration No. 05-04061
Award    Page 2 of 7

Claimant's Response to the Citigroup's Counterclaim was filed on or about October 10, 2005.

Claimant's Motion to Dismiss, or for Summary Adjudication, Citigroup's Counterclaim was filed on or about January 17, 2006.

Citigroup's Response to Claimant's Motion to Dismiss, or for Summary Adjudication, their Counterclaim, was filed on or about January 30, 2006.

Claimant's Motion to Correct Name of Respondent, Citigroup, was filed on or about January 30, 2006.

Respondents' Response to Claimant's Motion to Correct Name of Respondent, Citigroup Global Markets, Inc., was filed on or about February 3, 2006.

## CASE SUMMARY

Claimant asserted the following causes of action: breach of contract; violation of Oklahoma's Uniform Trade Secrets Act; tortious interference with business interests and contractual rights; conspiracy; and unfair competition. Claimant alleged that Respondent Thompson failed to honor his obligations pursuant to the BOSC agreement by not giving a thirty (30) day written notice of termination and solicited BOSC customers prior to the one (1) year anniversary of his termination.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim and asserted affirmative defenses including the following: BOSC is barred from any recovery by virtue of the "unclean hands" doctrine; BOSC should additionally be barred from any recovery under the "unclean hands" doctrine by virtue of its misrepresentations that were communicated to Thompson's customers regarding their ability to withdraw money from seven (7) year certificates of deposit without an early-withdrawal penalty; and BOSC should additionally be barred from any recovery because it is attempting to interfere with business relationships established between Citigroup and certain of its customers.

In its Counterclaim, Citigroup alleged that BOSC has tortiously interfered with Smith Barney's present and anticipated business relationships with its clients and then attempted to conceal its interference.

BOSC denied the allegations made in the Counterclaim, and asserted defenses including the following: because the Counterclaim failed to allege the essential elements of such a claim and therefore failed to state a claim upon which relief can be granted, the Arbitration Panel should dismiss the Counterclaim. Also, BOSC alleged that Smith Barney's Counterclaim was submitted untimely pursuant to NASD Rule 10314.

NASD Dispute Resolution
Arbitration No. 05-04061
Award   Page 3 of 7

## RELIEF REQUESTED

Claimant requested an award in the amount of $330,000.00 in compensatory damages, $330,000.00 in punitive damages, interest, costs and attorneys' fees and for other relief as the Panel deemed just and proper. Claimant also requested that the Panel grant temporary and permanent injunctive relief as granted by the State's Court Order.

Respondents requested that the claims asserted against them be denied in their entirety and that they be awarded their costs and attorneys' fees.

In its Counterclaim, Citigroup requested that the Panel award it damages in an amount to be determined at the hearing, and other relief the panel deemed just and proper.

BOSC requested that the Panel dismiss the Counterclaim with prejudice, and award costs and attorneys' fees and other relief the Panel deemed just and proper.

## OTHER ISSUES CONSIDERED & DECIDED

On or about September 9, 2006, the Panel entered an Order granting Claimant's Request for Permanent Injunction.

On or about February 1, 2006, the Panel entered an Order denying Claimant's Motion to Dismiss or for Summary Adjudication Citigroup's Counterclaim.

On February 13, 2006, the Panel heard the Claimant's Motion To Correct Name Of Respondent Citigroup Global Markets, Inc., dated 01/30/2006, together with Respondents' Response to Claimant's Motion to Correct Name of Respondent Citigroup Global Markets, Inc. The Panel granted the motion and ordered the Respondents realigned and named as follows:

> "Citigroup Global Markets, Inc., individually and d/b/a Smith Barney,
> an unincorporated division and service mark of Citigroup Global Markets,
> Inc., and Jeffrey R. Thompson."

The Injunctive Order entered by the Panel will remain in full force and effect per the terms of the Order.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered. In either case, the parties have agreed to receive conformed copies of the award while the original(s) remain on file with NASD Dispute Resolution ("NASD").

NASD Dispute Resolution
Arbitration No. 05-04061
Award   Page 4 of 7

## AWARD

After considering the pleadings, the testimony, and the evidence presented at the hearing, the undersigned arbitrators have decided in full and final resolution of the issues submitted for determination as follows:

1) Citigroup Global Markets, Inc., individually and d/b/a Smith Barney, an unincorporated division and service mark of Citigroup Global Markets, Inc., and Jeffrey R. Thompson, are jointly and severally liable for and shall pay to Claimant, BOSC, Inc., the sum of $153,903.00 (One Hundred Fifty-Three Thousand Nine Hundred Three Dollars) as compensatory damages;

2) Citigroup Global Markets, Inc., individually and d/b/a Smith Barney, an unincorporated division and service mark of Citigroup Global Markets, Inc., and Jeffrey R. Thompson, are jointly and severally liable for and shall pay to Claimant, BOSC, Inc., the sum of $225,000.00 (Two Hundred Twenty-Five Thousand Dollars) in punitive damages pursuant to Oklahoma's Uniform Trade Secrets Act ("UTSA") @ 78 O.S. 88 and 23 O.S. 9.1;

3) Citigroup Global Markets, Inc., individually and d/b/a Smith Barney, an unincorporated division and service mark of Citigroup Global Markets, Inc., and Jeffrey R. Thompson, are jointly and severally liable for and shall to pay to Claimant, BOSC, Inc., the sum of $80,000.00 (Eighty Thousand Dollars) as attorneys' fees and costs pursuant to Paragraph 5.K. of the Representative Agreement between Claimant and Respondent, Jeffrey R. Thompson, and the UTSA @ 78 O.S. 89; and

4) Any and all relief not specifically addressed herein is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees

NASD Dispute Resolution will retain the non-refundable filing fees for each claim:

Initial claim filing fee                                  = $1,250.00
Counterclaim file fee                                     = $  500.00

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated person at the time of the events giving rise

Confidential                                             Exhibit 032-000008

NASD Dispute Resolution
Arbitration No. 05-04061
Award   Page 5 of 7

to the dispute. In this matter, the member firms are BOSC, Inc. and Citigroup Global Markets, Inc.

| | |
|---|---|
| Member surcharge | = $2,250.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $4,000.00 |

### Adjournment Fees

Adjournments granted during these proceedings:

August 19, 2005 adjournment requested by Respondents          = $1,200.00

### Injunctive Relief Fees

Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the panel.

BOSC, Inc. is assessed:

Injunctive relief surcharge                                    = $2,500.00

Citigroup Global Markets, Inc. is assessed:

Additional arbitrator honoraria                                = $1,000.00

### Forum Fees and Assessments

The Arbitration Panel assesses forum fees for each hearing session conducted. A hearing session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

Two (2) Decisions on discovery-related motions on the papers
with (1) arbitrator @ $200.00                                  = $   400.00
Claimant submitted (1) discovery-related motion
Respondents submitted (1) discovery-related motion

One (1) Pre-hearing session with a single arbitrator x $450.00  = $   450.00
Pre-hearing conference:   December 19, 2005        1 session

Confidential                                           Exhibit 032-000009

03/03/06 FRI 16:01 FAX        NASD REGULATION                                    ☒010

NASD Dispute Resolution
Arbitration No. 05-04061
Award    Page 6 of 7

| | | | |
|---|---|---|---|
| One (1) Pre-hearing session with Panel x $1,200.00 | | | = $ 1,200.00 |
| Pre-hearing conference: | October 3, 2005 | 1 session | |
| Eleven (11) Hearing sessions x $1,200.00 | | | = $13,200.00 |
| Hearing Dates: | September 6, 2005 | 3 sessions | |
| | February 13, 2006 | 2 sessions | |
| | February 14, 2006 | 2 sessions | |
| | February 15, 2006 | 2 sessions | |
| | February 16, 2006 | 2 sessions | |
| Total Forum Fees | | | = $15,250.00 |

The Arbitration Panel has assessed $15,250.00 of the forum fees jointly and severally to Citigroup Global Markets, Inc., individually and d/b/a Smith Barney, an unincorporated division and service mark of Citigroup Global Markets, Inc., and Jeffrey R. Thompson.

### Fee Summary

Claimant, BOSC, Inc., is liable for:
| | |
|---|---|
| Initial Filing Fee | = $ 1,250.00 |
| Injunctive Fee | = $ 2,500.00 |
| Member Fees | = $ 7,000.00 |
| Total Fees | = $10,750.00 |
| Less payments | = $ 7,650.00 |
| Balance Due NASD Dispute Resolution | = $ 3,100.00 |

Respondent, Citigroup Global Markets, Inc., individually and d/b/a Smith Barney, an unincorporated division and service mark of Citigroup Global Markets, Inc., is liable for:
| | |
|---|---|
| Member Fees | = $ 7,000.00 |
| Counterclaim Filing Fee | = $ 500.00 |
| Total Fees | = $ 7,500.00 |
| Less payments | = $ 5,200.00 |
| Balance Due NASD Dispute Resolution | = $ 2,300.00 |

Respondents, Citigroup Global Markets, Inc., individually and d/b/a Smith Barney, an unincorporated division and service mark of Citigroup Global Markets, Inc., and Jeffrey R. Thompson, are jointly and severally liable for:
| | |
|---|---|
| Adjournment Fee | = $ 1,200.00 |
| Additional arbitrator honorarium | = $ 1,000.00 |
| Forum Fees | = $15,250.00 |
| Total Fees | = $17,450.00 |
| Less payments | = $ 0.00 |

MAR-03-2006 16:11                                    95%                          P.10

Confidential         Exhibit 032-000010

03/03/06 FRI 16:01 FAX                              NASD REGULATION                                    ☒011

NASD Dispute Resolution
Arbitration No. 05-04061
Award    Page 7 of 7

Balance Due NASD Dispute Resolution                    = $17,450.00

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

### ARBITRATION PANEL

Leslie L. Conner, Jr., Esq. - Public Arbitrator, Presiding Chair
Kelley L. Cornelius, Esq. - Public Arbitrator
Glenn E. Johnson - Non-Public Arbitrator

Concurring Arbitrators:

/s/ Leslie L. Conner, Jr., Esq.                          03/03/06
Leslie L. Conner, Jr., Esq.                            Signature Date
Public Arbitrator, Presiding Chair

/s/ Kelley L. Cornelius, Esq.                            03/03/06
Kelley L. Cornelius, Esq.                              Signature Date
Public Arbitrator

/s/ Glenn E. Johnson                                     03/03/06
Glenn E. Johnson                                       Signature Date
Non-Public Arbitrator

03/03/06
Date of Service (For NASD office use only)

MAR-03-2006  16:12                                       95%                                         P.11

Confidential                                          Exhibit 032-000011

NASD Dispute Resolution
Arbitration No. 05-04061
Award    Page 7 of 7

Balance Due NASD Dispute Resolution                         = $17,450.00

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

### ARBITRATION PANEL

Leslie L. Conner, Jr., Esq. - Public Arbitrator, Presiding Chair
Kelley L. Cornelius, Esq. - Public Arbitrator
Glenn E. Johnson - Non-Public Arbitrator

Concurring Arbitrators:

_____                    02/03/06
Leslie L. Conner, Jr., Esq.                  Signature Date
Public Arbitrator, Presiding Chair


_____                    _____
Kelley L. Cornelius, Esq.                    Signature Date
Public Arbitrator

_____                    3/3/06
Glenn E. Johnson                             Signature Date
Non-Public Arbitrator

_____
Date of Service (For NASD office use only)

Confidential                                              Exhibit 032-000012

NASD Dispute Resolution
Arbitration No. 05-04081
Award    Page 7 of 7

Balance Due NASD Dispute Resolution    = $17,450.00

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

### ARBITRATION PANEL

Leslie L. Conner, Jr., Esq. - Public Arbitrator, Presiding Chair
Kelley L. Cornelius, Esq. - Public Arbitrator
Glenn E. Johnson - Non-Public Arbitrator

Concurring Arbitrators:

_____    _____
Leslie L. Conner, Jr., Esq.    Signature Date
Public Arbitrator, Presiding Chair

_____    3/3/2006
Kelley L. Cornelius, Esq.    Signature Date
Public Arbitrator

_____    _____
Glenn E. Johnson    Signature Date
Non-Public Arbitrator

_____
Date of Service (For NASD office use only)

Confidential    Exhibit 032-000013

**DISTRICT COURT OF THE STATE OF OKLAHOMA**
**FOURTEENTH JUDICIAL DISTRICT**
**TULSA COUNTY COURTHOUSE**
**500 S. DENVER AVE.**
**TULSA, OKLAHOMA 74103-3832**

**LINDA G. MORRISSEY**
**DISTRICT JUDGE**
**918-596-5340 (Telephone)**

## FACSIMILE TRANSMISSION

DATE: July 26, 2017    CASE NUMBER: CJ-2017-2715

TO:  Erica Dorwart & Paul DeMuro
     918-583-8251

     Bill Leach   918-574-3190

     Donald Littlefield & Charles
     Hammaker     713-403-6410

**FROM:** Judge Linda G. Morrissey
918-596-5340 (Office Telephone)
918-596-5402 (Fax)

**NUMBER OF PAGES:** 3 (including cover)

**MESSAGE:** Immediately upon receipt of this facsimile, please notify Darcy Asbill, Judge Morrissey's Clerk, at 918-596-5343 that the facsimile transmission was received.

PLEASE CALL (918-596-5340) IF THE MESSAGE OR DOCUMENT YOU RECEIVED WAS INCOMPLETE OR ILLEGIBLE.

THIS FACSIMILE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, YOU ARE HEREBY NOTIFIED THAT I DO NOT CONSENT TO ANY READING, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE. I REQUEST THAT (1) YOU NOTIFY THE COURT IMMEDIATELY BY TELEPHONE (918-586-5340); AND (2) RETURN THE FACSIMILE AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE MAIL. YOUR COOPERATION IS APPRECIATED.

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipient(s) named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution, or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of this communication and any attachments.

Confidential                                              Exhibit 033-000001

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLHAOMA

| | |
|---|---|
| BOK FINANCIAL SECURITIES, INC. ) | DISTRICT COURT<br>F I L E D |
| Plaintiff, ) | |
| ) | Case No. CJ-2017-02715    JUL 2 6 2017 |
| v. ) | Hon Linda Morrissey  DON NEWBERRY, Court Clerk<br>STATE OF OKLA. TULSA COUNTY |
| WELLS FARGO ADVISORS, LLC, ) | Subject to Defendants' Right to |
| ET AL. ) | Arbitration, Which is Not Waived |
| Defendants. ) | |

### TEMPORARY RESTRAINING ORDER

This matter has come to the Court on Plaintiff, BOK Financial Securities, Inc.'s Verified Application for Temporary Restraining Order, Subsequent Temporary Injunction and Supporting Brief. The Court having carefully reviewed and considered the Verified Application, Plaintiffs Petition and related papers, having a held an evidentiary hearing on July 13, 2017 at which Carolyn Stephens, Brittany Wagnon, Bob Cole, and Angela Crews appeared and gave testimony, and at which the Defendants appeared only through counsel, and being otherwise sufficiently advised:

THE COURT FINDS, ORDERS, AND DECREES AS FOLLOWS:

1. Plaintiff has clearly demonstrated, by clear and convincing evidence: (i) a likelihood of success on the merits of Plaintiff's claims for breach of contract as set out in the Petition, (ii) Plaintiff will suffer irreparable injury to Plaintiffs' present and future customer relations and business interests, if Defendants are not immediately restrained and enjoined from committing the acts as set forth below, (iii) the balancing of the parties' interests favor Plaintiff, and (iv) the interests of public policy favor Plaintiff.

Confidential                                                    Exhibit 033-000002

THEREFORE, IT IS ORDERED that a Temporary Restraining Order be entered enjoining Defendants, whether directly or indirectly, and whether alone or in concert with others, as follows, until further Order of this Court:

(a) Defendants shall refrain from: (i) outgoing contact from Wells Fargo to BOKFS' established customers and (ii) contacts with BOKFS' customers with respect to whom Defendants directly contacted, provided however, the terms set forth herein shall not prevent the Defendants from accepting Customer Account Transfer Service forms; ~~and that Defendants may answer calls from any customers who have any questions relating to their accounts, call any customer who has requested that their calls be returned,~~ and provide assistance to any customers who ~~desire to~~ move their accounts *to Wells Fargo, of their own volition*.

(b) Defendants shall immediately return to BOKFS all BOKFS Customer Information, including original records and copies, and/or reproductions of documents (in whatever form) in Defendants' possession, including (i) information related to BOKFS' clients and (ii) including information transmitted to Wells Fargo.

IT IS FURTHER ORDERED that BOKFS execute and file a good and sufficient bond in the total amount of fifty thousand dollars even ($50,000) as security for entry of the Temporary Restraining Order against Defendants if it be finally decided that the injunction ought not to have been granted.

SIGNED this 25th day of July, 2017, at 2:20 p.m.

CV 29 waived.

_____
JUDGE OF THE DISTRICT COURT
THE HONORABLE JUDGE LINDA
MORRISSEY

2

Confidential                                     Exhibit 033-000003