IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, NA AND BOK FINANCIAL SECURITIES, INC., <br><br>   PLAINTIFFS, <br><br> V. <br><br> VICKIE SUE WISE, RONNIE CARROLL "SKIP" DAVIS, MELISSA MORGESON DEL-CID, HILLTOP HOLDINGS, INC., HILLTOP SECURITIES, INC., HILLTOP SECURITIES INDEPENDENT NETWORK INC., NATIONAL LLOYDS INSURANCE COMPANY, AMERICAN SUMMIT INSURANCE COMPANY, AND PLAINSCAPITAL BANK, <br><br>   DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § | CIVIL NO. 3:18-cv-00794 |

### DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME, Defendants Vickie Sue Wise ("Wise"), Ronnie Carroll "Skip" Davis ("Davis") and Melissa Morgeson Del-Cid ("Del-Cid") (collectively, the "Individual Defendants"), Hilltop Securities, Inc., and Hilltop Independent Network, Inc. (collectively, the "Hilltop Defendants"), (the Individual Defendants and the Hilltop Defendants being referred to collectively as the "FINRA Defendants") National Lloyds Insurance Company ("Lloyds"), American Summit Insurance Company ("Summit"), Hilltop Holdings, Inc. ("HTH"), and PlainsCapital Bank ("PCB"), (collectively, the "Non-FINRA Defendants"), and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully request that the Court dismiss this

case because Plaintiffs' Complaint fails to state a claim upon which relief may be granted. In support thereof, Defendants respectfully show the Court as follows:

## SUMMARY OF ARGUMENT

1. The Motion to Dismiss should be granted because:

- The only relief sought against the FINRA Defendants is injunctive relief, which this court has already denied; and

- There are no factual allegations of wrongdoing against any of the Non-FINRA Defendants.

## PROCEDURAL BACKGROUND

2. On March 30, 2018, Plaintiffs filed their Complaint with Verified Request for Injunctive Relief ("Complaint") and their Emergency Verified Application for Injunctive Relief ("Application"). *See* Complaint, Dkt. 1; Application, Dkt. 3. In filing the Complaint and Application, Plaintiffs requested that the Court issue a Temporary Restraining Order and Preliminary Injunction against Defendants from using Plaintiffs' confidential information and contacting and/or soliciting Plaintiffs' customers. *Id.* In addition, the Complaint asserts claims for violations of the Defend Trade Secrets Act, 18 U.S.C. § 1831, et. seq., and the Texas Uniform Trade Secrets Act, TEX. CIV. PRAC. & REM. CODE § 134A.001, et. seq. (against all Defendants), breach of contract (against the Individual Defendants only), reliance/estoppel, (against all Defendants) unjust enrichment (against all Defendants), tortious interference with contracts and business expectancies (against the Hilltop Defendants only), and conspiracy (against all Defendants). *See* Complaint.

3. Additionally, on March 30, 2018, Plaintiffs filed a Statement of Claim Including Claim for Injunctive Relief ("Statement of Claim") with the Financial Industry Regulatory

Authority ("FINRA") against the FINRA Defendants. Plaintiffs' Statement of Claim contained the same claims set forth in Plaintiffs' Complaint.

4. In the Complaint, Plaintiffs do not seek monetary relief from the FINRA Defendants, as they admit that those claims will be addressed in a FINRA arbitration.[1] *See* Complaint, p. 2, n.1, p. 46, n. 7.

5. On April 9, 2018, this Court denied Plaintiffs' Application for Injunctive Relief due to Plaintiffs' failure to show a likelihood of success on the merits. *See* Order Denying Plaintiffs' Application, Dkt. 11. The Court further "defer[ed] to the FINRA arbitration panel regarding any further requests for injunctive relief." *Id.* Because Plaintiffs' Application has been denied by this Court, there is no remaining relief sought by Plaintiffs against the FINRA Defendants in this court.

6. With regard to the Non-FINRA Defendants, the Complaint fails to set forth any factual allegations of wrongdoing. Because the Complaint does not state any specific factual allegations of wrongdoing against the Non-FINRA Defendants, the Non-FINRA Defendants have not been given adequate notice of the nature of the claims against them and the Complaint fails to state a claim upon which relief can be granted. Plaintiffs have not satisfied the pleading standards of Federal Rule of Civil Procedure 8(a), and their Complaint must be dismissed.

## ARGUMENT AND AUTHORITIES

### I. Legal standard for FRCP 12(b)(6) Motion to Dismiss.

7. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] FINRA regulates the conduct of registered financial representatives such as the Individual Defendants and FINRA Member Firms, such as Hilltop Securities, Inc., and Hilltop Securities Independent Network, Inc. The activities of registered financial representatives and FINRA Member Firms are generally subject to FINRA arbitration. However, FINRA Rule 13804(a) allows parties to seek a temporary injunctive order in a court of competent jurisdiction.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[If] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1940-41. Determining whether relief is "plausible" is not static, but requires a Court to construe the claims in light most favorable to plaintiff and "to draw on its judicial experience and common sense." *Id.* at 1940; *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

8.      When reviewing the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949-50. "[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *See Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Id.* "***Where [as here] the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading***." *Anderson v. U.S. Dept. of Housing and Urban Development*, 554 F.3d 525, 528 (5th Cir. 2008). The Fifth Circuit may have provided the most apt explanation of federal pleading requirements

in *Anderson* when it noted: "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." *Id.* at 528-29. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Moreover, complaints "based on an outlandish legal theory or on a close but ultimately unavailing one" should be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997).

## II.   Plaintiffs fail to satisfy the pleading standards of the Federal Rules of Civil Procedure.

9. Under the Federal Rules of Civil Procedure, a pleading must contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a).

10. Here, Plaintiffs' Complaint is completely devoid of facts that would put the Non-FINRA Defendants on notice of the factual basis of the claims against them. Therefore, Plaintiffs' Complaint fails to meet the pleading standard under Rule 8 and should be dismissed.

### A.   Plaintiffs' intermittent sweeping allegations against "Defendants" or "Hilltop Defendants" are insufficient to state a claim against the Non-FINRA Defendants.

11. Plaintiffs' conclusory allegations against the Non-FINRA Defendants are completely devoid of any specific factual allegations of wrongdoing. Plaintiffs' occasional sweeping allegations against the "Defendants" or "Hilltop Defendants" are insufficient to state a claim upon which relief can be granted. Courts in this circuit have held that broad sweeping allegations against all defendants or a group of defendants that fail to distinguish the actions of

one defendant from the other are insufficient to state a claim for relief. *See, e.g., Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, No. W-16-CA-00315-JCM, 2017 WL 1289036, at *5 (W.D. Tex. Apr. 6, 2017) (making sweeping allegations against all defendants and failing to distinguish "specific actionable conduct" of each defendant fails to state a claim); *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14–cv–03435, 2016 WL 3745953, at *17 (S.D. Tex. July 13, 2016) (Ellison, J.) (the amended complaint "continues to lump together multiple defendants—and, in many instances, all defendants—while providing insufficient factual basis on which to distinguish the individual defendant's conduct"); *Stokes v. OneWest Bank*, No. 4:14–cv–247, 2014 WL 5473193, at *3 (N.D. Tex. Oct. 28, 2014) (dismissed when plaintiff failed to distinguish and specify the acts each defendant committed); *Washington v. U.S. Dep't of Hous. & Urban Dev.*, 953 F.Supp. 762, 770 (N.D. Tex. 1996) (pleadings insufficient where plaintiff made "global allegations that Defendants, as a group, committed such acts or omissions."). The Fifth Circuit has also affirmed the dismissal of a complaint where one of the reasons for dismissal was the failure to identify which defendant committed which acts. *See Chyba v. EMC Mortg. Corp.*, 450 F. App'x 404, 406 (5th Cir. 2011) (finding that "vague allegations of malfeasance by a global group of unspecified 'defendants'—without alleging any particular acts by the present Defendant" provided reason to dismiss the suit).

12.     After being identified on pages 6 and 7 of the Complaint, the Non–FINRA Defendants are never mentioned again.  Because Plaintiffs failed to plead any facts which would support a viable claim against the Non-FINRA Defendants, this lawsuit should be dismissed.

13.     Plaintiffs fail to state a claim against the FINRA Members.

14.     Plaintiffs admit they were only seeking immediate injunctive relief from the

FINRA Members.[2] This court has already denied Plaintiffs' Application for injunctive relief. To the extent Plaintiffs seek permanent injunctive relief against the FINRA Members, FINRA has authority to grant such relief, as the trial court ruled. Thus, there are no remaining claims against the FINRA Members and the case should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court dismiss Plaintiff's claims in their entirety pursuant to FED. R. CIV. P. 12(b)(6) or, in the alternative, Plaintiffs be required to replead to state intelligible claims against the Non-FINRA Defendants, and grant such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

By: */s/ Richard A. Illmer*
Richard A. Illmer
State Bar No. 10388350
Chad A. Johnson
State Bar No. 24026259

**HUSCH BLACKWELL LLP**
2001 Ross Avenue, Suite 2000
Dallas, Texas  75201
(214) 999-6100
(214) 999-6170 (*facsimile*)
ATTORNEYS FOR THE DEFENDANTS

### CERTIFICATE OF SERVICE

A copy of the foregoing has been served to all counsel of record via ECF on this 17th day of April 2018.

*/s/ Richard A. Illmer*
Richard A. Illmer

---

[2] Complaint, p. 2, n.2 and 46, n.7.