# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BOKF, NA § <br> BOK Financial Securities, Inc. (BOKF § <br> Securities) § <br> § <br> Plaintiffs. § <br> § <br> v. § <br> § <br> § <br> Vickie Sue Wise, an individual § <br>     CRD No. 1883523 § <br> Ronnie Carroll "Skip" Davis, an § <br> individual § <br>     CRD No. 5400246 § <br> Melissa Morgeson Del-Cid, an § <br> individual § <br>     CRD No. 2448005. § <br> Hilltop Holdings, Inc. § <br> Hilltop Securities, Inc. § <br>     CRD No. 6220 § <br> Hilltop Independent Network, Inc. § <br>     CRD No. 17587 § <br> Lloyds Insurance Company § <br>     TX Lic. No. 95740 § <br> American Summit Insurance Company § <br>     TX Lic. No. 58960 § <br> Plains Capital Bank § <br> § <br> Defendants. | Case No. 3:18-cv-00794 <br><br><br> Honorable David Godbey <br> United States District Court Judge <br><br><br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

**BOKF NA and BOK FINANCIAL SECURITIES, INC. (BOKF Securities)
RESPONSE and OBJECTION
TO DEFENDANTS' [JOINT] RULE 12(B)(6) MOTION TO DISMISS
<u>AND BRIEF IN SUPPORT</u>**

# Table of Contents

I. Introduction ........................................................................................................... 2

I. BOKF NA (the Bank) is properly before this Court against all Defendants on all claims. ........................................................................................................................ 3

II. BOKF Securities (the Broker Dealer) properly states claims seeking injunctive and monetary relief against non-FINRA Defendants and/or for non-FINRA claims upon which relief may be granted by this Court. .................................................................................... 3

III. This matter remains pending even assuming the arbitration between FINRA Member BOKF Securities and FINRA Associated Persons. ........................................... 3

II. Facts and Discussion ............................................................................................ 3

   A. BOKF-NA (the Bank) is properly before this Court against all Defendants on all claims. ................................................................................................................... 3

      1. BOKF-NA, a national banking association is not subject to FINRA jurisdiction. The claims of BOKF-NA (the Bank) are properly before this Court. ......................... 3

      2. Wise, Davis, and Del-Cid were employees of BOKF-NA and are Non-FINRA Defendants with respect to BOKF-NA. ...................................................................... 4

      3. BOKF pled a classic case of raid, violation of trade secrets, breach of contract, tortious interference, and conspiracy, amongst other claims, against Wise, Davis, Del-Cid, Hilltop Holdings, Inc. and PlainsCapital and Hilltop Securities, Inc. and Hilltop Independent Network, Inc. ............................................................................ 4

      4. Hilltop Securities, Inc. is a Defendant to claims by BOKF-NA (the Bank) before this Court which are not subject to FINRA arbitration. .............................................. 8

      5. Hilltop Independent Network is a Defendant to claims by BOKF-NA (the Bank) before this Court which are not subject to FINRA arbitration. ................................. 8

      6. BOKF-NA (the Bank) requested all relief (both injunctive and monetary relief) from this Court. ........................................................................................................... 8

   B. The Court's Denial of the emergency temporary injunctive relief, without a hearing, based on the limited record does not deprive this Court of Jurisdiction, nor can the Order grant jurisdiction to FINRA where none lies. ............................................... 9

III. General Denial. ................................................................................................... 10

IV. Argument and Authorities ................................................................................... 10

   A. Standards for Motion to Dismiss ....................................................................... 10

   B. BOKF-NA and BOKF Securities Sufficiently Pled the Allegations Against the Defendants. ............................................................................................................... 11

   C. The Cases Cited By Defendants Do Not Apply As Heightened Standards For Fraud Claims or Claims Involving Multiple Amended Complaints Do Not Apply To The Claims At Issue. ........................................................................................................ 13

V. PRAYER FOR RELIEF ......................................................................................... 15

Table of Authorities

Cases

*Bank of Am., N.A. v. UMB Fin. Services, Inc.*,
  618 F.3d 906 (8th Cir. 2010) ............................................................................... 4
*In re Merrill Lynch Tr. Co. FSB*,
  235 S.W.3d 185 (Tex. 2007) ................................................................. 3, 12, 13
*Janvey v. Alguire*,
  847 F.3d 231 (5th Cir. 2017) ........................................................................ 4, 10
*Johnson v. City of Shelby, Miss.*,
  574 U.S. ___, 135 S. Ct. 346 (2014) .................................................................. 10
*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) ........................................................................ 11, 12
*Norris v. Hearst Tr.*,
  500 F.3d 454 (5th Cir. 2007) ............................................................................ 7
*Scheuer v. Rhodes*,
  416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (overruled on other grounds ..... 11
*Turner Indus. Group, LLC v. Int'l Union of Operating Engineers, Local 450*,
  8 F. Supp. 3d 875 (S.D. Tex. 2014) ................................................................... 11
*Twombly*,
  550 U.S. n. 8, 127 S.Ct. 1955 ........................................................................... 11
*United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*,
  363 U.S. 574, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960) .................................. 3
*Webb v. Frawley*,
  858 F.3d 459 (7th Cir. 2017) ............................................................................. 4
*ZeniMax Media, Inc. v. Oculus VR, LLC*,
  166 F. Supp. 3d 697 (N.D. Tex. 2015) ........................................................ 11, 13

Statutes

Tex. Civ. Prac. & Rem. Code § 134A.001 ................................................................. 8

Rules

Fed. R. Civ. P. 8 ........................................................................................................ 14
Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e) ..................................................................... 10
Fed. R. Civ. P. 9 ........................................................................................................ 14
Fed. R. Civ. P. 12(b)(6) ........................................................................................ 2, 11
Federal Rule of Civil Procedure 5 (b)(2) ................................................................. 17

BOKF, NA (BOKF-NA or "the Bank") and BOK Financial Securities, Inc. ("BOKF Securities" or "the Broker-Dealer"), or collectively referred to with BOKF-NA as "BOKF") hereby respond and object to the Defendants' Motion to Dismiss [Doc. 012] and provide a brief in support of the response and objection.

The Bank's and BOKF Securities' Complaint alleges that Vickie Wise, Skip Davis, and Morgeson Del-Cid, dual employees of BOKF-NA and BOKF Securities, resigned without notice on Friday, March 23, 2018. In concert with Hilltop Securities, Inc. (and affiliates), these three defendants raided BOKF's Dallas investment advisory office, misappropriating client information. In so doing, Wise, Davis, and Del-Cid (i) breached their duties of loyalty to BOKF and (ii) breached the conditions of their employment (A) by failing to provide advance notice of resignations, (B) by breaching their agreements not to solicit BOKF's clients, and (C) by misappropriation of BOKF's confidential, proprietary, and trade secret information.

BOKF-NA (the bank) and BOKF Securities sued to restrain Wise, Davis, and Del-Cid from continuing to breach their obligations as well as seeking compensatory damages from all defendants.

I. **Introduction**

With a broad brush, Defendants have improperly defined, combined, and misrepresented the parties Plaintiff and the applicable jurisdiction,[1] as well as the relief

---

[1] The Motion to Dismiss is based upon Fed. R. Civ. P. 12(b)(6) for failure to state a claim, not 12(b)(1) regarding jurisdiction. Therefore arguments about FINRA jurisdiction between some parties regarding some claims are irrelevant.

BOKF moved to dismiss without prejudice the following parties only: Hilltop Holdings, Inc., PlainsCapital Bank, and the insurance entities Lloyds Insurance Company and American Summit Insurance Company without prejudice this same date. [Doc. 017]

each Plaintiff has requested. The Defendants' Motion to Dismiss [Doc. 012] should be denied for the following separate and independent reasons:

**I.** BOKF NA (the Bank) is properly before this Court against all Defendants on all claims.

**II.** BOKF Securities (the Broker Dealer) properly states claims seeking injunctive and monetary relief against non-FINRA Defendants and/or for non-FINRA claims upon which relief may be granted by this Court.

**III.** This matter remains pending even assuming the arbitration between FINRA Member BOKF Securities and FINRA Associated Persons.

## II. Facts and Discussion

### A. BOKF-NA (the Bank) is properly before this Court against all Defendants on all claims.

#### 1. BOKF-NA, a national banking association is not subject to FINRA jurisdiction. The claims of BOKF-NA (the Bank) are properly before this Court.

BOKF-NA is a regional financial institution operating under a charter issued by the Office of the Comptroller of the Currency with its headquarters and principal offices located at One Williams Center, Tulsa, Oklahoma 74172. [Doc. 001 at p. 4 ¶ 1] (Complaint).

BOKF-NA (the Bank) is properly before this Court.

FINRA does not have jurisdiction over BOKF-NA (the Bank).

> "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960).
>
> The Bank is not a signatory to any of the promissory notes apart from Giusti's, nor is it a member or associated person bound to arbitrate under FINRA's rules. Moreover, the references to "affiliates" in the arbitration agreements are insufficient to bind the Bank. See *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 191 (Tex. 2007).

*Janvey v. Alguire*, 847 F.3d 231 (5th Cir. 2017), cert. denied, 138 S. Ct. 329, 199 L. Ed.

3

2d 213 (2017); *Bank of Am., N.A. v. UMB Fin. Services, Inc.*, 618 F.3d 906 (8th Cir. 2010) (noting:

> The district court did not err when it denied the motion to compel BOA to arbitrate its claims against UMB and the individual appellants. BOA did not agree in writing or otherwise to arbitrate claims with any of them and cannot be compelled to do so.)

*Webb v. Frawley*, 858 F.3d 459 (7th Cir. 2017) (denying motion to compel arbitration).

### 2. Wise, Davis, and Del-Cid were employees of BOKF-NA and are Non-FINRA Defendants with respect to BOKF-NA.

Wise, Davis and Del-Cid were employees of BOKF-NA (a national banking association). Complaint [Doc. 001, at p. 5, ¶ 4 (Wise employment by BOKF-NA); at p. 5 ¶ 8] (Davis employment by BOKF-NA); at p. 5 ¶ 11] (Del-Cid employment by BOKF-NA)].

As Wise, Davis, and Del-Cid were employees of BOKF-NA, jurisdiction is properly before this Court. Complaint [Doc. 001 at p. 8 ¶¶ 24-26]. To avoid confusion created in the Motion To Dismiss [Doc. 012], to the extent Wise, Davis, and Del-Cid were employees of BOKF-NA, Wise, Davis, and Del-Cid are <u>not</u> FINRA Defendants.

### 3. BOKF pled a classic case of raid, violation of trade secrets, breach of contract, tortious interference, and conspiracy, amongst other claims, against Wise, Davis, Del-Cid, Hilltop Holdings, Inc. and PlainsCapital and Hilltop Securities, Inc. and Hilltop Independent Network, Inc.

Just seven (7) days after a raid coordinated by the Defendants, in a two hundred and fifty-nine (259) paragraph Complaint, BOKF-NA, a national banking association, which has no obligation to arbitrate before FINRA or otherwise, pled a classic and detailed case of raid, violation of trade secrets, breach of contract and conspiracy, among other claims, against Defendants Wise, Davis, Del-Cid, Hilltop Holdings, Inc. and Plains Capital and Hilltop Securities, Inc. and Hilltop Independent Network, Inc. Highlights of the

4

detailed allegations regarding the raid and misappropriation of data are set out below.

> Wise, Davis and Morgeson Del-Cid agreed not to solicit clients or employees for one year following termination of employment through various agreements. [Doc. 001 at pp. 9-14 § II (G) ¶¶ 39-58; at pp. 14-15 § II (H) ¶¶ 59-61 (Wise); at pp. 15-16 § II (I) ¶¶ 62-66 (Davis); at pp. 16-17 § II (J) ¶ 67-71 (Morgeson Del-Cid); at p. 18-20 § II K ¶¶ Awareness of Contractual Obligations].
>
> Wise, Davis, and Morgeson Del-Cid, and the Hilltop Defendants began concerted action before simultaneous resignations without notice on Friday, March 23, 2018, over the Spring Break holidays. [Doc. 001 at p. 20 ¶ 83].
>
> Upon information and belief all some or all of the Defendants conspired to raid BOKF's Dallas, Texas Client Advisor Team. [Doc. 001 at p. 20 ¶ 88].
>
> Starting on at least March 9, 2018 and continuing over a period of days, Wise and Del-Cid printed significant volumes of confidential customer information. See the following table, by way of example only as BOKF is continuing to investigate the concerted departure of the Individual Defendants.
>
> |         | Date      | Time  | No. Matches / No. Customers | Exhibit No. |
> |---------|-----------|-------|-----------------------------|-------------|
> | Del-Cid | 3/9/2018  | 16:32 | 155                         | Exhibit 24  |
> | Wise    | 3/14/2018 | 08:39 | 78                          | Exhibit 25  |
> | Del-Cid | 3/16/2018 | 13:17 | 44                          | Exhibit 26  |
> | Wise    | 3/16/2018 | 15:33 | 105                         | Exhibit 27  |
> | Del-Cid | 3/16/2018 | 16:05 | 129                         | Exhibit 28  |
> | Del-Cid | 3/16/2018 | 16:21 | 18                          | Exhibit 29  |
> | RECORDS PRINTED | |      | **529**                     |             |
>
> [Doc. 001 at p. 20-21 ¶ 89].
>
> On Friday, March 23, 2018 of the Spring Break holidays, at approximately 8:30 a.m., Wise and Davis went to the office of Patrick J. Staudt, a Senior Vice President of BOKF and their manager. [Doc. 001 at p. 23 ¶ 92].
>
> Wise said to Staudt, "This is not going to be a good day for you." Wise then presented three labeled envelopes, prepared in advance of the meeting, one for Wise, one for Davis, and one for Morgeson Del Cid, and said "We are done", resigning for all three employees. Each envelope contained access items for each individual Defendant (keys for office, desk, and file cabinets, and security access cards, and credit cards for Wise and Davis). [Doc. 001 at p. 23 ¶ 93].
>
> In summary, on the Friday, March 23, 2018, during the Spring Break holiday, in calculated fashion on, in conspiracy with some or all of the Hilltop Defendants, Wise, Davis and Morgeson Del-Cid, with no prior notice, and

5

> certainly Davis and Morgeson without 30 days' notice as required by agreements, resigned from BOKF. [Doc. 001 at p. 22 ¶ 98].
>
> Wise, Davis and Morgeson Del-Cid were immediately employed by the Hilltop Defendants at offices located in the Dallas, Texas area. [Doc. 001 at p. 22 ¶ 99]. *See also:* [Doc. 001 at ¶¶ 100-101 regarding sharing revenue streams from new employers.
>
> Not a single defendant has agreed to follow an agreement. [Doc. 001 at 23-24 ¶¶ 107-112.
>
> Not a single defendant agreed to return confidential data. [Doc. 001 at -24 ¶108
>
> [Wise and Davis] been using BOKF data to contact customers since resigning from BOKF. [Doc. 001 at p. 24 ¶ 109, 116].

See also in particular allegations at §§ L and M. at pp 20-28 ¶¶ 83 to 134 regarding the transgressions of Wise, Davis, and Del-Cid on behalf of each of the Defendants.

BOKF alleged that the raid was conducted, agreements were breached, and data was misappropriated on behalf of the Defendants and with knowledge and/or with reckless disregard of the agreements and applicable law. See for example, [Doc. 001 at §§ K, L, M, and N ¶¶ 72-144 ] (the Complaint).

BOKF-NA (the Bank) and BOKF Securities alleged that: (i) Defendants are using customer information and trade secrets to solicit customers [Doc. 001 at p. 28 ¶ 137]; Customers are being confused by Defendants' contacts [Doc. 001 at p. 28 ¶ 140]; BOKF is losing customers and revenues and will continue to suffer losses into the future [Doc. 001 at p. 28 ¶ 142]. Further, the Complaint alleges that the Hilltop Defendants are liable for their own acts and omissions, as well as the acts and omissions of the Individual Defendants described herein, pursuant to the doctrine respondent superior. [Doc. 31 at ¶ 159].

In addition, the Court can consider matters of public record on a motion to dismiss.

See *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citation omitted).

Public Records of which this Court may take judicial notice illustrate the coordination of the Defendants under the Hilltop Umbrella. Hilltop 10K at p. 13 which may be accessed through the SEC's public Edgar website:

https://www.sec.gov/Archives/edgar/data/1265131/000155837018000726/hth-20171231x10k.htm

> Hilltop Holdings Inc. is a diversified, Texas-based financial holding company registered under the Bank Holding Company Act of 1956, as amended (the "Bank Holding Company Act"). Our primary line of business is to provide business and consumer banking services from offices located throughout Texas through the Bank. We also provide an array of financial products and services through our broker-dealer, mortgage origination and insurance segments. **We endeavor to build and maintain a strong financial services company through organic growth as well as acquisitions,** which we may make using available cash, excess liquidity and, if necessary or appropriate, additional equity or debt financing sources. Within our broker-dealer segment we face significant competition based on a number of factors, including price, perceived expertise, quality of advice, reputation, range of services and products, technology, innovation and local presence. Competition for successful securities traders, stock loan professionals and investment bankers among securities firms and other competitors is intense. **Our broker-dealer business competes directly with numerous other financial advisory and investment banking firms, broker-dealers and banks, including large national and major regional firms and smaller niche companies, some of whom are not broker-dealers and, therefore, are not subject to the broker-dealer regulatory framework**. …**We** seek to distinguish ourselves from our competitors through our commitment to personalized customer service and responsiveness to customer needs **while providing a range of investment banking, advisory and other related financial brokerage services**.

(Emphasis added illustrating the coordinated efforts under the Hilltop umbrella).

> **4.    Hilltop Securities, Inc. is a Defendant to claims by BOKF-NA (the Bank) before this Court which are not subject to FINRA arbitration.**

BOKF-NA (the Bank) pled that Hilltop Securities, Inc. and its affiliates orchestrated and conspired in the Spring Break raid of its client advisor team and misappropriation of data as discussed in § II (A)(3) above at p. 5-8 and as set out in the 259 paragraph Complaint [Doc. 001].

> **5.    Hilltop Independent Network is a Defendant to claims by BOKF-NA (the Bank) before this Court which are not subject to FINRA arbitration.**

BOKF-NA (the Bank) pled that Hilltop Independent Network and its affiliates orchestrated and conspired in the Spring Break raid of its client advisor team and misappropriation of data as discussed in § II (A)(3) above at pp. 5-8 and as set out in the 259 paragraph Complaint [Doc. 001].

> **6.    BOKF-NA (the Bank) requested <u>all relief</u> (both injunctive and monetary relief) from this Court.**

BOKF-NA requested a temporary restraining order ("TRO") and <u>preliminary injunction</u> ("PI") and <u>other relief</u> (including monetary damages) from this Court. [Doc. 001 at p. 2] (Complaint)(Emphasis added).

The <u>other relief</u> requested by BOKF-NA specifically includes the monetary relief requested in each count of the Complaint and in the Prayer as follows:  Count II (Preliminary Injunction and Damages for Violation the Defend Trade Secrets Act) [Doc. 001 at p. 33-35]; Count III (Preliminary Injunction and Damages for Violation of the Texas Uniform Trade Secrets Act Tex. Civ. Prac. & Rem. Code § 134A.001 et. seq.) [Doc. 001 at pp. 35-37]; Count IV (Injunction and Damages for Breach of Contract) [Doc. 001 at pp. 37-39]; Count V (Injunction and Damages for Reliance/Estoppel) [Doc. 001 at pp. 39-40];

Count VI (Injunction and Damages for Unjust Enrichment) [Doc. 001 at pp. 40-41]; Count VII (Injunction and Damages for Breach of Duty of Loyalty) [Doc. 001 at pp. 42-43]; Count IX (Injunction and Damages for Conspiracy) [Doc. 001 at pp. 43-44].

BOKF-NA and BOKF Securities specifically requested monetary relief as follows at p. 46 of the Complaint [Doc. 001] which reads as follows.

### Non-Injunctive Relief

> WHEREFORE, collective Plaintiff BOKF [BOKF-NA (the Bank) and BOKF Securities], requests that this Court award judgment for BOKF and against the Defendants as requested herein, for prejudgment and post judgment interest, for attorney's fees and costs, and for such other relief as this Court shall deem just and proper.

Though extraneous to the determination on a 12(b)(6) Motion which only addresses whether the Complaint properly states a claim, the Defendants misrepresent to this Court at [Doc. 012 at p. 2 ¶ 3] that Plaintiffs (including BOKF-NA (the Bank)) filed a Statement of Claim with FINRA. BOKF-NA (the Bank) did <u>not</u> file a FINRA Statement of Claim.

As is obvious based upon the foregoing review of excerpts of the Complaint, the Defendants allegation in the Motion to Dismiss Summary and at ¶ 1, ¶ 4, ¶ 5 that BOKF-NA did not seek monetary relief from all Defendants is simply wrong. See: [Doc. 012 at p. 3 ¶ 4 and ¶ 5] (Motion to Dismiss) and compare to Motion at ¶ 2 (which recognizes the claims and respective monetary damages) and compare to Complaint at pp. 33-46 (Counts with their respective request for monetary relief), in particular at p. 46.

> **B.     The Court's Denial of the emergency temporary injunctive relief, without a hearing, <u>based on the limited record</u> does not deprive this Court of Jurisdiction, nor can the Order grant jurisdiction to FINRA where none lies.**

As set forth in Fn. 2 at p.2, Defendants have improperly inserted jurisdiction into a

9

12(b)(6) motion for failure to state a claim.

This Court denied BOKF-NA's (the Bank's) and BOKF Securities' joint Emergency request for Temporary injunctive relief,[2] <u>based on the limited record</u>, without a hearing on the merits, noting:

> Plaintiffs move the Court to enter injunctive relief pending resolution of the merits of their claims by a Financial Industry Regulatory Authority ("FINRA") arbitration panel.  But Plaintiffs have failed to show a sufficient likelihood of success on the merits of their claims based on the limited record. The Court thus denies Plaintiffs' application.  The Court defers to the FINRA arbitration panel regarding any further requests for injunctive relief.

[Doc. 011] (Order Denying Emergency Application without Hearing).

The Court's denial of the Plaintiffs' joint request for temporary injunctive relief did not negate this Court's jurisdiction over BOKF-NA's (the Bank's) claims.  As discussed at p. 3-4 in § II(A)(1), the Fifth Circuit addressed the lack of FINRA jurisdiction over bank claims in a Stanford Ponzi scheme litigation, *Janvey v. Alguire*, 847 F.3d 231 (5th Cir. 2017), cert. denied, 138 S. Ct. 329, 199 L. Ed. 2d 213 (2017), referenced above at p. 2.

### III. General Denial.

BOKF-NA (the Bank) and BOKF Securities deny the allegations of the Defendants in the Motion to Dismiss unless specifically admitted above.

### IV. Argument and Authorities

#### A. Standards for Motion to Dismiss

> "[T]o survive a motion to dismiss," under Twombly and Iqbal, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby,*

---

[2] BOKF SECURITIES (the Broker Dealer) sought only injunctive relief on its claims against FINRA Member firms in this Forum as BOKF SECURITIES filed a FINRA Statement of Claim as discussed at the outset of the Complaint. [Doc. 001 Complaint at p. 64, FN. 7].

*Miss.*, 574 U.S. \_\_\_, 135 S. Ct. 346, 347 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e))

*Securities And Exchange Commission v. Guardian Oil & Gas*, Inc., Et Al., No. 3:14-cv-1533-BN, United States District Court Northern District Of Texas Dallas Division, December 23, 2014 Memorandum Opinion And Order Denying Motion To Dismiss.

> The Court's focus in a 12(b)(6) determination is not whether the plaintiff should prevail on the merits but rather whether the plaintiff has failed to state a claim. *Twombly,* 550 U.S. at 563 n. 8, 127 S.Ct. 1955 (holding "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (overruled on other grounds) (finding the standard for a 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

*ZeniMax Media, Inc. v. Oculus VR, LLC*, 166 F. Supp. 3d 697 (N.D. Tex. 2015) (Denying motion to dismiss in a case in which Plaintiffs contended that Defendant "misappropriated Plaintiffs' trade secrets, infringed on their copyrighted materials, tortiously interfered with a contract, unfairly competed against Plaintiffs, and unjustly benefitted from their intellectual property").

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court must focus its inquiry on the facts alleged in the Complaint, considering only such other documents as are incorporated in the Complaint by reference or which are the proper subject of judicial notice. *Turner Indus. Group, LLC v. Int'l Union of Operating Engineers, Local 450*, 8 F. Supp. 3d 875, 882 (S.D. Tex. 2014) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

    B.    **BOKF-NA and BOKF Securities Sufficiently Pled the Allegations Against the Defendants.**

BOKF-NA (the Bank) and BOKF Securities pled that the Defendants coordinated and effectuated the Spring Break raid of the entire advisory team without advance notice

11

in violation of applicable agreements and while using misappropriated client data for use on behalf of the Defendants. See: pp. 4-7 above and [Doc. 001 at pp. 20 through 23 § L (Concerted Exodus of the Individual Defendants Without Notice].

The excerpts of allegations from the Complaint's two hundred and fifty nine (259) paragraphs of allegations of BOKF-NA (the Bank) and BOKF Securities clearly put each of the Defendants on notice of the claims at issues. *Id.*

Defendants incorrect claim at ¶¶ 8, 10, and 11 of the Motion to Dismiss [Doc. 012] that the Complaint is devoid of facts that would put the defendants on notice of the factual basis for the claims is ludicrous.

In a case strikingly on point, *TeamLogic, Inc. v. Meredith Group IT, LLC,* 3:16-CV-2542-BH, 2017 WL 1837114, at *7 (N.D. Tex. May 8, 2017), United States Magistrate Judge, Irma Carrillo Ramirez, dealing with trade secrets, and tortious interference claims entered a memorandum opinion denying a more detailed Motion to Dismiss finding that the allegations were properly pled and noted:

> Plaintiff has alleged that MIT's principal misappropriated its trade secrets by actively assisting the other defendants. See *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 188 & n.6 (Tex. 2007) ("Corporations can act only through human agents, and many business-related torts can be brought against either a corporation or its employees.") (citing cases). Accepting its well-pleaded facts as true and viewing them in the light most favorable to it, as the Court must, **Plaintiff has sufficiently alleged that Defendants misappropriated its trade secrets**.
>
> Plaintiff alleges that Karen, Miller, Matt, and King "conspired to misappropriate [its] Property in order to divert it to Greenbean and profit therefrom." (doc. 1 at 9.) …Plaintiff also alleges that the defendants' actions caused confusion among users of its branded IT services, customers were diverted to Greenbean, and it suffered loses through loss of clients and royalties. (*Id.*) Accepting its well-pleaded facts as true and viewing them in the most favorable light, Plaintiff has sufficiently alleged that Karen conspired with other defendants to misappropriate its property in order to divert it to Greenbean.

> Plaintiff alleges that it developed business relationships via its authorized franchisees. (doc. 1 at 11.) It also claims that the defendants, including Karen, "actively divert[ed] customers to Greenbean (who accepted them knowing their sources), thereby directly benefitting from the improper use of [its] Property." (*Id.*) The defendants also used its property to contact clients and tell them that the business was "transitioning" and induced them to leave Plaintiff's IT-system and begin doing business with Greenbean instead, which also interfered with Plaintiff's business relationships with other franchisees who would have received the customers who were properly transitioned. (Id. at 11-12.) Accepting its well-pleaded facts as true and viewing them in the light most favorable to it, **Plaintiff has sufficiently alleged a claim for tortious interference with a business relationship.**
>
> Here, Plaintiff alleges that it had a valid contract with MIT, it complied with its obligations under the contract but MIT did not, and it sustained damages as a result of MIT's violation. (See doc. 1 at 12-13.) A**ccepting its well-pleaded facts as true and viewing them in the light most favorable to it, Plaintiff has sufficiently alleged a claim for a tortious interference with a business relationship.**

*Id.* (Emphasis Added).

A quick comparison of the Complaint [Doc. 001] to the allegations in *Team Logic* which survived a motion to dismiss, reveals that the allegations and claims in the two cases are similar, and the claims in this matter were properly stated.

*See also: ZeniMax Media, Inc. v. Oculus VR, LLC*, 166 F. Supp. 3d 697 (N.D. Tex. 2015) (denying Defendant Facebook's Motion to Dismiss) cited and discussed above at p. 14.

### C.  The Cases Cited By Defendants Do Not Apply As Heightened Standards For Fraud Claims or Claims Involving Multiple Amended Complaints Do Not Apply To The Claims At Issue.

Defendants object to allegations made jointly and severally against each defendant. [Doc. 012 at p. 5 ¶ 11]. In support of Defendants' objections, Defendants cite to cases based upon fraud and/or against insurance adjusters. Such cases have heightened pleading standards under Rule 9. Further, the elements of the cited claims

13

require specificity. These standards and claims do not apply to the claims alleged in this Complaint [Doc. 001].

Defendant omitted citations to language regarding the applicable heightened pleading standards and the elements of the claims in cases cited by Defendant. in support of the Motion to Dismiss. For the Court's convenience, more accurate case descriptions, showing that the standards are not applicable to the Complaint at issue, are provided below.

> *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, W-16-CA-00315-JCM, 2017 WL 1289036, at *3 (W.D. Tex. Apr. 6, 2017) (Noting: "claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)."
>
> *Chyba v. EMC Mortg. Corp.*, 450 Fed. Appx. 404, 406 (5th Cir. 2011)(The district court found the claims of fraud were not pled with sufficient particularity under Fed. R. Civ. P. 8 and Fed. R. Civ. P. 9.
>
> *Washington v. U.S. Dept. of Hous. & Urban Dev.*, 953 F. Supp. 762, 770 (N.D. Tex. 1996) (noting: Plaintiff's claims included fraud, misrepresentation and Deceptive Trade Practices claims, and allowing time to re-plead.
>
> *Stokes v. OneWest Bank, F.S.B.*, 4:14-CV-247-A, 2014 WL 5473193, at *1 (N.D. Tex. Oct. 28, 2014) and *2–3 (N.D. Tex. Oct. 28, 2014) (noting: Plaintiffs alleged the following claims and causes of action against defendants: (1) quiet title; (2) violations of the Texas Debt Collection Act ("TDCA"); and, (3) common law and statutory fraud.

Defendants also cited to cases involving multiple amended complaints. In contrast, here, the single Complaint was filed just seven (7) days after the concerted raid by Defendants.

First, having provided cases supporting that the allegations in the Complaint state a claim, and certainly put Defendants on notice of the claims, and, second, having established that Defendants' cited cases are inapposite due to heightened pleading

14

standards for claims and procedural histories that are not at issue here, BOKF-NA (the Bank) and BOKF Securities suggest that the motion be denied.

## V. PRAYER FOR RELIEF

BOKF-NA (the Bank) and BOKF Securities (collectively BOKF), separately and independently, respectfully request that the Motion to Dismiss be denied. Alternatively, BOKF-NA (the Bank) and BOKF Securities respectfully request that each be afforded the opportunity to amend the Complaint, filed just seven (7) days after Hilltop's coordinated raid, to cure the alleged deficiencies in the Complaint.

Respectfully submitted,

s/Erica Anne Dorwart
Frederic Dorwart, OBA # 2436*
Erica Anne Dorwart, OBA #18367
John D. Clayman
Texas Bar Number 24066338
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
jclayman@fdlaw.com
(918) 583-9922 (Tel.)
(918) 584-2729 (Fax)

* These attorneys will likely seek pro hac vice admission.

Brett S. Field
Texas Bar Number 24050596
STROMBERG STOCK
8750 N. Central Expressway
Suite 625
Dallas, Texas 75231
(972) 458-5353 (Tel.)
(972) 861-5339 (Fax)
brett@strombergstock.com

Attorneys for Plaintiffs, BOKF, NA and BOK Financial Securities, Inc.

15

## CERTIFICATE OF SERVICE

On May 9, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

Rick Illmer, TX 10388350
Chad Johnson, TX 24026259
Husch Blackwell, LLP
2001 Ross Avenue Suite 2000
Dallas, Texas 75201-2995
Rick.illmer@huschblackwell.com
Chad.Johnson@huschblackwell.com
214-999-6112 (Illmer)
214-999-6173 (Johnson)


Counsel for all Defendants


/s/ Erica Anne Dorwart
Erica Anne Dorwart