IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF NA, *et al.*, | § | |
| | § | |
|   Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:18-CV-00794-N |
| | § | |
| VICKIE SUE WISE, *et al.*, | § | |
| | § | |
|   Defendants. | § | |

## JOINT REPORT OF ATTORNEY CONFERENCE

COME NOW BOKF, NA and BOK Financial Securities, Inc. (collectively "Plaintiffs") and Vickie Sue Wise, Ronnie Carroll "Skip" Davis, Melissa Morgeson Del-Cid, HilltopHoldings, Inc., HilltopSecurities, Inc., Hilltop Securities Independent Network, Inc., National Lloyds Insurance Company, American Summit Insurance Company and PlainsCapital Bank (collectively "Defendants") and file this the Joint Report of the Rule 26(f) Attorney Conference held on May 2, 2018, in the above-styled and numbered cause pursuant to Federal Rule of Civil Procedure 26 and this Court's April 18, 2018 Order Requiring Status and Scheduling Conference.

## Brief Statement of the Nature of the Case and the Contentions of the Parties

**<u>Plaintiffs' Contentions</u>**

1. Wise, Davis and Del-Cid (the Individual Defendants) were employees of BOKF National Association (BOKF NA or the Bank). Wise, Davis and Del-Cid were registered representatives of BOK Financial Securities, Inc. (BOKF Securities or the Broker Dealer). BOKF NA (the Bank) and BOKF Securities are collectively referred to as BOKF hereafter.

2. Davis and Del-Cid promised to provide thirty (30) days' notice of termination of employment. Wise, Davis and Morgeson Del-Cid agreed not to solicit clients or employees for one year following termination of employment through various agreements. BOKF relied on the promises of Wise, Davis, and Del-Cid.

3. Wise, Davis and Morgeson Del-Cid were aware of BOKF's agreements requiring advance notice of termination of employment, prohibiting solicitation of BOKF employees, prohibiting solicitation of BOKF clients, protecting the confidentiality of client information, and requiring return of BOKF's proprietary information.

4. In spite of obligations, Wise, Davis and Del-Cid, while employees of the Bank and representatives of BOKF Securities, and in conspiracy with the other

named Defendants, solicited breaches of agreements to provide advance notice of termination, solicited breaches of agreements not to solicit employees of BOKF, printed significant volumes of confidential client information, and planned their coordinated departure without notice.

5. While employees of the Bank and representatives of BOKF Securities, Wise, Davis, and Del-Cid, in conspiracy with the Defendants, prepared BOKF clients for the upcoming transition to the Defendants in violation of their duties of loyalty and tortuously interfering with customer relationships.

6. Wise, Davis, and Del-Cid, in conspiracy with the Defendants, jointly effectuated their coordinated departure without notice on the Friday of Spring Break, implementing a raid of the entire advisory team in Dallas to unfairly compete with BOKF.

7. In spite of obligations, Wise, Davis, and Del-Cid then began soliciting BOKF clients, on behalf of one another in violation of agreements, and on behalf of the other named Defendants in violation of the agreements, while utilizing confidential BOKF information, in violation of agreements and applicable law and regulations, and while tortuously interfering with client relationships, to unfairly compete with BOKF.

8. Wise, Davis, Del-Cid, and the other named Defendants have profited by and are being unjustly enriched by the actions and omissions of Wise, Davis, Del-Cid, and the Defendants, as summarized herein and as set forth in the Complaint [Doc. 001], and their conspiracy to raid the advisory team, violate applicable law, and breach agreements.

9. BOKF has suffered, is suffering, and will continue to suffer damages because of the actions and omissions of all of the Defendants with respect to the raid, misappropriation of data with continuing use thereof, and solicitation of BOKF clients.

**Defendants' Contentions**

10. Defendants generally deny Plaintiffs' allegations or that Plaintiffs are entitled to any of the relief sought. More specifically, Defendants deny that there was any breach of contract by the Individual Defendants because (a) Wise has no agreement not to solicit; (b) the non-solicitation clauses of Davis and Del-Cid are unenforceable as a matter of law; and (c) even if enforceable, neither Davis or Del-Cid are directly soliciting, which is all the agreements prohibit. Further, none of the Defendants took or misappropriated any information, confidential or otherwise, from the Plaintiffs. Likewise, none of the Defendants have engaged in conduct that

is tortuously interfering with any contract or business relationship of the Plaintiffs. As noted above, Wise is not prohibited from soliciting and even if the agreements of Davis and Del-Cid are enforceable, Davis and Del-Cid have not, and are not, directly solicited Plaintiffs' customers.

## Status of Settlement Discussions

11.     The parties have engaged in some preliminary discussions but believe that some discovery will be necessary before more substantive discussions can occur.

## Possible Joinder of Additional Parties

12.     The Parties do not anticipate joinder of any additional parties at this time.

## Any Anticipated Challenges to Jurisdiction or Venue

13.     No challenges are anticipated at this time.

**Date by Which the Case will be Ready for Trial and Estimate Length of Trial**

14.     The Parties anticipate the case will be ready for trial by April 8, 2019 and that will likely last one (1) week.

## Desirability of ADR and Timing for ADR

15. The Parties believe mediation is desirable but that some discovery will be necessary in order for mediation to be productive. To that end, the Parties would request a mediation deadline no earlier than November 2018.

### Any Objections to Disclosure Under Rule 26(a)(1)

16. None.

### RULE 26(F) MATTERS

### Rule 26(f)(3)(A) – Changes and Timing of Initial Disclosures

17. The Parties do not request changes to the form or requirement for Initial Disclosures and have agreed to exchange Initial Disclosures no later than June 15, 2018.

### Rule 26(f)(3)(B) – Subjects on Which Discovery is Needed

18. The Parties anticipate discovery will be completed by February, 2019. The Parties do not believe discovery should be conducted in phases and anticipate discovery on the following subjects:

- Plaintiffs requests for discovery will include documents and tangible items with respect to the following topics:

    - Recruiting of each of the Individual Defendants and the team of Individual Defendants by Defendants and/or their respective agents, including but not limited to: communications, applications, negotiations, offer letters, background checks, provision of restrictive covenants, agreements, incentive plans, client lists, and/or information regarding respective portfolios, compensation packages, incentive plans, benefits.

- Provision and review of restrictive covenants.

- Communications between the Defendants regarding departure from BOKF.

- Communications between the Defendants regarding transition to employment with the Defendants.

- Documents containing and/or referencing instructions, including, but not limited to, scripts, instructions, do's and don'ts, sample contact logs, sample documentation records, call log journals, pertaining to whether to contact and/or how to contact customers of a former employer and/or how to announce an employment change.

- Documents pertaining to and/or referencing and/or containing communications to BOKF customers and/or former BOKF customers.

- Documents pertaining to and/or referencing and/or containing communications to BOKF customers and/or former BOKF customers pursuant to FINRA Rule 2273.

- Documents containing contact information used to generate communications transmitted to BOKFS' customers by any of the respondents.

- Documents containing customer information for any BOKF customer or former BOKF customer, including, but not limited to, documents printed during employment at BOKF.

- All materials printed and/or utilized while at BOKF in the possession and/or custody of the Defendants.

- Social media of each of the Defendants pertaining to employment with Defendants.

- Produce lists and/or compilations of BOKF customers who transferred accounts and/or any part of the customers' accounts ("Transferred Accounts") from BOKF to Defendants after the Individual Defendants left BOKF, including: (a) the customer's name; (b) the BOKFS account number(s) before transfer; (c) the Defendants' account number(s) after transfer; (d) the account

- balance at time of transfer; and (d) the account balance at the time you answered these Requests and/or any supplement thereto.

- Documents pertaining to compensation to each of the Individual Defendants and/or to any combination of the Individual Defendants as a team, including, but not limited to: offer letters, promissory notes, pay statements, equity awards, bonus documentation, commission runs, sales credit, fees/revenue for assets under manages, summaries of compensation, and the like.

- Documents referencing and/or containing analyses by Defendants of the costs/benefits of violation of restrictive covenants, duties of loyalty, confidentiality of customer information, trade secrets, and/or raid.

- Documents each Defendant relied/relies/intends to rely upon in defense of claims.

- Transcripts of depositions and/or testimony of Defendants' personnel pertaining to claims, complaints, and/or petitions filed against Wells Fargo and/or Wells Fargo personnel alleging violation of restrictive covenants, duties of loyalty, confidentiality of customer information, trade secrets, and/or raiding

- Discovery topics listed by Defendants below to which Plaintiffs do not object at the appropriate time.

- Defendants:

  - Contracts between the Individual Defendants and Plaintiffs;

  - Plaintiffs compensation and incentive plans for the Individual Defendants;

  - Materials allegedly misappropriate by the Individual Defendants;

  - Printing allegedly engaged in by the Individual Defendants prior to terminating their employment with Plaintiffs;

  - Management of Plaintiffs' branch where the Individual Defendants were employed;

- Loss of other employees by Plaintiffs from the branch where the Individual Defendants were employed;

- Enforcement of non-solicitation clauses for other former employees of Plaintiffs;

- Relationships or contracts of Plaintiffs that were allegedly interfered with;

- Confidential or trade secrets allegedly misappropriated; and

- Efforts by Plaintiffs to keep information confidential or protected.

### Rule 26(f)(3)(C) – Issues Regarding Electronically Stored Information

19. There are no presently disclosed issues concerning disclosure, discovery, or preservation of electronically stored information. The parties requested preservation of all documents and/or tangible items as of March 23, 2018 when the Individual Defendants departed BOKF. Documents and information will be produced in the manner and form to be viewable by the non-producing party, and, to the extent reasonable, in native format.

### Rule 26(f)(3)(D) – Claims of Privilege or Protection

20. The Parties request entry of a protective order by the Court to protect certain confidential and attorney's eyes only materials. The Parties are currently in discussions of whether to use the Court's standard protective order or request entry of an agreed order drafted by the Parties.

### Rule 26(f)(3)(E) – Changes in Discovery Limitations

21. The Parties do not request any changes in the discovery limitations imposed by the Federal Rules of Civil Procedure.

## Rule 26(f)(3)(F) – Other Orders

22. Other than the aforementioned protective order, there are no other orders required under Rule 26(c) or Rule 16(b) at this time.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By: /s/ Erica Anne Dorwart<br>Frederic Dorwart, OBA #2436*<br>Erica Anne Dorwart, OBA $18367<br>John D. Clayman<br>jclayman@fdlaw.com<br>Texas Bar No 24066338<br>*These attorneys will likely<br>seek *pro hac vice* admission | By: /s/ Richard A. Illmer<br><br>Richard A. Illmer<br>State Bar No. 10388350<br>Rick.Illmer@huschblackwell.com<br>Chad A. Johnson<br>State Bar No. 24026259<br>Chad.Johnson@huschblackwell.com |

**FREDERIC DORWART, LAWYERS PLLC**
124 East Fourth Street
Tulsa, Oklahoma 74103
(918) 583-9922
(918) 584-2729 (facsimile)

Brett S. Field
brett@strombergstock.com
Texas Bar Number 24050596

**STROMBERG STOCK**
8750 N. Central Expressway, Suite 625
Dallas, Texas 75231
(972) 458-5353
(972) 861-5339 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

**HUSCH BLACKWELL, LLP**
2001 Ross Ave., Suite 2000
Dallas, TX  75201
Telephone:  (214) 999-6100
Facsimile:   (214) 999-6170

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On May 16, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

Rick Illmer, TX 10388350
Chad Johnson, TX 24026259
Husch Blackwell, LLP
2001 Ross Avenue Suite 2000
Dallas, Texas 75201-2995
Rick.illmer@huschblackwell.com
Chad.Johnson@huschblackwell.com
214-999-6112 (Illmer)
214-999-6173 (Johnson)

Counsel for all Defendants

/s/ Erica Anne Dorwart
Erica Anne Dorwart