IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, NA AND BOK FINANCIAL SECURITIES, INC., | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | |
| VICKIE SUE WISE, RONNIE CARROLL "SKIP" DAVIS, MELISSA MORGESON DEL-CID, HILLTOP HOLDINGS, INC., HILLTOP SECURITIES, INC., HILLTOP SECURITIES INDEPENDENT NETWORK INC., NATIONAL LLOYDS INSURANCE COMPANY, AMERICAN SUMMIT INSURANCE COMPANY, AND PLAINSCAPITAL BANK, | § § § § § § § § § § | CIVIL NO. 3:18-cv-00794 |
| DEFENDANTS. | § § | |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME, Defendants Vickie Sue Wise ("Wise"), Ronnie Carroll "Skip" Davis ("Davis") and Melissa Morgeson Del-Cid ("Del-Cid") (collectively, the "Individual Defendants"), Hilltop Securities, Inc., and Hilltop Independent Network, Inc. (collectively, the "Hilltop Defendants"), (the Individual Defendants and the Hilltop Defendants being referred to collectively as the "FINRA Defendants") and file this their Reply to Plaintiffs' Response and Objection to Defendants' Rule 12(b)(6) Motion to Dismiss and respectfully request that the Court dismiss this case because Plaintiffs' Complaint fails to state a claim upon which relief may be granted. In support thereof, Defendants respectfully show the Court as follows:

## SUMMARY OF ARGUMENT

1. As a result of Plaintiffs' recent dismissal of Defendants Hilltop Holdings, Inc., PlainsCapital Bank, Lloyds Insurance Company, and American Summit Insurance Company [Dkt. No. 20], there are no longer any non-FINRA defendants before this Court. In this lawsuit, BOKF-NA, seeks the exact same relief against the exact same parties as that sought by BOK Financial Securities, Inc. ("BOKFS," formerly BOSC, Inc.) in the concurrently filed FINRA arbitration. However, for the reasons set forth below, BOKF-NA fails to state a claim against the Defendants upon which relief can be granted.

## ARGUMENT AND AUTHORITIES

2. BOKF-NA's Complaint fails to allege any contractual or employment relationship that could give rise to the claims it asserts. More specifically, BOKF-NA is not a party to the contracts it claims were violated, and which form the basis of the remaining claims in its lawsuit. Indeed, BOKF-NA has no agreement with Wise and admits she was a registered representative of BOKFS (formerly BOSC, the FINRA Claimant).[1] Wise was never an employee of BOKF-NA and, contrary to Plaintiff's Response, there is no allegation in, or attachment to, the Complaint stating otherwise.[2] Moreover, the agreements signed by Wise and Del-Cid, which form the basis for their employment and the claims made in this lawsuit, are only with BOKFS (the FINRA Claimant).[3] There are no such agreements or even allegations that such agreements exist, with BOKF-NA.

---

[1] BOKF NA and BOK Financial Securities, Inc. (BOKFS) Complaint with Verified Request for Injunctive Relief [Dkt. No. 1] (the "Complaint"), p. 5, ¶5; p. 11, n. 3.

[2] On page 4 of its Response Plaintiff asserts that paragraph 4 of the Complaint alleges Wise is an employee of BOKF-NA. A review of paragraph 4 of the Complaint shows that there is no such allegation; Plaintiffs' representation is not accurate.

[3] Complaint, Exhibits 8 & 9.

3. Contrary to Plaintiff's assertion, there are no allegations in the Complaint that the Individual Defendants were employees of BOKF-NA. Rather, Plaintiffs refer collectively to "BOKF" as the employer of the Individual Defendants.[4] This generalized statement is belied by the fact none of the agreements or other documents attached to the Complaint support a contractual or employment relationship with BOKF-NA. All such agreements are with BOKFS (the FINRA Claimant).[5]

4. Finally, judicial economy and fairness dictate that BOKF-NA should not be permitted to split its claims in the manner it attempts. Despite the Complaint setting forth no contractual or employment relationship between BOKF-NA and the individual Defendants, BOKF-NA asserts the exact same facts and claims against the same defendants as those asserted by BOKFS in the FINRA Arbitration.[6] The Defendants are not subject to double liability, if any, for the same claims. Any attempt to do so would be a waste of this Court's resources.

5. Because the Bank has failed to plead facts which give rise to a claim against the Defendants, this case should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court dismiss Plaintiff's claims in their entirety pursuant to FED. R. CIV. P. 12(b)(6) or, in the alternative, Plaintiffs be required to re-plead to state intelligible claims, and grant such other and further relief to which it may show itself to be justly entitled.

---

[4] Complaint, pp. 5-6, ¶¶4-13 referring to BOKF as the employer and p. 1 defining "BOKF" as a generic, collective term which includes both Plaintiffs.

[5] Even the Wealth Management Schedules, on which Plaintiff also relies, reference BOK Financial Corporation, the parent company, and BOKFS, not BOKF—NA. *See* Complaint, Exhibits 5, 6, & 7.

[6] All remaining, non-injunctive relief sought by BOKFS is pending before FINRA. Thus, the only remaining claims before this court are BOKF-NA's claims against the FINRA defendants. *See* Complaint, pp. 2-3, n. 2 and second unnumbered paragraph; p. 46, n. 7.

Respectfully submitted,

By: */s/ Richard A. Illmer*
Richard A. Illmer
State Bar No. 10388350
Chad A. Johnson
State Bar No. 24026259

**HUSCH BLACKWELL LLP**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (*facsimile*)
ATTORNEYS FOR THE DEFENDANTS

### CERTIFICATE OF SERVICE

A copy of the foregoing has been served to all counsel of record via ECF on this 29th day of May 2018.

*/s/ Richard A. Illmer*
Richard A. Illmer