IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, NA AND BOK FINANCIAL SECURITIES, INC., | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | |
| VICKIE SUE WISE, RONNIE CARROLL "SKIP" DAVIS, MELISSA MORGESON DEL-CID, HILLTOP HOLDINGS, INC., HILLTOP SECURITIES, INC., HILLTOP SECURITIES INDEPENDENT NETWORK INC., NATIONAL LLOYDS INSURANCE COMPANY, AMERICAN SUMMIT INSURANCE COMPANY, AND PLAINSCAPITAL BANK, | § § § § § § § § § § | CIVIL NO. 3:18-cv-00794 |
| DEFENDANTS. | § § | |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION NOTICES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME, Defendants Vickie Sue Wise ("Wise"), Ronnie Carroll "Skip" Davis ("Davis") Melissa Morgeson Del-Cid ("Del-Cid"), Hilltop Securities, Inc., and Hilltop Independent Network, Inc. (collectively, the "Defendants"), and, pursuant to Rule 26(c) respectfully move the Court for Entry of a Protective Order shielding Defendants from having to respond to discovery in this case and to Quash deposition notices served by Plaintiff, as more fully set forth below:

#### SUMMARY OF ARGUMENT

1. The Court should grant this Motion and enter a Protective Order preventing or, alternatively, staying discovery because:

- The exact same relief is sought by Plaintiff's sister company, BOK Financial Securities, Inc. ("BOKFS"), in an arbitration proceeding currently before FINRA;

- Plaintiff seeks to use this case to obtain discovery BOKFS cannot obtain in the FINRA proceeding; and

- Defendants have a Motion to Dismiss currently pending before this Court because none of the Defendants worked for Plaintiff. If granted, the Motion to Dismiss would dispose of this action without the need for any discovery.

**PROCEDURAL BACKGROUND**

2. On March 30, 2018, Plaintiff filed its Complaint with Verified Request for Injunctive Relief ("Complaint") and its Emergency Verified Application for Injunctive Relief ("Application"). [Dkt. Nos. 1 and 3] At the time of that filing, BOKFS was also a plaintiff. In filing the Complaint and Application, Plaintiffs requested that the Court issue a Temporary Restraining Order and Preliminary Injunction against Defendants from using Plaintiffs' alleged confidential information and contacting and/or soliciting Plaintiffs' customers. *Id.*

3. That same day, BOKFS filed a Statement of Claim Including Claim for Injunctive Relief ("Statement of Claim") with the Financial Industry Regulatory Authority ("FINRA") against the Defendants. The Statement of Claim is based on the same facts and asserts the same claims that are set forth in Plaintiffs' Complaint.[1] BOKFS filed the FINRA arbitration because as a FINRA member firm it is required to resolve all disputes with other FINRA members, including the Defendants, through binding arbitration before FINRA.

4. On April 9, 2018, this Court denied Plaintiffs' Application for Injunctive Relief due to Plaintiffs' failure to show a likelihood of success on the merits. [Dkt. No. 11] Thereafter, on April 17, 2018, Defendants filed their Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. No. 12] Defendants' Motion to Dismiss is still pending.

---

[1] A true and correct copy of the FINRA Statement of Claim is attached hereto as Exhibit "A."

5.      On December 28, 2018, Plaintiff served a set of discovery on Defendants consisting of forty-four (44) requests for production, fourteen (14) interrogatories, and twenty (20) requests for admission (the "Written Discovery").[2]  In addition, on January 17, 2019, Plaintiff served deposition notices for Defendants Del-Cid (January 30, 2019), Davis (January 31, 2019), and Wise (February 1, 2019) (collectively, the "Deposition Notices").[3]

## ARGUMENT AND AUTHORITIES

### I.    Good Cause Exists for Entering the Protective Order Pursuant to FRCP 26(c)(1).

6.      Good cause exists for entering a protective order (a) to protect Defendants from the annoyance and undue expense of defending the same claims in two (2) different forums, and (b) to prevent Plaintiff from obtaining discovery in this proceeding that it cannot obtain in the FINRA proceeding.  As a result, the Court should enter a protective order shielding Defendants from responding to the Written Discovery or having to appear for the Depositions in this matter pending this Court's decision on the Motion to Dismiss and the conclusion of the concurrent proceeding before FINRA, which asserts the same facts and claims against the alleged same Defendants.

7.      Pursuant to Rule 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1); *see Areizaga v. ADW Corporation*, 314 F.R.D. 428, 434 (N.D. Tx. 2016).  A protective order should issue when the movant demonstrates a need for the protection and good cause for its issuance.  *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir.1990).  In determining what constitutes good cause and whether to issue a protective order from discovery, "[t]he Court has broad discretion."  *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th

---

[2]   A true and correct copy of [Plaintiff's] First Set of Combined Discovery Requests is attached hereto as Exhibit "B."
[3]   True and correct copies of the Deposition Notices are attached hereto, collectively, as Exhibit "C."

Cir.1985). The Trial Court has broad discretion because it "is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

## II. The Court should Protect Defendants from having to Litigate in Two Forums.

8. Allowing Plaintiff to split its claims between this cause and the FINRA Arbitration subjects Defendants to the annoyance and undue expense of having to defend themselves against the same claims in two different forums. This is particularly true where, as here, (a) there is a Motion to Dismiss Plaintiff's claims pending in this Court that, if granted, would negate any need for discovery; and (b) by splitting its claims into two (2) forums Plaintiff seeks discovery in this case that cannot be obtained in the FINRA Arbitration. The Court should protect Defendants from Plaintiff's discovery.

### A. Defendants' Motion to Dismiss.

9. Defendants should be protected from answering discovery in this case while there is a pending Motion to Dismiss. Indeed, Defendants' have not yet filed an answer to the Complaint; Plaintiff's discovery may be wholly unnecessary and unwarranted pending the Court's decision on the Motion to Dismiss.

10. As set forth in Defendants' Motion to Dismiss, there are no factual allegations in the Complaint that the Individual Defendants were employees of BOKF-NA. Rather, Plaintiffs refer collectively to "BOKF" as the employer of the Individual Defendants.[4] This generalized conclusory statement cannot survive a motion to dismiss and, moreover, is belied by the fact none of the agreements or other documents attached to the Complaint evidence a contractual or employment relationship with BOKF-NA. All such agreements are with BOKFS (the FINRA

---

[4] Complaint, pp. 5-6, ¶¶4-13 referring to BOKF as the employer and p. 1 defining "BOKF" as a generic, collective term which includes both Plaintiffs.

Claimant).[5]  *See Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim").

11.  Having made only vague, conclusory allegations of any employment relationship between Defendants and Plaintiff (which are belied by the documents attached to the Complaint), Defendants should not be forced to incur the time and expense to respond to any discovery requests or sit for depositions in this case until at least thirty (30) days after the Court makes its determination on Defendants' Motion to Dismiss.

### B. The Discovery Could Not be Obtained in the Arbitration.

12.  Discovery in a FINRA Arbitration is much more limited than under the Federal Rules of Civil Procedure. Thus, Plaintiff seeks through this case to conduct discovery that cannot be obtained in the FINRA Arbitration. For example, FINRA Arbitration Rule 13506 states:

> Parties may request documents or information from any party by serving a written request on the party. *Requests for information are generally limited to identification of individuals, entities, and time periods related to the dispute; such requests should be reasonable in number and not require narrative answers or fact finding. Standard interrogatories are generally not permitted in arbitration.* (Emphasis added.)

13.  In addition, FINRA Arbitration Rule 13510 further provides:

> *Depositions are strongly discouraged in arbitration.* Upon motion of a party, the panel may permit depositions, but only under very limited circumstances, including:
>
> - To preserve the testimony of ill or dying witnesses;

---

[5]  Even the Wealth Management Schedules, on which Plaintiff also relies, reference BOK Financial Corporation, the parent company, and BOKFS, not BOKF—NA. *See* Complaint, Exhibits 5, 6, & 7.

- To accommodate essential witnesses who are unable or unwilling to travel long distances for a hearing and may not otherwise be required to participate in the hearing;

- To expedite large or complex cases;

- In cases involving claims of statutory employment discrimination, if necessary and consistent with the expedited nature of arbitration; and

- If the panel determines that extraordinary circumstances exist.

14. FINRA does not permit Requests for Admissions at all.

15. Clearly, discovery is being sought by Plaintiff in this case to circumvent the FINRA rules. Indeed, despite FINRA's prohibition on "standard fact-finding interrogatories," many of Plaintiff's interrogatories seek to determine the nature of all communications by Defendants, revenues generated by the Defendants, commissions earned by the Defendants, and the like. Not only are these fact-finding interrogatories, they are not limited to 'banking transactions' and will, instead, encompass all brokerage activities as well—the exact issue before the FINRA Arbitration Panel. By way of example only, Defendants direct the Court to Interrogatory Nos. 3, 6, 11, 12, 13, and 14, all of which pertain to brokerage activities by the Defendants at their new employer. Indeed, Interrogatory No. 3 is particularly revealing as it seeks information related to the "defenses in this *arbitration*." The request patently reveals how Plaintiff intends to use this information to circumvent the FINRA rules.

16. In addition, despite FINRA's strong prohibition against taking depositions (except in very limited circumstances, none of which are present in this case), Plaintiff seeks to depose all Defendants in this case to get an early preview of testimony to be offered in the arbitration – something expressly prohibited by FINRA.

17. The Court should not condone this gamesmanship—an obvious litigation tactic to do an end-around the FINRA discovery rules—and Defendants should not be subject to this annoying, abusive, and expensive discovery. To that end, Defendants respectfully request that the Court grant Defendants' Motion for a Protective Order preventing discovery in this case until the conclusion of the FINRA Arbitration.

### III. Motion to Quash

18. As set forth above, Defendants object to any depositions being taken prior to the conclusion of the FINRA Arbitration because Plaintiff should not be permitted to take depositions in this case to be used in the Arbitration where such discovery would not be permitted. Defendants also object to the time and place set forth in the Deposition Notices. Specifically, Defendants object to their depositions being taken at the office of Plaintiff's counsel instead of Defendants' counsel's office. Defendants also object to the time and dates set forth in the Deposition Notices.

19. The Deposition Notices were served on January 17, 2019. January 23, 2019 is the third business day since the Deposition Notices were served. Thus, because this Motion is timely filed, pursuant to paragraph 4 of the Court's May 18, 2018 Scheduling Order, the Deposition Notices are stayed pending the Court's ruling.

### IV. Conclusion

20. Judicial economy and fairness dictate that the Defendants should be protected from the annoying, harassing, and undue expense of being forced to defend the same claims in two different forums, including responding to the discovery or sitting for depositions, particularly when the discovery sought in one forum cannot be obtained in the other. Despite the Complaint setting forth no contractual or employment relationship between BOKF-NA and the

individual Defendants, BOKF-NA asserts the exact same facts and claims against the same defendants as those asserted by BOKFS in the FINRA Arbitration.[6] Allowing both cases to move forward at the same time in separate forums also risks inconsistent adjudications. If BOKF-NA has any claims, which Defendants dispute, it can voluntarily submit itself to FINRA and participate in the arbitration along with all other parties—including its sister company BOKFS. In any event, the Court should quash the Deposition Notices and stay all discovery in this case until the conclusion of the FINRA Arbitration or until the Court grants Defendants' Motion to Dismiss.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court enter a Protective Order in the form attached hereto quashing the Deposition Notices, preventing Plaintiff from conducting any discovery in this matter until the conclusion of the FINRA Arbitration or, alternatively, until after the Court has ruled on Defendants' pending Rule 12(b)(6) Motion to Dismiss, and grant such other and further relief to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Richard A. Illmer*
Richard A. Illmer
State Bar No. 10388350
Chad A. Johnson
State Bar No. 24026259

**HUSCH BLACKWELL LLP**
1900 Pearl St., Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (*facsimile*)
ATTORNEYS FOR THE DEFENDANTS

---

[6] All remaining, non-injunctive relief sought by BOKFS is pending before FINRA. Thus, the only remaining claims before this court are BOKF-NA's claims against the FINRA defendants. *See* Complaint, pp. 2-3, n. 2 and second unnumbered paragraph; p. 46, n. 7.

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 17th day of January, 2019, I conferred with counsel for the Plaintiff concerning the merits of this motion for protective order and to quash the deposition notices, and they are opposed to the relief sought herein. Therefore, this Motion is being submitted to the Court for ruling.

By: */s/ Chad A. Johnson*
Chad A. Johnson

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served to all counsel of record via ECF on this 22nd day of January, 2019.

*/s/ Richard A. Illmer*
Richard A. Illmer