IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF NA, *et al.*, | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:18-CV-00794-N |
| | § | |
| VICKIE SUE WISE, *et al.*, | § | |
| | § | |
|    Defendants. | § | |

**BOKF NA (The Bank) RESPONSE TO
DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER [DOC. 021]
AND BRIEF IN SUPPORT**

Plaintiff, BOKF NA, ("Bank", "The Bank" or "the Bank of Texas") hereby responds to the Joint Motion for Protective Oder [Doc. 021] filed by Defendants Vickie Sue Wise ("Wise), Carroll "Skip" Davis, Melissa Morgeson Del-Cid, and Hilltop Securities, Inc. (Hilltop), hereinafter Defendants as "Hilltop").

The Defendants' Motion should be denied for the following separate reasons:

1. A motion to dismiss does not halt discovery under applicable law.

2. The Defendants improperly seek to avoid discovery of facts upon which Defendants' Motion to Dismiss is improperly based.

3. The Defendants worked for the Bank.

    **I.**    **A motion to dismiss does not halt discovery under applicable law.**

1.    The Northern District of Texas has repeatedly rejected attempts to avoid discovery due to a pending motion to dismiss. This Court, succinctly set out the known legal tenant in *NU-*

*YOU Technologies, LLC v. Youseff Eltoweissy*, N.D. Tex, 3:15-cv-03434-N Order, Document 43 Filed 07/26/16 at Page 3 of 6.

> In this case, the Defendants' motion for a protective order sought to stay the case until the Court ruled on the Defendants' pending motion to dismiss. Courts have repeatedly rejected this argument. See, e.g., *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482, at *1 (N.D. Tex. 2008) ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss."); *Ford Motor Co. v. U.S. Auto Club, Motoring Div., Inc.,* 2008 WL 2038887, at *1 (N.D. 2008) ("such a stay is the exception rather than the rule"). Nor do the Defendants offer a compelling argument to the contrary. Thus, the Court finds that the Defendants' motion for a protective order was not substantially justified.
>
> This Court then awarded attorneys' fees to the Plaintiff for having to oppose the motion

for protective order. *NU-YOU Technologies, LLC v. Youseff Eltoweissy*, N.D. Tex, 3:15-cv-03434-N Document 49 Filed at 09/27/16 Page 2 of 2.

### II.     The Defendants improperly seek to avoid discovery of the very facts upon which Defendants' Motion to Dismiss is improperly based.

2.     The Bank is a national banking association.  The Bank alleged and alleges that Wise, Davis and Del-Cid were employees of the Bank and of its affiliated Broker Dealer.  [Doc. 001] (Complaint at ¶¶ Introduction, 5, 8, 12, 36, 37, 49, 60, 65, 70, 104, 138, Prayer for Relief); [Doc. 003]  (Verified Application for TRO at Introduction, 5, 7, 10, 19, 20, 22, 30, 31, 32, 47, 51, 64, 70, Prayer for Relief.

3.     Defendants are Hilltop Securities, Inc. (a broker dealer) and individual employees of Hilltop Securities, Inc., Wise, Davis, and Del-Cid, who in concert on the Spring break holiday of 2018 coordinated their simultaneous resignations from BOKF NA (Bank of Texas) and BOKFS (the Broker Dealer), raiding the Bank branch of its client advisor team and initiating a campaign of prohibited solicitation of Bank customers.

4. On April 17, 2018, Defendants filed a Motion to Dismiss [Doc. 12]. As noted in The Bank's Response to the Motion to Dismiss [Doc. 018], FINRA does not have jurisdiction over BOKF NA (the Bank). *Janvey v. Alguire*, 847 F.3d 231 (5th Cir. 2017), cert. denied, 138 S. Ct. 329, 199 L. Ed. 2d 213 (2017); *Bank of Am., N.A. v. UMB Fin. Services, Inc.*, 618 F.3d 906 (8th Cir. 2010).

5. On June 15, 2018, the Defendants participated in discovery, serving Rule 26 disclosures (listing employees and/or representatives of BOKF NA (the Bank) as witnesses). Exhibit 1 (2018-07-15 Defendants Rule 26 Disclosures).

6. The Bank issued discovery pertaining to the Bank's claims and set depositions to be completed before the Discovery Deadline set forth in the Scheduling Order of February 5, 2019. [Doc. 021] (Scheduling Order). [Doc. 024] (The Bank's Notice of Service of Discovery Requests and Exhibit 2 (The Bank's Discovery Requests)[1] and Exhibit 3 (Combined Deposition Notices).[2]

7. The Bank's discovery goes directly to the fact issue that Defendants attempt to avoid this Court's jurisdiction on the Bank's claims: Wise, Davis, and Del-Cid were employees of the Bank. See the following exemplary requests that are directed towards facts relevant to this issue:

**Document Requests**

**Request No. 1:** Produce all documents containing and/or referencing record(s), and/or lists and/or compilations of BOKFNA customer(s)[3] who transferred accounts and/or any part of the customers' accounts ("Transferred Accounts") from

---

[1] Also at: [Doc. 027-002] (The Bank's Combined Discovery Requests).

[2] Also at: [Doc. 027-003] (The Bank's Combined Deposition Notices).

[3] For the avoidance of any doubt, for purposes of these requests "BOKFNA customer" means any person who maintained an account at BOKFNA for any period of time and particularly includes customers listed in BOKFNA's initial disclosures and any supplement(s) thereto.

BOKFNA to Hilltop after Wise and/or Davis and/or Del Cid left BOKFNA, including: (a) the customer's name; (b) the BOKFNA account number(s) before transfer; (c) the Hilltop account number(s) after transfer; (d) the account balance at time of transfer; and (d) the account balance at the time you answered these Requests and/or any supplement thereto.

**Request No. 2:** Produce all documents containing and/or referencing record(s) and/or list(s) and/or compilation and/or record of BOKFNA customer(s) contacted by Hilltop, and/or Wise, and/or Davis, and/or Del-Cid, and/or any combination of Wise, Davis, and/or Del-Cid, from the first time of Wise, Davis, or Del-Cid was first in contact with any representative of Hilltop until the present.

### Requests for Admissions

**Request for Admission No. 1:**  Admit that you were employed by BOKFNA in

the past.

**Request for Admission No. 2:**  Admit that you performed work on behalf of BOKF NA in the past.

### Exemplary Interrogatories

**Interrogatory No. 6:** Identify each established client of BOKFNA with whom you have spoken since your first contact with Hilltop by name, address, telephone number, date of communication, general nature of the communication, and indicate whether you and/or your employer and/or any entity with whom you have a business relationship have/has entered into a business relationship with such person since January 14, 2016. A table has been provided.

8.      As noted, Defendants filed a motion for protective order to avoid all depositions of Defendants. [Doc. 025] (Defendants' Joint Motion for Protective Order).

9.      Defendants also objected and object to all written interrogatories, requests for production of documents and request for admissions issued by the Bank. Exhibit 2 (The Bank's Combined Set of Discovery Requests) and Exhibit 4 (The Defendants responses and objections to all discovery requests.)

10.     The Bank is entitled to discovery showing that the Defendants were employees of the Bank.  Moreover, the Bank is entitled to discovery to establish its claim that Defendants took clients from the Bank.

### III.    The Defendants worked for the Bank (BOKF NA dba Bank of Texas).

11.     BOKF NA (the Bank) was an employer of Wise, Davis, and Del-Cid.  Wise, Davis, and Del-Cid received their pay checks and W-2's from BOKF NA. Exhibit 5.1 (Wise Redacted W-2; Exhibit 5.2 (Davis Redacted W-2); Exhibit 5.3 (Del-Cid Redacted W-2).  The Job History Reports of Wise, Davis, and Del-Cid reflect their employment by BOKF NA.  Exhibit 6.1 (Wise Job History Report); Exhibit 6.2 (Davis Job History Report); Exhibit 6.3 (Del-Cid Job History Report).

12.     Wise has consistently maintained on Wise's own LinkedIn page that Wise and Wise's "team" (Davis and Del-Cid) worked for Bank of Texas.  Exhibit 7 (2018-05-24 Wise LinkedIn); Exhibit 8 (2019-01-30 Wise LinkedIn).



Senior Vice President | Client Advisor
The Private Bank | Bank of Texas
Sep 1998 – Mar 2018 · 19 yrs 7 mos
Dallas/Fort Worth Area

As Senior Vice President and a CERTIFIED FINANCIAL PLANNER™ at Bank of Texas, my team and I had responsibilities for helping high net worth families and individuals, not only with investment planning, but also estate and financial planning. I also worked with many non-profits, institutions and municipalities on their investment management.

### IV.    The Motion Was Filed Without Substantively Meeting And Conferring.

13.     Defendant's counsel did try to schedule a call to meet and confer. Exhibit 9 (2019-01-21 Email of Dorwart's Assistant, Caywood, trying to reschedule a call with Illmer, counsel for Defendants).  However, without a substantive contact to meet and confer, Defendants filed the Motion for Protective Order on January 22, 2019.

## V. Conclusion

Wherefore, for each of the separate and independent reasons above, BOKF NA (the Bank) requests that (i) the Motion for Protective Order be denied, (ii) that discovery not be thwarted by the Defendants, and (iii) this Court grant BOKF NA (the Bank), its fees with respect to the Defendants' Joint Motion for Protective Order and all further relief to which the Bank may be entitled.

Respectfully submitted by,

s/Erica Anne Dorwart
Erica Anne Dorwart, OBA #18367
John D. Clayman
Texas Bar Number 24066338
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
jclayman@fdlaw.com
(918) 583-9922 (Tel.)
(918) 584-2729 (Fax)

Brett S. Field
Texas Bar Number 24050596
STROMBERG STOCK
8750 N. Central Expressway
Suite 625
Dallas, Texas  75231
(972) 458-5353 (Tel.)
(972) 861-5339 (Fax)
brett@strombergstock.com

*Attorneys for Plaintiffs, BOKF, NA*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 20th day of February 2019 that the undersigned electronically transmitted the forgoing document to the following:

Rick Illmer, TX 10388350
Chad Johnson, TX 24026259
Husch Blackwell, LLP
2001 Ross Avenue Suite 2000
Dallas, Texas 75201-2995
Rick.illmer@huschblackwell.com
Chad.Johnson@huschblackwell.com
214-999-6112 (Illmer)
214-999-6173 (Johnson)

*Counsel for all Defendants*

/s/ Erica Anne Dorwart
Erica Anne Dorwart