IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, NA AND BOK FINANCIAL SECURITIES, INC., | § § § | |
| PLAINTIFFS, | § § | |
| v. | § § | |
| VICKIE SUE WISE, RONNIE CARROLL "SKIP" DAVIS, MELISSA MORGESON DEL-CID, HILLTOP HOLDINGS, INC., HILLTOP SECURITIES, INC., HILLTOP SECURITIES INDEPENDENT NETWORK INC., NATIONAL LLOYDS INSURANCE COMPANY, AMERICAN SUMMIT INSURANCE COMPANY, AND PLAINSCAPITAL BANK, | § § § § § § § § § § | CIVIL NO. 3:18-cv-00794 |
| DEFENDANTS. | § § | |

## DEFENDANTS' RULE 26(A) INITIAL DISCLOSURES

I.  **THE NAME AND, IF KNOWN, THE ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION - ALONG WITH THE SUBJECTS OF THAT INFORMATION - THAT THE DISCLOSING PARTY MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS THE USE WOULD BE SOLELY FOR IMPEACHMENT. (RULE 26(A)(1)(A)).**

Employees and/or representatives of BOKF, NA and BOK Financial Securities, Inc. ("BOKFS") including but not limited to:

Pat Staud – branch manager supervising the individual defendants with knowledge of the individual defendants' work, compensation plans, introduction of a competing team in the same branch by Plaintiff, the individual defendants' departure, working conditions at the branch, and departures by others working at the branch.

Vince Manna – representative that the individual defendants were forced by Plaintiff to accept on their team and with whom the individual defendants were forced to share revenues.

| | |
|---|---|
| John Harris - | believed to have knowledge related to investment opportunities diverted from the individual defendants to another, internal, competing group of advisors hired by BOKFS or BOKF, NA. |
| Rick LaFete – | banker with knowledge of changes in compensations plans by Plaintiff and knowledge of instructions from Plaintiff regarding referrals of high net worth individuals to registered representatives for investment services. |
| Andrew Hicks – | Milestone – knowledge of high net worth investment team brought in by Plaintiff to directly compete with the individual defendants' investment team. |
| Scott Powell – | knowledge of toxic working conditions created by Pat Staud and other departures from BOKFS and/or BOKF, NA. |

c/o Erica Anne Dorwart
Frederic Dorwart, Lawyers PLCC
124 East Fourth Street
Tulsa, Oklahoma 74103
edorwart@fdlaw.com
(918) 583-9922


Employees and/or representatives of Hilltop Securities, Inc., including but not limited to:

| | |
|---|---|
| Vicki Wise – | Senior Vice President, Financial Advisor for Hilltop Securities, Inc., in the Private Client Group, and one of the defendants herein, with knowledge of claims and defenses asserted in the case including, but not limited to, the work performed for her former employer, working conditions, reasons for her departure, recruitment by Hilltop Securities, Inc., compensations plans and agreements with Plaintiff, if any, and her resignation of employment. |
| Melissa Del-Cid – | Registered Client Service Associate for Hilltop Securities, Inc., in the Private Client Group, and one of the defendants herein, with knowledge of claims and defenses asserted in the case including, but not limited to, the work performed for her former employer, working conditions, reasons for her departure, recruitment by Hilltop Securities, Inc., compensations plans and agreements with Plaintiff, if any, and her resignation of employment. |
| Ronnie Davis – | Vice President, Financial Advisor for Hilltop Securities, Inc., in the Private Client Group, and one of the defendants herein, with knowledge of claims and defenses asserted in the case including, but not limited to, the work performed for his former employer, |

working conditions, reasons for his departure, recruitment by Hilltop Securities, Inc., compensations plans and agreements with Plaintiff, if any, and his resignation of employment.

Steve Jones –   Regional Direction, Senior Vice President for Hilltop Securities, Inc., with knowledge of the recruitment and employment of the individual defendants.

Jennifer Gomez –   Director of Operations, Wealth Management, for Hilltop Securities, Inc., with knowledge of the recruitment and employment of the individual defendants.

Dave Geschke –   Head of Retail for Hilltop Securities, Inc., with knowledge of the recruitment and employment of the individual defendants.

c/o Richard A. Illmer
Chad A. Johnson
Husch Blackwell LLP
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201-2995
Rick.Illmer@huschblackwell.com
Chad.Johnson@huschblackwell.com
(214) 999-6100


**Non-Party Persons with Knowledge:**

Andrew Smith –   former BOKFS and/or BOKF, NA, employee with knowledge of the toxic work environment and departures by other employees.

Defendants will supplement with contact information.

Barbara Gibbons –   former BOKFS and/or BOKF, NA, employee with knowledge of the toxic work environment and departures by other employees

Defendants will supplement with contact information.

Defendants will supplement this response with additional information as it becomes available.

II.  A COPY OF - OR A DESCRIPTION BY CATEGORY AND LOCATION – OF ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT ARE THE DISCLOSING PARTY HAS IN ITS POSSESSION, CUSTODY, OR CONTROL AND MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS THE USE WOULD BE SOLELY FOR IMPEACHMENT. (RULE 26(A)(1)(B)).

1. Employment/representative agreements between the individual defendants and Hilltop Securities, Inc.

2. Correspondence between the individual defendants and Hilltop Securities, Inc., prior to the individual defendants' departure from BOKFS.

3. Internal Hilltop Securities, Inc., correspondence related to the recruitment and employment of the individual defendants.

4. Correspondence between the individual defendants and the recruiting firm that solicited their employment with Hilltop Securities, Inc.

III. A COMPUTATION OF EACH CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY – WHO MUST ALSO MAKE AVAILABLE FOR INSPECTION AND COPYING AS UNDER RULE 34 THE DOCUMENTS OR OTHER EVIDENTIARY MATERIAL, UNLESS PRIVILEGED OR PROTECTED FROM DISCLOSURE, ON WHICH SUCH COMPUTATION IS BASED, INCLUDING MATERIALS BEARING ON THE NATURE AND EXTENT OF INJURIES SUFFERED. (RULE 26(A)(1)(C)).

Defendants are not claiming damages at this time.

IV. FOR INSPECTION AND COPYING AS UNDER RULE 34 ANY INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A POSSIBLE JUDGMENT IN THE ACTION OR TO INDEMNIFY OR REIMBURSE FOR PAYMENTS MADE TO SATISFY THE JUDGMENT. (RULE 26(A)(1)(D)).

Defendants are not aware of any insurance agreements described in Rule 26(a)(1)(D).

Respectfully submitted,

By: */s/ Richard A. Illmer*
Richard A. Illmer
State Bar No. 10388350
Chad A. Johnson
State Bar No. 24026259

**HUSCH BLACKWELL LLP**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (*facsimile*)
ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

On June 15, 2018, I hereby certify that I have served the below listed counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

*/s/ Richard A. Illmer*
Richard A. Illmer