# HUSCH BLACKWELL

# FAX

**To:**        Erica Dorwart, Frederic Dorwart & John Clayman
**Phone:**
**Fax:**       918-583-8251
**From:**      Rick Illmer / Chad Johnson
**Phone:**     214-999-6100
**Date:**      1/28/2019 4:09:04 PM (Central Time)
**No. of pages:**  37
(including this cover sheet)

_____

**Message:**
Counsel,

Attached please find the following discovery responses concerning the BOKF, NA case:

1.      Defendants' Objections and Answers to Plaintiff BOKF, NA's First Set of Interrogatories;
2.      Defendants' Responses to Plaintiff BOKF, NA's First Requests for Admission; and
3.      Defendants' Objections and Responses to Plaintiff BOKF, NA's First Set of Requests for Production.

Thank you.

PRIVILEGED AND CONFIDENTIAL information intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient(s), please note that any dissemination, distribution or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to the attention of Office Services at Husch Blackwell LLP at 4801 Main Street, Suite 1000, Kansas City, Mo. 64112 via the U.S. Mail.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, NA AND BOK FINANCIAL SECURITIES, INC., | § § § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | |
| VICKIE SUE WISE, RONNIE CARROLL "SKIP" DAVIS, MELISSA MORGESON DEL-CID, HILLTOP HOLDINGS, INC., HILLTOP SECURITIES, INC., HILLTOP SECURITIES INDEPENDENT NETWORK INC., NATIONAL LLOYDS INSURANCE COMPANY, AMERICAN SUMMIT INSURANCE COMPANY, AND PLAINSCAPITAL BANK, | § § § § § § § § § § | CIVIL No. 3:18-cv-00794 |
| DEFENDANTS. | § § | |

---

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF BOKF, NA'S FIRST SET OF REQUESTS FOR PRODUCTION**

---

To:    Plaintiff BOKF, NA, by and through its attorneys of record, Frederic Dorwart, Erica Anne Dorwart, John D. Clayman, Frederic Dorwart Lawyers, 124 East Fourth Street, Tulsa, Oklahoma 74103, jclayman@fdlaw.com, edorwart@fdlaw.com, fdorwart@fdlaw.com, Facsimile (918) 584-2729; and to Brett S. Field, Stromberg Stock, 8750 N. Central Expressway, Suite 625, Dallas, Texas 75231, Facsimile (972) 861-5339, brett@strombergstock.com.

Pursuant to Rule 34 of the Fed. R. Civ. P. Defendants serves this their Objections and

Responses to Plaintiff BOKF, NA's First Set of Requests for Production.

Respectfully submitted,

By:    /s/ Richard A. Illmer
        Richard A. Illmer
        State Bar No. 10388350
        Chad A. Johnson
        State Bar No. 24026259

**HUSCH BLACKWELL LLP**
1900 N. Pearl, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *(facsimile)*
ATTORNEYS FOR THE DEFENDANTS

### CERTIFICATE OF SERVICE

A copy of the foregoing has been served electronically to counsel of record for the Plaintiff via email on this 28th day of January 2019.

Frederic Dorwart
Erica Anne Dorwart
John D. Clayman
Frederic Dorwart Lawyers
124 East Fourth Street
Tulsa, Oklahoma 74103
jclayman@fdlaw.com
edorwart@fdlaw.com
fdorwart@fdlaw.com
Facsimile (918) 584-2729

Brett S. Field
Stromberg Stock
8750 N. Central Expressway, Suite 625
Dallas, Texas 75231
brett@strombergstock.com
Facsimile (972) 861-5339

        /s/ Richard A. Illmer
        Richard A. Illmer

## OBJECTION KEY

The following key shall be used to make objections to the various requests. When an objection is made, it shall be identified by the corresponding number which appears below:

1.      The request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence;

2.      The request is overbroad, vague and ambiguous;

3.      The request is not limited as to time or scope;

4.      The request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature;

5.      The request seeks information which is confidential, proprietary and a trade secret;

6.      The request seeks disclosure of information protected by the attorney-client privilege and the work product exemption;

7.      The request impermissibly seeks discovery of information relevant to retained testifying experts; and

8.      The request seeks documents outside Defendants' possession, custody or control.

An objection identified by the number set forth above shall be treated as if the objection were set forth in its entirety verbatim. Any response following an objection is made subject to the objection without waiving such objection.

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST NO. 1:** Produce all documents containing and/or referencing record(s), and/or lists and/or compilations of BOKFNA customer(s)[1] who transferred accounts and/or any part of the customers' accounts ("Transferred Accounts") from BOKFNA to Hilltop after Wise and/or Davis and/or Del Cid left BOKFNA, including: (a) the customer's name; (b) the BOKFNA account number(s) before transfer; (c) the Hilltop account number(s) after transfer; (d) the account balance at time of transfer; and (d) the account balance at the time you answered these Requests and/or any supplement thereto.

**OBJECTION:**      Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 2:** Produce all documents containing and/or referencing record(s) and/or list(s) and/or compilation and/or record of BOKFNA customer(s) contacted by Hilltop, and/or Wise, and/or Davis, and/or Del-Cid, and/or any combination of Wise, Davis, and/or Del-Cid, from the first time of Wise, Davis, or Del-Cid was first in contact with any representative of Hilltop until the present.

**OBJECTION:**      Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants further object that this request is overbroad, vague and ambiguous. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

---

[1] For the avoidance of any doubt, for purposes of these requests "BOKFNA customer" means any person who maintained an account at BOKFNA for any period of time and particularly includes customers listed in BOKFNA's initial disclosures and any supplement(s) thereto.

**REQUEST NO. 3:** Produce all documents related to the Transferred Accounts identified in REQUEST NO. 1 above, including transfer forms, customer correspondence related to the transfer, new account forms, letters, emails, text messages, social media communications, and all other account documents, related to the transfer and set up of the accounts at Hilltop, and any revenues related thereto.

**OBJECTION:**        Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 4:** Produce documents containing and/or pertaining to records, compilations, and/or summaries that show: (a) gross revenues earned by Hilltop on the Transferred Accounts from the time one of Wise, Davis, and/or Del-Cid, and or any combination thereof, was/were first in contact with any representative of Hilltop until the present; and (b) Wise's and/or Davis' and/or Del-Cid's, and/or any combination thereof's, share of such revenues.

**OBJECTION:**        Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 5:** Produce all documents a summary of all commissions, fees, wages, salary, compensation, income (as defined herein), awards, bonuses, and/or revenues earned, and/or rights to future entitlements, for Wise and/or Davis and/or Del Cid, and/or any combination thereof, at and/or from Hilltop.

**OBJECTION:**        Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 6:** Produce documents and/or summaries of documents and/or information, containing revenues earned by Hilltop attributable or booked to its branches in (a) Dallas County, Texas and/or Tarrant County, Texas, (b) counties contiguous to Dallas County, Texas and/or Tarrant County, Texas, for the calendar years 2016 to the present, and/or (c) a summary of all revenues earned by Hilltop with respect to former BOKFNA customers and/or customers of BOKFNA, pertaining to, and/or as a result of, the efforts of Wise, and/or Davis, and/or Del-Cid, and/or any combination thereof.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 7:** Produce documents containing and/or referencing instructions, including, but not limited to, scripts, instructions, do's and don'ts, sample contact logs, sample documentation records, call log journals, pertaining to whether to contact and/or how to contact customers of a former employer and/or how to announce an employment change, since January 1, 2013.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 8:** Produce documents pertaining to and/or referencing communications to BOKFNA' customers and/or former BOKFNA' customers from the time Wise, and/or Davis, and/or Del-Cid, were first in contact with any representative of Hilltop until the present.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 9:** Produce documents containing communications, of any kind, between Hilltop, Wise, Davis, and/or Del-Cid, and/or any combination thereof, and any BOKFNA customer from the time Wise, and/or Davis,  and/or Del-Cid, were first in contact with any representative of Hilltop until the present. This request includes (without limitation) emails, letters, text messages, social media posts, etc., and includes communications originated by the customers.

**OBJECTION:**          Defendants object that the request seeks information which is confidential, proprietary and a trade secret.  Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature.  Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 10:** Produce all documents, including logs, notes, scripts, electronic communications (including, but not limited to, email, text message, social media communication), etc., reflecting any calls and/or communications by Hilltop, Wise, and/or Davis, and/or Del-Cid, to BOKFNA' customers, from the time Wise, and/or Davis, and/or Del-Cid, were first in contact with any representative of Hilltop until the present.

**OBJECTION:**          Defendants object that the request seeks information which is confidential, proprietary and a trade secret.  Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature.  Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 11:** Produce all documents containing contact information used to generate communications transmitted to BOKFNA' customers by any of the Defendants, from the time Wise, and/or Davis, and/or Del-Cid, were first in contact with any representative of Hilltop until the present.

**OBJECTION:**          Defendants object that the request seeks information which is confidential, proprietary and a trade secret.  Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature.  Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 12:** Produce all documents containing communications between and among Hilltop employees, agents or representatives, and Wise, and/or Davis, and/or Del-Cid, before each of Wise, and/or Davis, and/or Del-Cid, left BOKFNA. This request includes (without limitation) emails, letters, text messages, social media posts, audio recordings, and transmittals of client contact information utilized for mailings sent to BOKF customers, etc.

**OBJECTION:**         Defendants object that the request seeks information which is confidential, proprietary and a trade secret.  Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature.  Additionally, Defendants object that the request seeks disclosure of information protected by the attorney-client privilege and the work product exemption Additionally, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 13:** Produce all documents between and amongst any combination of the Defendants pertaining to the departure of any Defendant from BOKFNA and/or the transition of any Defendant to Hilltop.

**OBJECTION:**         Defendants object that the request seeks information which is confidential, proprietary and a trade secret.  Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature.  Additionally, Defendants object that the request seeks disclosure of information protected by the attorney-client privilege and the work product exemption Additionally, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 14:** Produce all documents containing communications between and among Hilltop and Wise and/or Davis and/or Del Cid after Wise, and/or Davis, and/or Del-Cid, left BOKFNA that pertains to or in any way references Hilltop's recruitment or hiring of Wise, and/or Davis, and/or Del-Cid, and/or employees of BOKFNA since January 1, 2013.

**OBJECTION:**         Defendants object that the request seeks information which is confidential, proprietary and a trade secret.  Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature.  Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 15:** Produce all internal communications among Hilltop employees or representatives related to, or referencing, Hilltop's recruitment or hiring of Wise, and/or Davis, and/or Del-Cid, and/or other employees of BOKFNA since January 1, 2013. This request includes (without limitation) emails, text messages, instant messages, social media posts, audio and/or video recordings, etc.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 16:** Produce all documents containing and/or pertaining to communications between Hilltop, Wise, and/or Davis, and/or Del-Cid, and any third party (i.e. not a party to this case or a BOKFNA customer), related to or referencing Hilltop's recruitment or hiring of Wise, and/or Davis, and/or Del-Cid. This request includes (without limitation) letters, emails, text messages, social media posts, audio recordings, etc.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Additionally, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 17:** Produce all documents containing and/or referencing any customer information, any customer list, customer statements, and/or other document that includes information related to BOKFNA' customers that Hilltop has obtained and/or possessed.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 18:** Produce any communications to and/or from Hilltop, Wise and/or Davis and/or Del Cid related to Hilltop's recruitment or hiring of Wise and/or Davis and/or Del Cid and/or the transition of the Transferred Accounts.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25]. Additionally, Defendants object that the request seeks disclosure of information protected by the attorney-client privilege and the work product exemption.

**REQUEST NO. 19:** Produce any and all documents related to Hilltop's hiring of Wise and/or Davis and/or Del Cid including any employment agreements, loan forgiveness agreements, compensation agreements (deferred or otherwise), or any other document that reflects the terms and conditions of Wise's and/or Davis' and/or Del Cid's employment with Hilltop.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.    Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25]. Additionally, Defendants object that the request seeks disclosure of information protected by the attorney-client privilege and the work product exemption.

**REQUEST NO. 20:** Produce any all documents reflecting and/or pertaining to communications between Wise and Hilltop concerning Hilltop's recruitment of Wise and/or Wise's transition to Hilltop.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.    Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 21:** Produce all documents reflecting and/or pertaining to communications between Davis and Hilltop concerning Hilltop's recruitment and/or hiring of Davis and/or Davis transition to Hilltop.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Additionally, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 22:** Produce all documents reflecting and/or pertaining to communications between Del-Cid and Hilltop concerning Hilltop's recruitment and/or hiring of Del-Cid and/or Del-Cid's transition to Hilltop.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Additionally, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 23:** Produce all documents containing and/or referencing notes of any meeting or communications between or among any Hilltop representative and Wise and/or Davis and/or Del Cid on or before the date of production of responses to BOKFNA' First Set of Discovery Requests to Defendants and/or any supplement thereto.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25]. Additionally, Defendants object that the request seeks disclosure of information protected by the attorney-client privilege and the work product exemption.

**REQUEST NO. 24:**  Produce copies of any documents, lists, calculations or estimates of any kind related to the size of Wise's and/or Davis' and/or Del-Cid's book(s) of business at BOKFNA that Hilltop reviewed, created, analyzed and/or discussed on or before the present date.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret.  Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous.  Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature.  Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].


**REQUEST NO. 25:** Produce copies of all BOKFNA documents and/or documents containing references to BOKFNA records and/or information, of any kind that Wise and/or Davis and/or Del Cid gave to, provided to, showed to, and/or discussed with, any Hilltop representative on or before the present date.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret.  Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous.  Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature.  Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 26:** Produce recruiting and personnel file records and documents for each individual Defendant, including, but not limited to, correspondence, applications, pro formas, summaries of portfolios and/or books of business, resumes, records containing education and/or work histories, draft offer letters, offer letters, acceptance letters, agreements, onboarding materials, records of personal information, pay statements, pay record summaries, records of commissions, W-2's, 1099's, loans, promissory notes, financial statements, documents pertaining to financial incentives, records of any disciplinary action, whether formal or informal, and/or agreements regarding indemnities and/or the payment of attorneys' fees pertaining to claims made or to be made by BOKFNA.

**OBJECTION:**      Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25]. Additionally, Defendants object that the request seeks disclosure of information protected by the attorney-client privilege and the work product exemption.


**REQUEST NO. 27:** Produce social media account documents/profiles for each individual Defendant, and/or, for Hilltop, posts referencing each individual Defendant, including, but not limited to: LinkedIn, Facebook, Instagram, and/or other social media account.

**OBJECTION:**      Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 28:** Produce all documents pertaining to comparisons of BOKFNA' costs and/or pricing structures to Hilltop costs and/or pricing structures pertaining to communications with BOKFNA customers and/or BOKFNA former customers, including, but not limited to, those customers or former customers who transferred accounts and/or interests to Hilltop and/or customers of former customers who were contacted by any of the Defendants.

**OBJECTION:**        Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 29:** Produce all documents containing reasons the individual Defendants decided to change firms and/or pertaining to the reasons the individual Defendants decided to change firms.

**OBJECTION:**        Defendants object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 30:** Produce personal tangible items containing contact information of BOKFNA' customers and/or former BOKFNA' customers for each of the following persons: Wise and/or Davis and/or Del Cid.

**OBJECTION:**        Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 31:** Produce all documents pertaining to calculation of BOKFNA' damages, including, but not limited to documents or other evidentiary materials upon which each computation is based.

**OBJECTION:**     Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 32:** Produce all documents pertaining to communications by and/or on behalf of each Defendant with state securities' regulators, and/or a potential subsequent employer and/or subsequent employer, regarding these matters, and/or any communications transmitting the foregoing. This request specifically includes, but is not limited to a request to produce: all investigations, charges, and/or findings by any regulator (state, federal or self-regulatory organization) pertaining to each Defendant and each Defendant's respective responses to such investigations, charges, or findings for Defendant's conduct pertaining to violation of restrictive covenants, duties of loyalty, confidentiality of customer information, trade secrets, and/or raiding, since January 1, 2013.

**OBJECTION:**     Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**There was no Request No. 33.**

**REQUEST NO. 34:** Produce all documents obtained from any source relating to transactions to and/or from BOKFNA, and all materials BOKFNA customers received from any source relating to other investment opportunities, including research reports, sales literature, performance or risk data, prospectuses, and other offering documents, including documents intended or identified as being "for internal use only," and worksheets or notes.

**OBJECTION:**     Defendants object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 35:** All documents containing and/or referencing written statements by persons with information regarding the facts and circumstances pertaining to departure of a Defendant from BOKFNA and/or transition to employment with Defendant Hilltop entities, including those by accountants, tax advisors, financial planners, associated persons, and any other third party.

**OBJECTION:**      Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request seeks disclosure of information protected by the attorney-client privilege and the work product exemption Additionally, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 36:** Hilltop's policies and procedures for the time period at issue, including, but not limited to, standards of conduct, code of ethics, instructions regarding client and/or client prospect communications, and each Defendant's respective acknowledgement of each framework, policy, procedure, and/or practice and any onboarding and/or training materials regarding same.

**OBJECTION:**      Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 37:** All sections for all of BOKFNA standards of conduct, code of ethics, policies, procedures, practices, and each Defendant's respective acknowledgement of each framework, policy, procedure, and/or practice and any onboarding and/or training materials, and all updates thereto, in the possession and/or control of Defendants.

**OBJECTION:**      Defendants object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 38:** All recordings, telephone logs, mobile phone records, texts, instant messages, and notes/logs of telephone calls and/or conversations about the transactions at issue that occurred between the Defendants and a BOKFNA or former BOKFNA customer (and any person purporting to act on behalf of a BOKFNA for former BOKFNA customer and/or on behalf of an account in which a BOKFNA or former BOKFNA customer had an interest.

**OBJECTION:**      Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 39:**      Produce all demand letters transmitted to Hilltop and/or claims, complaints, and/or petitions filed against Hilltop and/or Hilltop personnel Texas alleging violation of restrictive covenants, duties of loyalty, confidentiality of customer information, trade secrets, and/or raiding, since January 1, 2013.

**OBJECTION:**      Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 40:** Produce all transcripts of depositions and/or testimony of Hilltop personnel pertaining to claims, complaints, and/or petitions filed against Hilltop and/or Hilltop personnel alleging violation of restrictive covenants, duties of loyalty, confidentiality of customer information, trade secrets, and/or raiding, since January 1, 2013.

**OBJECTION:**      Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 41:** Produce all documents referencing and/or containing analyses by Hilltop of the costs/benefits of violation of restrictive covenants, duties of loyalty, confidentiality of customer information, trade secrets, and/or raiding, since January 1, 2013.

**OBJECTION:**        Defendants object that the request seeks information which is confidential, proprietary and a trade secret. Defendants also object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is not limited as to time or scope and is overbroad, vague and ambiguous. Additionally, Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendant objects based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 42:** Produce all documents each Defendant relied/relies/intends to rely upon in defense of BOKFNA' Claims.

**OBJECTION:**        Defendants object that they are not required to marshal all evidence in response to a discovery request. Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 43:**  Produce all documents provided to any potential expert and/or expert pertaining to these matters.

**OBJECTION:**        Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**REQUEST NO. 44:** Produce all tangible items upon which requested documents may be maintained. BOKFNA is willing to work out a protocol whereby tangible items are delivered to a mutually acceptable forensic vendor for preservation and extraction of responsive documents.

**OBJECTION:**        Defendants object that this request is vague and ambiguous. Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, NA AND BOK FINANCIAL SECURITIES, INC., | § § § | |
| PLAINTIFFS, | § § § | |
| V. | § § | |
| VICKIE SUE WISE, RONNIE CARROLL "SKIP" DAVIS, MELISSA MORGESON DEL-CID, HILLTOP HOLDINGS, INC., HILLTOP SECURITIES, INC., HILLTOP SECURITIES INDEPENDENT NETWORK INC., NATIONAL LLOYDS INSURANCE COMPANY, AMERICAN SUMMIT INSURANCE COMPANY, AND PLAINSCAPITAL BANK, | § § § § § § § § § § | CIVIL NO. 3:18-cv-00794 |
| DEFENDANTS. | § § | |

---

**DEFENDANTS' RESPONSES TO
PLAINTIFF BOKF, NA'S FIRST REQUESTS FOR ADMISSION**

---

To:   Plaintiff BOKF, NA, by and through its attorneys of record, Frederic Dorwart, Erica Anne Dorwart, John D. Clayman, Frederic Dorwart Lawyers, 124 East Fourth Street, Tulsa, Oklahoma 74103, jclayman@fdlaw.com, edorwart@fdlaw.com, fdorwart@fdlaw.com, Facsimile (918) 584-2729; and to Brett S. Field, Stromberg Stock, 8750 N. Central Expressway, Suite 625, Dallas, Texas 75231, Facsimile (972) 861-5339, brett@strombergstock.com.

Pursuant to Rule 36 of the Fed. R. Civ. P. Defendants serve their Responses to Plaintiff

BOKF, NA's First Requests for Admission.

Respectfully submitted,

By:   */s/ Richard A. Illmer*
      Richard A. Illmer
      State Bar No. 10388350
      Chad A. Johnson
      State Bar No. 24026259

**HUSCH BLACKWELL LLP**
1900 N. Pearl, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *(facsimile)*
ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served electronically to counsel of record for the Plaintiff via email on this 28th day of January 2019.

Frederic Dorwart
Erica Anne Dorwart
John D. Clayman
Frederic Dorwart Lawyers
124 East Fourth Street
Tulsa, Oklahoma 74103
jclayman@fdlaw.com
edorwart@fdlaw.com
fdorwart@fdlaw.com
Facsimile (918) 584-2729

Brett S. Field
Stromberg Stock
8750 N. Central Expressway, Suite 625
Dallas, Texas 75231
brett@strombergstock.com
Facsimile (972) 861-5339

*/s/ Richard A. Illmer*
Richard A. Illmer

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  Admit that you were employed by BOKFNA in the past.

**OBJECTION:**          Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**          Subject to and without waiving the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 2:**  Admit that you performed work on behalf of BOKFNA in the past.

**OBJECTION:**          Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**          Subject to and without waiving the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 3:**  Admit that BOKFNA maintained its confidential data confidentially, using secure access, locks and keys, confidential employee identifiers and passwords, and Standards of Conduct, and policies and procedures.

**OBJECTION:**          Defendants object that this request is compound, not separately stated. Defendants further object that this request is vague and ambiguous.  Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**          Subject to and without waiving the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 4:**  Admit that as an employee of BOKFNA, you were obligated to adhere to Standards of Conduct at Doc. 001-001 (Complaint at Exhibits at Exhibit 12 (Standards of Conduct)).

**OBJECTION:**          Defendants object that this request assumes facts not admitted. Defendants further object that this request is compound, not separately stated.  Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**          Subject to and without waiving the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 5:**  Admit that by Agreement, you were obligated to provide thirty (30) days' notice of your departure from employment.

**OBJECTION:**        Defendants object that this request assumes facts not admitted. Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**        Subject to and without waiving the foregoing objections, deny.


**REQUEST FOR ADMISSION NO. 6:**  Admit that your BOKF incentive plan included an agreement not to solicit.

**OBJECTION:**        Defendants object that this request assumes facts not admitted. Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**        Subject to and without waiving the foregoing objections, deny.


**REQUEST FOR ADMISSION NO. 7:**  Admit that you resigned employment without notice on Friday, March 23, 2018.

**OBJECTION:**        Defendants object that this request is vague and ambiguous. Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**        Subject to and without waiving the foregoing objections, deny.


**REQUEST FOR ADMISSION NO. 7[SIC]:**  Admit that Wise, Davis, and Del-Cid, resigned employment without notice on Friday, March 23, 2018.

**OBJECTION:**        Defendants object that this request is vague and ambiguous. Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**        Subject to and without waiving the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 8:**  Admit that your printed BOKF records containing confidential customer information on or after March 9, 2018.

**OBJECTION:**        Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object that the request is vague and ambiguous.  Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**        Subject to and without waiving the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 9:**  Admit that Wise presented three labeled envelopes with access items for Wise, Davis, and Del-Cid on March 23, 2018 to Patrick Staudt.

**OBJECTION:**        Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object that the request is vague and ambiguous.  Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**        Subject to and without waiving the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 10:**  Admit that at Hilltop you share a revenue stream with the other individual defendants (one or more of Wise, Davis, and Del-Cid) to this litigation.

**OBJECTION:**        Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object that the request is vague and ambiguous.  Defendants also object that the request seeks information which is confidential, proprietary and/or a trade secret.  Defendants further Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**        Subject to and without waiving the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 11:**  Admit that you contacted a BOKFNA customer on behalf of yourself on March 23, 2018.

**OBJECTION:**     Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object that the request is overbroad, vague and ambiguous.  Defendants also object that the request is not limited as to time or scope.  Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**     Subject to and without waiving the foregoing objections, deny.


**REQUEST FOR ADMISSION NO. 12:**  Admit that you contacted a BOKFNA customer on behalf of Hilltop on March 23, 2018.

**OBJECTION:**     Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object that the request is overbroad, vague and ambiguous.  Defendants also object that the request is not limited as to time or scope.  Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**     Subject to and without waiving the foregoing objections, deny.


**REQUEST FOR ADMISSION NO. 13:**  Admit that you were registered by FINRA at Hilltop as of March 23, 2018.

**OBJECTION:**     Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**     Subject to and without waiving the foregoing objections, deny.


**REQUEST FOR ADMISSION NO. 14:**  Admit that you received a demand letter from BOKFNA on or before March 24, 2018.

**OBJECTION:**     Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**     Subject to and without waiving the foregoing objections, deny.


**REQUEST FOR ADMISSION NO. 15:**  Admit that your agent received a demand letter from BOKFNA on or before March 24, 2018.

**OBJECTION:**     Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**     Subject to and without waiving the foregoing objections, deny.


**REQUEST FOR ADMISSION NO. 16:**  Admit that you solicited a BOKFNA customer on or after March 23, 2018.

**OBJECTION:**     Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object that the request is overbroad, vague and ambiguous.  Defendants also object that the request is not limited as to time or scope.  Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**     Subject to and without waiving the foregoing objections, deny.


**REQUEST FOR ADMISSION NO. 17:**  Admit that you solicited a BOKFNA customer on or after March 23, 2018.

**OBJECTION:**     Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object that the request is overbroad, vague and ambiguous.  Defendants also object that the request is not limited as to time or scope.  Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].  Defendants also object that this request is duplicative of Request for Admission No. 16.

**RESPONSE:**     Subject to and without waiving the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 18:**  Admit that following contact from you, a BOKFNA customer transferred an account to Hilltop.

**OBJECTION:**      Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object that the request is overbroad, vague and ambiguous.  Defendants also object that the request is not limited as to time or scope.  Defendants also object that this request assumes facts not admitted.  Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**      Subject to and without waiving the foregoing objections, deny.


**REQUEST FOR ADMISSION NO. 19:**  Admit that you received incentive pursuant to a BOKFNA incentive plan for plan year 2016.

**OBJECTION:**      Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object that the request is overbroad, vague and ambiguous.  Defendants also object that this request assumes facts not admitted. Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**      Subject to and without waiving the foregoing objections, deny.


**REQUEST FOR ADMISSION NO. 20:**  Admit that you received incentive pursuant to a BOKFNA incentive plan for plan year 2017.

**OBJECTION:**      Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object that the request is overbroad, vague and ambiguous.  Defendants also object that this request assumes facts not admitted.  Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**      Subject to and without waiving the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 20 [SIC]:** Admit that you received incentive pursuant to a BOKFNA incentive plan for plan year 2018.

**OBJECTION:**      Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that the request is overbroad, vague and ambiguous. Defendants also object that this request assumes facts not admitted. Defendants further object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**RESPONSE:**      Subject to and without waiving the foregoing objections, deny.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, NA AND BOK FINANCIAL SECURITIES, INC., | § § § | |
| PLAINTIFFS, | § § § | |
| V. | § § | |
| VICKIE SUE WISE, RONNIE CARROLL "SKIP" DAVIS, MELISSA MORGESON DEL-CID, HILLTOP HOLDINGS, INC., HILLTOP SECURITIES, INC., HILLTOP SECURITIES INDEPENDENT NETWORK INC., NATIONAL LLOYDS INSURANCE COMPANY, AMERICAN SUMMIT INSURANCE COMPANY, AND PLAINSCAPITAL BANK, | § § § § § § § § § § | CIVIL NO. 3:18-cv-00794 |
| DEFENDANTS. | § § | |

---

**DEFENDANTS' OBJECTIONS AND ANSWERS TO
PLAINTIFF BOKF, NA'S FIRST SET OF INTERROGATORIES**

---

To:     Plaintiff BOKF, NA, by and through its attorneys of record, Frederic Dorwart, Erica Anne Dorwart, John D. Clayman, Frederic Dorwart Lawyers, 124 East Fourth Street, Tulsa, Oklahoma 74103, jclayman@fdlaw.com, edorwart@fdlaw.com, fdorwart@fdlaw.com, Facsimile (918) 584-2729; and to Brett S. Field, Stromberg Stock, 8750 N. Central Expressway, Suite 625, Dallas, Texas 75231, Facsimile (972) 861-5339, brett@strombergstock.com.

Pursuant to Rule 33 of the Fed. R. Civ. P. Defendants serve this their Objections and

Answers to Plaintiff BOKF, NA's First Set of Interrogatories.

Respectfully submitted,

By:     /s/ Richard A. Illmer
        Richard A. Illmer
        State Bar No. 10388350
        Chad A. Johnson
        State Bar No. 24026259

**HUSCH BLACKWELL LLP**
1900 N. Pearl, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (facsimile)
ATTORNEYS FOR THE DEFENDANTS

### CERTIFICATE OF SERVICE

A copy of the foregoing has been served electronically to counsel of record for the Plaintiff via email on this 28th day of January 2019.

Frederic Dorwart
Erica Anne Dorwart
John D. Clayman
Frederic Dorwart Lawyers
124 East Fourth Street
Tulsa, Oklahoma 74103
jclayman@fdlaw.com
edorwart@fdlaw.com
fdorwart@fdlaw.com
Facsimile (918) 584-2729

Brett S. Field
Stromberg Stock
8750 N. Central Expressway, Suite 625
Dallas, Texas 75231
brett@strombergstock.com
Facsimile (972) 861-5339

                                    /s/ Richard A. Illmer
                                    Richard A. Illmer

## OBJECTION KEY

The following key shall be used to make objections to the various requests. When an objection is made, it shall be identified by the corresponding number which appears below:

1.    The request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence;

2.    The request is overbroad, vague and ambiguous;

3.    The request is not limited as to time or scope;

4.    The request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature;

5.    The request seeks information which is confidential, proprietary and a trade secret;

6.    The request seeks disclosure of information protected by the attorney-client privilege and the work product exemption;

7.    The request impermissibly seeks discovery of information relevant to retained testifying experts; and

8.    The request seeks documents outside Defendants' possession, custody or control.

An objection identified by the number set forth above shall be treated as if the objection were set forth in its entirety verbatim. Any response following an objection is made subject to the objection without waiving such objection.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person answering these interrogatories and/or requests for information, each person who was consulted or assisted in answering the interrogatories and/or request for information, and those persons from whom information was sought or obtained in connection with the preparation of the answers, and specify which interrogatory (request for information) each person answered or assisted in answering by name, address, telephone number, date of communication, and general nature of communication. A table has been provided.

| | Person | Address | Telephone Number | Date of Communication | General Nature of Communication |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**OBJECTION:** Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**INTERROGATORY NO. 2:** Identify each document used and/or to be used by each Defendant in defense of these matters. A table has been provided.

**OBJECTION:** Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**INTERROGATORY NO. 3:** Identify each person with whom you have communicated regarding the facts supporting your defenses in this arbitration by name of person, address of person, telephone number, date of conversation, and general nature of the communication. A table has been provided.

| | Person | Address | Telephone Number | Date of Communication | General Nature of Communication |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**OBJECTION:** Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25]. Additionally, Defendants object that the request seeks disclosure of information protected by the attorney-client privilege and the work product exemption.

**INTERROGATORY NO. 4:** State whether you expect to call any expert witness at the trial of this case. If so, state the following with respect to each such expert witness:

    a.  Name and contact information;

    b.  the expert's qualifications to testify as an expert on the subject matter;

    c.  subject matter(s) on which the expert is expected to testify;

    d.  the facts known to the expert and/or assumed by the expert (regardless of when such factual information was acquired) which relate to, or form the basis of, the mental impressions and opinions held by the expert;

    e.  identify all documents and tangible things, reviewed and/or created, including, but not limited to: letters; memoranda; reports; physical models; photographs; compilations of data; calculations; tests; notations; supporting data; and other written material prepared by the expert in anticipation of the expert's trial or deposition testimony in this case or prepared by the expert for use in consultation (even though prepared in anticipation of litigation or for trial) and which forms a basis, in whole or in part, of the opinions held by the expert; and

    f.  state the name and address and mental impressions and opinions held by any expert retained or specially employed by you in anticipation of litigation or preparation for trial who was used for consultation and who is not expected to be called as a witness at trial, whose work product forms a basis, in whole or in part, of the opinion, of the expert.

**OBJECTION:** Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**INTERROGATORY NO. 5:** Identify any and all social networking sites (including but not limited to LinkedIn, MySpace, FaceBook, Instagram, Snapchat, Twitter, etc.) that You belong to or previously belonged to since approximately January 1, 2013 by social networking site and identification for social networking site (ID).

**OBJECTION:** Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that the request is overbroad, vague and ambiguous. Defendants also object that the request is not limited as to time or scope. Further, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**INTERROGATORY NO. 6:** Identify each established client of BOKFNA with whom you have spoken since your first contact with Hilltop by name, address, telephone number, date of communication, general nature of the communication, and indicate whether you and/or your employer and/or any entity with whom you have a business relationship have/has entered into a business relationship with such person since January 14, 2016. A table has been provided.

| | Name of Client | Client Address | Client Telephone Number | Date of Communication | General Nature of Communication | Business relationship since first contact with Hilltop. |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

**OBJECTION:** Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that the request is overbroad, vague and ambiguous. Defendants also object that the request is not limited as to time or scope. Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Defendants also object that the request seeks information which is confidential, proprietary and a trade secret. Further, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**INTERROGATORY NO. 7:** Identify all individuals who were involved in Hilltop's recruitment or hiring of each of Wise and/or Davis and/or Del Cid and, for each such person, state: (a) the individual's dates of employment with Hilltop; (b) positions with Hilltop from the time Hilltop first contacted an individual Defendant through the date of this response and/or any supplement thereto; (c) each individual's respective role in the recruitment and/or hiring process; (d) the nature of any communications with Wise and/or Davis and/or Del-Cid; and (e) the date and time of such communications. A table has been provided.

| | Name of Individual | Position with Hilltop | Role in Recruitment/Hiring Process | Nature Communication | General Nature of Communication | Date and Time of Communication |
|---|---|---|---|---|---|---|
| | | | | | | |

**OBJECTION:** Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that the request is overbroad, vague and ambiguous. Defendants also object that the request is not limited as to time or scope. Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Defendants also object that the request seeks information which is confidential, proprietary and a trade secret. Further, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**INTERROGATORY NO. 8:** Identify all individuals who were involved in Hilltop's creation of the instructions and/or script and/or do's and don'ts of communications, approved by Hilltop for contact with BOKFNA customers regarding Wise's and/or Davis' and/or Del-Cid's transition to Hilltop. For each such person, state: (a) the individual's respective dates of employment with Hilltop (if applicable); (b) the individual's positions with Hilltop as of January 1, 2013 and today; (c) the individual's role in the creation of the instructions and/or script and/or do's and don'ts of communications; and (d) the dates when the individual began and ended work on the creation of the instructions and/or script and/or do's and don'ts of communications.

**OBJECTION:** Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that the request is not limited as to time or scope. Further, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25]. Additionally, Defendants object that the request seeks disclosure of information protected by the attorney-client privilege and the work product exemption

**INTERROGATORY NO. 9:** Identify each witness each Defendant expects to call at the evidentiary hearing in this matter, and state: (a) the individual's job title; and (b) the areas of expected testimony; and (c) contact information.

**OBJECTION:** Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**INTERROGATORY NO. 10:** Identify each of the Defendant's respective process for preservation of all electronically stored information related to this case including, but not limited to: (a) who determined the scope of the information to be preserved; (b) the location of the information to be preserved; (c) how it was preserved; (d) by whom it was preserved; (e) when it was preserved; and (f) where it was preserved.

**OBJECTION:** Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25]. Additionally, Defendants object that the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Additionally, Defendants object that the request seeks information which is confidential, proprietary and a trade secret.

**INTERROGATORY NO. 11:** Set forth in detail and identify all commissions, fees, wages, salary, compensation, income (as defined herein), awards, bonuses, and/or revenues earned, and/or rights to future entitlements, for each Defendant pertaining to a former BOKFNA customer.

**OBJECTION:** Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that the request is overbroad, vague and ambiguous. Defendants also object that the request is not limited as to time or scope. Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Defendants also object that the request seeks information which is confidential, proprietary and a trade secret. Further, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**INTERROGATORY NO. 12:** Set forth in detail and identify all revenues earned by each Defendant pertaining to a former BOKFNA affiliate customer.

**OBJECTION:** Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that the request is overbroad, vague and ambiguous. Defendants also object that the request is not limited as to time or scope. Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Defendants also object that the request seeks information which is confidential, proprietary and a trade secret. Further, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**INTERROGATORY NO. 13:** Set forth in detail and identify the source(s) of income for each individual Defendant since each Defendant was first contacted by Hilltop and/or a representative and/or agent for Hilltop.

**OBJECTION:** Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that the request is overbroad, vague and ambiguous. Defendants also object that the request is not limited as to time or scope. Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Defendants also object that the request seeks information which is confidential, proprietary and a trade secret. Further, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].

**INTERROGATORY NO. 14:** Set forth in detail and identify all financial incentives provided to each individual Defendant in connection with the individual Defendant's departure from BOKFNA and/or transition to Hilltop.

**OBJECTION:** Defendants object that this request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that the request is overbroad, vague and ambiguous. Defendants also object that the request is not limited as to time or scope. Defendants object that the request is unduly burdensome and is designed to incur such unnecessary expense as to be characterized harassing in nature. Defendants also object that the request seeks information which is confidential, proprietary and a trade secret. Further, Defendants object based upon the arguments made in Defendants' Motion for Protective Order and to Quash Deposition Notices filed on January 22, 2019 [Dkt. 25].