IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, NA AND BOK FINANCIAL SECURITIES, INC., | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | |
| VICKIE SUE WISE, RONNIE CARROLL "SKIP" DAVIS, MELISSA MORGESON DEL-CID, HILLTOP HOLDINGS, INC., HILLTOP SECURITIES, INC., HILLTOP SECURITIES INDEPENDENT NETWORK INC., NATIONAL LLOYDS INSURANCE COMPANY, AMERICAN SUMMIT INSURANCE COMPANY, AND PLAINSCAPITAL BANK, | § § § § § § § § § | CIVIL NO. 3:18-cv-00794 |
| DEFENDANTS. | § § | |

---

### DEFENDANTS' MOTION TO STAY IN FAVOR OF ARBITRATION

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME, Defendants Vickie Sue Wise ("Wise"), Ronnie Carroll "Skip" Davis ("Davis") Melissa Morgeson Del-Cid ("Del-Cid"), Hilltop Securities, Inc., and Hilltop Independent Network, Inc. (collectively, the "Defendants"), and, move the Court to Stay this cause until the conclusion of the concurrent arbitration on these matters pending before FINRA, as more fully set forth below:

### SUMMARY OF ARGUMENT

1.    The Court should grant this Motion and enter an Order staying these proceedings until the conclusion of the FINRA arbitration for the following reasons:

• The Federal Lawsuit and the FINRA Arbitration are based on the same operative facts;

- The claims asserted in the Federal Lawsuit and the FINRA Arbitration are inherently inseparable;

- The Federal Lawsuit could have a critical impact on the FINRA Arbitration; and

- There is an inherent risk of inconsistent outcomes allowing both the lawsuit and the arbitration to proceed separately.

## PROCEDURAL BACKGROUND

2.    On March 30, 2018, Plaintiff filed its Complaint with Verified Request for Injunctive Relief and its Emergency Verified Application for Injunctive Relief (the "Lawsuit"). [Dkt. Nos. 1 and 3]  At the time of that filing, BOKFS was also a plaintiff.  In filing the Lawsuit, Plaintiffs requested that the Court issue a Temporary Restraining Order and Preliminary Injunction against Defendants from using Plaintiffs' alleged confidential information and contacting and/or soliciting Plaintiffs' customers. *Id.*

3.    That same day, BOKFS filed a Statement of Claim Including Claim for Injunctive Relief ("Statement of Claim") with the Financial Industry Regulatory Authority ("FINRA") against the Defendants (the "Arbitration"). The Statement of Claim is based on the exact same facts and asserts the exact same claims that are set forth in Plaintiffs' Complaint.[1]  BOKFS filed the FINRA arbitration because as a FINRA member firm it is required to resolve all disputes with other FINRA members, including the Defendants, through binding arbitration before FINRA.  The Arbitration is currently scheduled for the week of May 13, 2019.

4.    On April 9, 2018, this Court denied Plaintiffs' Application for Injunctive Relief due to Plaintiffs' failure to show a likelihood of success on the merits. [Dkt. No. 11].

5.    On December 28, 2018, in the Lawsuit, Plaintiff served a set of discovery on Defendants consisting of forty-four (44) requests for production, fourteen (14) interrogatories,

---

[1]    A true and correct copy of the FINRA Statement of Claim is attached hereto as Exhibit "A." [APP. 00001 – 00382].

and twenty (20) requests for admission.[2]  In addition, on January 17, 2019, Plaintiff served deposition notices for Defendants Del-Cid (January 30, 2019), Davis (January 31, 2019), and Wise (February 1, 2019) (collectively, the "Deposition Notices").[3]

## ARGUMENT AND AUTHORITIES

## I.    The Court Should Stay This Lawsuit until the Conclusion of the FINRA Arbitration.

6.    There is one written arbitration agreement between the individual Defendants and BOKFS.  The arbitration provision is contained in the form-U4, §15a(5).  The Defendants herein, together with the Claimant in the FINRA Arbitration—Plaintiff's sister company—are FINRA members and, as such, are compelled to resolve their dispute in binding arbitration before FINRA.  Thus, for all intents and purposes, the Court should treat this matter as if there were, in fact, an arbitration agreement, to which only BOK, NA is a non-signatory.  In such instances, the Fifth Circuit holds that, pursuant to 9 U.S.C. §3, a stay of the litigation is mandatory if (1) the arbitration and litigation involve the same operative facts; (2) the claims asserted are 'inherently inseparable'; and (3) litigation could have a 'critical impact' on the arbitration.  *See Waste Management, Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343-345 (5th Cir. 2004).  Additionally, BOKFS and Hilltop Securities are required to arbitrate under FINRA Rule 13200(a).[4]

---

[2]    A true and correct copy of [Plaintiff's] First Set of Combined Discovery Requests is attached hereto as Exhibit "B." [APP. 00383 – 00421]

[3]    The Deposition Notices were automatically quashed due to the timely filing of Defendants' Motion for Protective Order and to Quash Depositions.

[4]    Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:
• Members;
• Members and Associated Persons; or
• Associated Persons.

7.      All three factors identified in *Waste Management* are satisfied in the instance case and, as such, the Court should stay this cause until the conclusion of the FINRA Arbitration.  As noted by the Fifth Circuit, "[t]he question is not ultimately one of weighing potential harm to the interests of the non-signatory, but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration."  *Id*. at 343 *citing Adams v. Ga. Gulf Corp.*, 237 F.3d 538, 541 (5th Cir. 2001).  Although *Waste Management* involved a non-signatory seeking the stay—as opposed to the instant case where it is the non-signatory's pursuit of the Lawsuit that will impact the Arbitration—the analysis should be the same.  Plaintiff's choice to pursue claims in separate forums simultaneously will undoubtedly impact the right to a meaningful arbitration if the Lawsuit is not stayed.

### A.      The Lawsuit and Arbitration are based on the same operative facts.

8.      Without question the Lawsuit and the companion Arbitration are based on the same operative facts.  A comparison between the Complaint and the Statement of Claim reveals that the operative facts alleged are identical.  Indeed, even the exhibits attached to the Complaint and the Statement of Claim are identical.   Both cases rely on the same Representative Agreements and Incentive Plans, allege the same conduct, assert the same causes of action, and seek the same forms of relief.  As a result, the first factor mandating a stay is satisfied.

### B.      The Claims in the Lawsuit and the Arbitration are inherently inseparable.

9.      Similarly, the claims in the Lawsuit and the Arbitration are inherently inseparable.  Even non-identical claims are inseparable when they merely seek different remedies for the same conduct.  *See Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000).  Here the claims in the Lawsuit and the Arbitration are inseparable because they are identical and seek the same relief.  Plaintiff asserts the exact same liability by Defendants, which is based on the same facts and legal theories, as is asserted by Plaintiff's sister company, BOK Financial Securities, Inc. ("BOKFS"),

in the FINRA Arbitration.  The claims in both proceedings will involve analysis of the exact same theories of law and causes of action and application to the same set of facts.  Indeed, the only difference at all is Plaintiff's assertion that the Individual Respondents were simultaneously employed by the two sister companies. Because the claims are inherently inseparable, the second factor for granting the stay is satisfied.

### C.    The Lawsuit could have a critical impact on the Arbitration.

10.    The third factor for a stay of the case is also satisfied because it is clear that allowing the Lawsuit to proceed could have a critical impact on the Arbitration.  The arbitrators are likely to be influenced by the binding judgments and rulings of this Court.  In addition, proceeding on the same facts and claims in two forums carries the inherent risk of inconsistent outcomes.  Further, Plaintiff seeks to avoid the strict discovery limitations in the FINRA arbitration by simply conducting discovery in this case that it cannot conduct in arbitration.  As a result, the Court should stay the Lawsuit until the conclusion of the Arbitration.

### 1.    The Federal Lawsuit Risks Influencing the Arbitration.

11.    Given the binding effect of rulings, findings and/or a judgment by this Court, the arbitrators will "necessary be strongly influenced to follow the court's determination."  *Waste Management, Inc.*, 372 F.3d at 345.  As noted by the Fifth Circuit, this is particularly true where, as here, the claims share "factual similarities."  *Id*.  In the instant case the Lawsuit and Arbitration do not share just "factual similarities"; instead, they share identical facts and claims. Indeed, even every exhibit attached to the Complaint and Statement of Claim are identical. Given the identical nature of the two cases it is without question that rulings from this Court could influence the arbitration.  A stay is required to avoid any potential influence.

      **2.**    **The Federal Lawsuit Risks Inconsistent Outcomes.**

12.    In addition to the risk of influence, having two proceedings on the same facts and same claims proceed at the same time in two different forums carries the real risk of inconsistent outcomes. Given this very real risk the lawsuit should be stayed. *See Waste Management, Inc.*, 372 F.3d at 345 (risk of inconsistent results is a consideration in staying the litigation).

      **3.**    **Plaintiff seeks Discovery that Could Not be Obtained in the Arbitration.**

13.    This Lawsuit could further impact the Arbitration because of the vast differences in allowable discovery between a Federal Lawsuit and a FINRA Arbitration. Discovery in a FINRA Arbitration is much more limited than under the Federal Rules of Civil Procedure. Thus, Plaintiff seeks through this case to conduct discovery that cannot be obtained in the FINRA Arbitration. For example, FINRA Arbitration Rule 13506 states:

> Parties may request documents or information from any party by serving a written request on the party. *Requests for information are generally limited to identification of individuals, entities, and time periods related to the dispute; such requests should be reasonable in number and not require narrative answers or fact finding. Standard interrogatories are generally not permitted in arbitration.* (Emphasis added.)

14.    In addition, FINRA Arbitration Rule 13510 further provides:

> *Depositions are strongly discouraged in arbitration.* Upon motion of a party, the panel may permit depositions, but only under very limited circumstances, including:
>
> - To preserve the testimony of ill or dying witnesses;
>
> - To accommodate essential witnesses who are unable or unwilling to travel long distances for a hearing and may not otherwise be required to participate in the hearing;
>
> - To expedite large or complex cases;
>
> - In cases involving claims of statutory employment discrimination, if necessary and consistent with the expedited nature of arbitration; and

- If the panel determines that extraordinary circumstances exist.

15.     FINRA does not permit Requests for Admissions at all.

16.     Clearly, discovery is being sought by Plaintiff in this case to circumvent the FINRA rules.  Indeed, despite FINRA's prohibition on "standard fact-finding interrogatories," many of Plaintiff's interrogatories seek to determine the nature of all communications by Defendants, revenues generated by the Defendants, commissions earned by the Defendants, and the like.  Not only are these fact-finding interrogatories, they are not limited to 'banking transactions' and will, instead, encompass all brokerage activities as well—the exact issue before the FINRA Arbitration Panel.  By way of example only, Defendants direct the Court to Interrogatory Nos. 3, 6, 11, 12, 13, and 14, all of which pertain to brokerage activities by the Defendants at their new employer.  Indeed, Interrogatory No. 3 is particularly revealing as it seeks information related to the "defenses in this *arbitration*."  The request patently reveals how Plaintiff intends to use the Lawsuit to circumvent the FINRA rules on discovery and further demonstrates how inseparable the claims are.

17.     In addition, despite FINRA's strong prohibition against taking depositions (except in very limited circumstances, none of which are present in this case), Plaintiff seeks to depose all Defendants in the Lawsuit to get an early preview of testimony to be offered in the Arbitration – something expressly prohibited by FINRA.

18.     The Court should not condone this gamesmanship—an obvious litigation tactic to do an end-around the FINRA discovery rules—and Defendants should not be subject to this annoying, abusive, and expensive discovery.  To that end, Defendants respectfully request that the Court grant Defendants' Motion to Stay the Lawsuit cause until the conclusion of the FINRA Arbitration.

**II.      A Stay is Warranted as a Matter of Judicial Economy and Public Policy.**

19.     As a practical matter and a matter of public policy, the Court should not permit Plaintiff to split its claims between this cause and the FINRA Arbitration, which does nothing but subject Defendants to the annoyance and undue expense of having to defend themselves against the same claims in two different forums.  Having the same facts and legal theories tried in two different forums at the same time is the height of inefficiency and a waste of the Parties' and the Court's resources.

**III.     Conclusion.**

20.     Judicial economy and fairness dictate that the Defendants should be protected from the annoying, harassing, and undue expense of being forced to defend the same claims in two different forums, including responding to the discovery or sitting for depositions, particularly when the discovery sought in one forum cannot be obtained in the other.  BOKF-NA asserts the exact same facts and claims against the same defendants as those asserted by BOKFS in the FINRA Arbitration.[5]   Allowing both cases to move forward at the same time in separate forums also risks inconsistent adjudications and could have a critical impact or influence on the Arbitration.  As such, the Court should stay this Lawsuit until the conclusion of the Arbitration.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court stay this cause until the conclusion of the Arbitration and grant such other and further relief to which Defendants may show themselves to be justly entitled.

---

[5]      All remaining, non-injunctive relief sought by BOKFS is pending before FINRA.  Thus, the only remaining claims before this court are BOKF-NA's claims against the FINRA defendants.  *See* Complaint, pp. 2-3, n. 2 and second unnumbered paragraph; p. 46, n. 7.

Respectfully submitted,

By:    /s/ Richard A. Illmer
   Richard A. Illmer
   State Bar No. 10388350
   Chad A. Johnson
   State Bar No. 24026259

**HUSCH BLACKWELL LLP**
1900 Pearl St., Suite 1800
Dallas, Texas  75201
(214) 999-6100
(214) 999-6170 (*facsimile*)
ATTORNEYS FOR THE DEFENDANTS

### CERTIFICATE OF CONFERENCE

   I hereby certify that on the 20th day of March, 2019, I conferred with counsel for the Plaintiff concerning the merits of this motion and they are opposed to the relief sought herein. Therefore, this Motion is being submitted to the Court for ruling.

By:    /s/ Richard A. Illmer
   Richard A. Illmer

### CERTIFICATE OF SERVICE

   A copy of the foregoing has been served to all counsel of record via ECF on this 20th day of March, 2019.

/s/ Richard A. Illmer
Richard A. Illmer