IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF NA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:18-CV-00794-N |
| | § | |
| VICKIE SUE WISE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT BOKF NA's FIRST SET OF COMBINED DISCOVERY REQUESTS (DOCUMENT REQUESTS, INTERROGATORIES, REQUESTS FOR ADMISSION) TO ALL DEFENDANTS INDIVIDUALLY AND JOINTLY

Pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, Defendant BOKF, NA, a national banking association ("BOKFNA" or "Defendant") hereby submits BOKF NA's First Set of Combined Discovery Requests, and requires each Defendant, individually and jointly, to answer the discovery set forth in Exhibits A (Document Requests) and B (Interrogatories) and C (Requests for Admissions) fully and separately (including responses to requests for information under oath) and serve a copy of each set of Answers and Responses and related production of documents upon counsel for BOKFNA, Erica Anne Dorwart, Frederic Dorwart, Lawyers, 124 East

Page **1** of 39
Exhibit B

Fourth Street, Tulsa, Oklahoma 74103 within 30 days of receipt hereof.[1]

**These requests are made to all Defendants, individually and collectively. Each Defendant must respond to each Request.**

Each of the Discovery Requests hereinafter set forth calls, not only for Your (as hereafter defined) personal knowledge, but also for all knowledge that is available to You by reasonable inquiry, including inquiry of Your agents, employees, investigators, and attorneys. Your answer shall include any information which could be obtained from any person whom You will call as a witness upon arbitration of this cause. Where facts set forth in any answer or portion thereof are supplied upon information and belief rather than actual knowledge, the answer should so state and specifically describe or identify the source of such information and belief.

All DOCUMENTS should be produced in their original Native Form. Hard copy documents are requested in Adobe PDF format.[2] Please direct questions regarding formatting for production to Erica Anne Dorwart, Frederic Dorwart Lawyers in time to comply with timing

---

[1] Alternatively, should Defendants object to providing documents in Tulsa, Oklahoma, BOKFNA' principal place of business, please produce documents to:

Brett S. Field
STROMBERG STOCK
8750 N. Central Expressway
Suite 625
Dallas, Texas 75231
(972) 458-5353 (Tel.)
(972) 861-5339 (Fax)
brett@strombergstock.com

[2] BOKFNA will accept scanning by a third party vendor at BOKFNA' cost pending final allocation by the Court.

pursuant to the discovery rules and to be most efficient.

If You cannot answer a Discovery Request in full after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

If You should choose to answer any Interrogatory or Request for Information by attaching a copy of a document containing the information requested, include a summary of the contents of the document, an index if the writing is of a length of ten pages or more, and a clear reference to the page and line where each item of information requested may be found.

If any question cannot be answered because the information is unavailable to You, state whether the information or any document containing the information (1) is missing or lost, (2) has been destroyed, (3) has been transferred voluntarily or involuntarily to others, or (4) has otherwise been disposed of. In each instance, explain the circumstances surrounding the authorization for such disposition and state the date or approximate date of such disposition.

After providing all unprivileged information as required by law, if you contend that any information sought in this set of Discovery Requests is exempt from discovery by reason of any privilege or protection, provide the following information in each instance in lieu of providing the privileged information:

1. The privilege or protection that you contend applies;

2. Every fact and authority upon which You rely in support of your contention that the privilege or protection applies;

3. The form in which the information is contained;

APP. 00385

4.  The subject matter of the information that you contend is privileged or protected; and

5.  If the information is contained in a DOCUMENT, the author, recipient, and date of the DOCUMENT; or if the information is not contained in a DOCUMENT, each person involved in and the date of each communication giving rise to the privilege.

## DEFINITIONS

The meaning of each word used herein shall include all reasonable definition of the word in Webster's Third New International Dictionary and/or Black's Law Dictionary. Where an ambiguity is perceived, answers shall be given for all reasonable interpretations of the question. Any word used herein shall include both the singular and plural number and the masculine, feminine, and the neuter gender.

The following words have the particular meanings hereinafter ascribed to them. These definitions should be referred to whenever a defined term is used anywhere in this Request. NO ANSWER IS ADEQUATE UNLESS ALL INFORMATION SPECIFIED IN THE DEFINITIONS IS INCLUDED IN THE ANSWER.

1. COMMUNICATION means contact between two or more PERSONS and shall include, without limitation, written contact by such means as letter, memoranda, telegrams, telex, or any other documents, and oral contact by such means as face-to-face meetings and telephone conversations.

2. CLAIM(S) means the Claim(s) filed by BOKFNA before this Court, Case No. 18-CV-00794-N.

3. Requests for documents includes all documents within the possession and/or control of a Defendant and/or any person acting on behalf of a Defendant.

4. DOCUMENT refers to any and all writings, drawings, graphs, charts, photographs, e-mails and other data compilations from which information can be obtained, recordings, and

APP. 00387

documentary material of any kind whatsoever, including both originals and copies of such materials, and any computer and/or electronically stored information of any kind.

5. ALL DOCUMENTS means all reasonably responsive documents which have been located after reasonable investigation pursuant to Applicable Rules.

6. POSSESSION AND/OR CONTROL means either possession, or control, or that the party has "the legal right, authority, and/or ability to obtain" the requested documents.

7. NATIVE FORM and/or NATIVE FORMAT means electronically stored information in its original electronic format or file type produced in the original form, content and software application in which the file, document, information and/or data was created, without alteration, and preserving all data related thereto.

8. HARD COPY means the original and copies of all documents that have been created and/or printed on paper.

9. PERSON means an individual, firm, sole proprietorship, partnership, corporation, trust, unincorporated association, or legal entity of any kind.

10. ENTITY means an individual, firm, sole proprietorship, partnership, corporation, trust, unincorporated association, or legal entity of any kind

11. WRITING means letters, words or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

APP. 00388

12. YOU and YOUR and Defendant means each Defendant, separately, and/or jointly, and any person acting on behalf of a Defendant and/or any combination of defendants.

13. WISE means Vicki Sue Wise.

14. Davis means Ronnie Carrol "Skip" Davis, also known as Skip Davis, and also known as Ronnie Davis.

15. Del-Cid means Melissa Morgeson Del-Cid, also known as Melissa Morgeson, and also known as Melissa Del-Cid.

16. HILLTOP means each Hilltop Defendant named in the caption and any employee, officer, agent or representative acting on behalf of Hilltop and/or its affiliates which is/are currently the subject of this suit.

17. BOKFNA means, BOKF National Association, a national banking association, defined at the outset as "BOKFNA".

18. "INCOME" means the return in money from one's business, labor, or capital invested, gains, profits, salary and wages, expenses and obligations paid on your behalf and includes, but is not limited to both Earned Income and Passive Income as those terms that are defined in 43 Okla. Stat. § 118B and/or Texas Statutes Family Code Title 5. Sec. 154.  INCOME includes, but is not limited, to: salary, wages, obligations paid on behalf of each defendant, incentive, deferred compensation, loan, bonus, reward, equity, equity award, stocks, options, relocation expenses, and/or other remuneration.

APP. 00389

19. ACCOUNTS, TRANSACTIONS, OR PRODUCTS OR TYPES OF PRODUCTS AT ISSUE means BOKFNA accounts, transactions, or products or types of products, loans, wire transfers, account transfers, powers of attorney, and/or authorizations to engage in each of the foregoing activities and/or products, whose owner's and/or beneficiaries were contacted by any of the Defendants and/or accounts which were transferred to Hilltop from BOKFNA and/or an affiliate of BOKFNA.[3]

20. THE TIME PERIOD AT ISSUE means the first time one of Wise and/or Davis and/or Del-Cid was first in contact with any representative of Hilltop until the present, unless otherwise specified.

21. THESE MATTERS or THIS MATTER means the claims asserted by BOKFNA in this Court and the defenses of Hilltop in this Court.

22. PERTAINING TO means including, evidencing, connecting to, concerning, relevant to, germane, or pertinent to, regarding, and/or, relating or referring to.

23. IDENTIFY EACH DOCUMENT means with respect to each Document, to state at least the following:

   a. Describe the DOCUMENT with sufficient particularity to establish its content and

---

[3] See BOKFNA's Initial Disclosures and Supplemental Disclosures for a confidential list of BOKFNA customers.

existence;

    b.   Describe each location where the DOCUMENT may be found;

    c.   IDENTIFY EACH PERSON in whose custody the DOCUMENT may be found; and

    d.   Describe the contents of the DOCUMENT.

24. IDENTIFY EACH COMMUNICATION means, with respect to each communication, to state the following:

    a.   What statements were made;

    b.   When such statements were made;

    c.   By whom such statements were made;

    d.   To whom such statements were made;

    e.   Where such statements were made;

    f.   Whether each such statement was made in person or by telephone and if by telephone, between what locations;

    g.   If any of the statements referred to are embodied in any DOCUMENT; and

    h.   The substance of the COMMUNICATION.

25. IDENTIFY EACH PERSON means:

APP. 00391

    a.  State the PERSON's name;

    b.  State his business and home address;

    c.  State his current business and home telephone numbers with area codes; and

    d.  State the present whereabouts of the PERSON, if not otherwise indicated.

26. SET FORTH IN DETAIL means to:

    a.  Set forth fully and separately each fact known by YOU and the basis or source of each such fact;

    b.  IDENTIFY EACH PERSON who has knowledge or information evidencing or otherwise pertaining to each such fact;

    c.  IDENTIFY EACH DOCUMENT evidencing or otherwise pertaining to each such fact; and

    d.  IDENTIFY EACH COMMUNICATION evidencing or otherwise pertaining to each such fact.

27. INTERROGATORY(ies) means Interrogatory(ies) and/or Request(s) for Information.

28. REQUEST FOR INFORMATION means requests for information and/or interrogatories.

29. REQUEST FOR DOCUMENTS means request for documents and/or the tangible items upon which responsive documents are maintained.

APP. 00392

30. AND means "and" and "or".

31. OR means "and" and "or".

APP. 00393

## EXHIBIT A

## DOCUMENT REQUESTS

**Request No. 1:** Produce all documents containing and/or referencing record(s), and/or lists and/or compilations of BOKFNA customer(s)[4] who transferred accounts and/or any part of the customers' accounts ("Transferred Accounts") from BOKFNA to Hilltop after Wise and/or Davis and/or Del Cid left BOKFNA, including: (a) the customer's name; (b) the BOKFNA account number(s) before transfer; (c) the Hilltop account number(s) after transfer; (d) the account balance at time of transfer; and (d) the account balance at the time you answered these Requests and/or any supplement thereto.

**Response to Request No. 1:**

**Request No. 2:** Produce all documents containing and/or referencing record(s) and/or list(s) and/or compilation and/or record of BOKFNA customer(s) contacted by Hilltop, and/or Wise, and/or Davis, and/or Del-Cid, and/or any combination of Wise, Davis, and/or Del-Cid, from the first time of Wise, Davis, or Del-Cid was first in contact with any representative of Hilltop until the present.

---

[4]For the avoidance of any doubt, for purposes of these requests "BOKFNA customer" means any person who maintained an account at BOKFNA for any period of time and particularly includes customers listed in BOKFNA's initial disclosures and any supplement(s) thereto.

APP. 00394

**Response to Request No. 2:**

**Request No. 3:** Produce all documents related to the Transferred Accounts identified in Request No. 1 above, including transfer forms, customer correspondence related to the transfer, new account forms, letters, emails, text messages, social media communications, and all other account documents, related to the transfer and set up of the accounts at Hilltop, and any revenues related thereto.

**Response to Request No. 3:**

**Request No. 4:** Produce documents containing and/or pertaining to records, compilations, and/or summaries that show: (a) gross revenues earned by Hilltop on the Transferred Accounts from the time one of Wise, Davis, and/or Del-Cid, and or any combination thereof, was/were first in contact with any representative of Hilltop until the present; and (b) Wise's and/or Davis' and/or Del-Cid's, and/or any combination thereof's, share of such revenues.

**Response to Request No. 4:**

**Request No. 5:** Produce all documents a summary of all commissions, fees, wages, salary, compensation, income (as defined herein), awards, bonuses, and/or revenues earned, and/or rights to future entitlements, for Wise and/or Davis and/or Del Cid, and/or any combination thereof, at and/or from Hilltop.

**Response to Request No. 5:**

APP. 00395

**Request No. 6:** Produce documents and/or summaries of documents and/or information, containing revenues earned by Hilltop attributable or booked to its branches in (a) Dallas County, Texas and/or Tarrant County, Texas, (b) counties contiguous to Dallas County, Texas and/or Tarrant County, Texas, for the calendar years 2016 to the present, and/or (c) a summary of all revenues earned by Hilltop with respect to former BOKFNA customers and/or customers of BOKFNA, pertaining to, and/or as a result of, the efforts of Wise, and/or Davis, and/or Del-Cid, and/or any combination thereof.

**Response to Request No. 6:**

**Request No. 7:** Produce documents containing and/or referencing instructions, including, but not limited to, scripts, instructions, do's and don'ts, sample contact logs, sample documentation records, call log journals, pertaining to whether to contact and/or how to contact customers of a former employer and/or how to announce an employment change, since January 1, 2013.

**Response to Request No. 7:**

**Request No. 8:** Produce documents pertaining to and/or referencing communications to BOKFNA' customers and/or former BOKFNA' customers from the time Wise, and/or Davis, and/or Del-Cid, were first in contact with any representative of Hilltop until the present.

APP. 00396

**Response to Request No. 8:**

**Request No. 9:** Produce documents containing communications, of any kind, between Hilltop, Wise, Davis, and/or Del-Cid, and/or any combination thereof, and any BOKFNA customer from the time Wise, and/or Davis, and/or Del-Cid, were first in contact with any representative of Hilltop until the present. This request includes (without limitation) emails, letters, text messages, social media posts, etc., and includes communications originated by the customers.

**Response to Request No. 9:**

**Request No. 10:** Produce all documents, including logs, notes, scripts, electronic communications (including, but not limited to, email, text message, social media communication), etc., reflecting any calls and/or communications by Hilltop, Wise, and/or Davis, and/or Del-Cid, to BOKFNA' customers, from the time Wise, and/or Davis, and/or Del-Cid, were first in contact with any representative of Hilltop until the present.

**Response to Request No. 10:**

**Request No. 11:** Produce all documents containing contact information used to generate communications transmitted to BOKFNA' customers by any of the Defendants, from the time Wise, and/or Davis, and/or Del-Cid, were first in contact with any representative of Hilltop until

Page **15** of **39**

APP. 00397

the present.

**Response to Request No. 11:**

**Request No. 12:** Produce all documents containing communications between and among Hilltop employees, agents or representatives, and Wise, and/or Davis, and/or Del-Cid, before each of Wise, and/or Davis,  and/or Del-Cid, left BOKFNA. This request includes (without limitation) emails, letters, text messages, social media posts, audio recordings, and transmittals of client contact information utilized for mailings sent to BOKF customers, etc.

**Response to Request No. 12:**

**Request No. 13:** Produce all documents between and amongst any combination of the Defendants pertaining to the departure of any Defendant from BOKFNA and/or the transition of any Defendant to Hilltop.

**Response to Request No. 13:**

**Request No. 14:** Produce all documents containing communications between and among Hilltop and Wise and/or Davis and/or Del Cid after Wise, and/or Davis, and/or Del-Cid, left BOKFNA that pertains to or in any way references Hilltop's recruitment or hiring of Wise, and/or Davis, and/or Del-Cid, and/or employees of BOKFNA since January 1, 2013.

**Response to Request No. 14:**

**Request No. 15:** Produce all internal communications among Hilltop employees or representatives related to, or referencing, Hilltop's recruitment or hiring of Wise, and/or Davis, and/or Del-Cid,, and/or other employees of BOKFNA since January 1, 2013.  This request includes (without limitation) emails, text messages, instant messages, social media posts, audio and/or video recordings, etc.

**Response to Request No. 15:**

**Request No. 16:** Produce all documents containing and/or pertaining to communications between Hilltop, Wise, and/or Davis, and/or Del-Cid, and any third party (i.e. not a party to this case or a BOKFNA customer), related to or referencing Hilltop's recruitment or hiring of Wise, and/or Davis,  and/or Del-Cid.  This request includes (without limitation) letters, emails, text messages, social media posts, audio recordings, etc.

**Response to Request No. 16:**

**Request No. 17:** Produce all documents containing and/or referencing any customer information, any customer list, customer statements, and/or other document that includes information related to BOKFNA' customers that Hilltop has obtained and/or possessed.

**Response to Request No. 17:**

**Request No. 18:** Produce any communications to and/or from Hilltop, Wise and/or Davis and/or

Del Cid related to Hilltop's recruitment or hiring of Wise and/or Davis and/or Del Cid and/or the transition of the Transferred Accounts.

**Response to Request No. 18:**

**Request No. 19:** Produce any and all documents related to Hilltop's hiring of Wise and/or Davis and/or Del Cid including any employment agreements, loan forgiveness agreements, compensation agreements (deferred or otherwise), or any other document that reflects the terms and conditions of Wise's and/or Davis' and/or Del Cid's employment with Hilltop.

**Response to Request No. 19:**

**Request No. 20:** Produce any all documents reflecting and/or pertaining to communications between Wise and Hilltop concerning Hilltop's recruitment of Wise and/or Wise's transition to Hilltop.

**Response to Request No. 20:**

**Request No. 21:** Produce all documents reflecting and/or pertaining to communications between Davis and Hilltop concerning Hilltop's recruitment and/or hiring of Davis and/or Davis transition to Hilltop.

**Response to Request No. 21:**

**Request No. 22:** Produce all documents reflecting and/or pertaining to communications between

APP. 00400

Del-Cid and Hilltop concerning Hilltop's recruitment and/or hiring of Del-Cid and/or Del-Cid's transition to Hilltop.

**Response to Request No. 22:**

**Request No. 23:** Produce all documents containing and/or referencing notes of any meeting or communications between or among any Hilltop representative and Wise and/or Davis and/or Del Cid on or before the date of production of responses to BOKFNA' First Set of Discovery Requests to Defendants and/or any supplement thereto.

**Response to Request No. 23:**

**Request No. 24:** Produce copies of any documents, lists, calculations or estimates of any kind related to the size of Wise's and/or Davis' and/or Del-Cid's book(s) of business at BOKFNA that Hilltop reviewed, created, analyzed and/or discussed on or before the present date.

**Response to Request No. 24:**

**Request No. 25:** Produce copies of all BOKFNA documents and/or documents containing references to BOKFNA records and/or information, of any kind that Wise and/or Davis and/or Del Cid gave to, provided to, showed to, and/or discussed with, any Hilltop representative on or before

the present date.

**Response to Request No. 25:**

**Request No. 26:** Produce recruiting and personnel file records and documents for each individual Defendant, including, but not limited to, correspondence, applications, pro formas, summaries of portfolios and/or books of business, resumes, records containing education and/or work histories, draft offer letters, offer letters, acceptance letters, agreements, onboarding materials, records of personal information, pay statements, pay record summaries, records of commissions, W-2's, 1099's, loans, promissory notes, financial statements, documents pertaining to financial incentives, records of any disciplinary action, whether formal or informal, and/or agreements regarding indemnities and/or the payment of attorneys' fees pertaining to claims made or to be made by BOKFNA.

**Response to Request No. 26:**

**Request No. 27:** Produce social media account documents/profiles for each individual Defendant, and/or, for Hilltop, posts referencing each individual Defendant, including, but not limited to: LinkedIn, Facebook, Instagram, and/or other social media account.

**Response to Request No. 27:**

APP. 00402

**Request No. 28:** Produce all documents pertaining to comparisons of BOKFNA' costs and/or pricing structures to Hilltop costs and/or pricing structures pertaining to communications with BOKFNA customers and/or BOKFNA former customers, including, but not limited to, those customers or former customers who transferred accounts and/or interests to Hilltop and/or customers of former customers who were contacted by any of the Defendants.

**Response to Request No. 28:**

**Request No. 29:** Produce all documents containing reasons the individual Defendants decided to change firms and/or pertaining to the reasons the individual Defendants decided to change firms.

**Response to Request No. 29:**

**Request No. 30:** Produce personal tangible items containing contact information of BOKFNA' customers and/or former BOKFNA' customers for each of the following persons:   Wise and/or Davis and/or Del Cid.

**Response to Request No. 30:**

**Request No. 31:** Produce all documents pertaining to calculation of BOKFNA' damages, including, but not limited to documents or other evidentiary materials upon which each

APP. 00403

computation is based.

**Response to Request No. 31:**

**Request No. 32:** Produce all documents pertaining to communications by and/or on behalf of each Defendant with state securities' regulators, and/or a potential subsequent employer and/or subsequent employer, regarding these matters, and/or any communications transmitting the foregoing. This request specifically includes, but is not limited to a request to produce: all investigations, charges, and/or findings by any regulator (state, federal or self-regulatory organization) pertaining to each Defendant and each Defendant's respective responses to such investigations, charges, or findings for Defendant's conduct pertaining to violation of restrictive covenants, duties of loyalty, confidentiality of customer information, trade secrets, and/or raiding, since January 1, 2013.

**Response to Request No. 32:**

**Request No. 34:** Produce all documents obtained from any source relating to transactions to and/or from BOKFNA, and all materials BOKFNA customers received from any source relating to other investment opportunities, including research reports, sales literature, performance or risk data, prospectuses, and other offering documents, including documents intended or identified as being "for internal use only," and worksheets or notes.

**Response to Request No. 34:**

APP. 00404

**Request No. 35:** All documents containing and/or referencing written statements by persons with information regarding the facts and circumstances pertaining to departure of a Defendant from BOKFNA and/or transition to employment with Defendant Hilltop entities, including those by accountants, tax advisors, financial planners, associated persons, and any other third party.

**Response to Request No. 35:**

**Request No. 36:** Hilltop's policies and procedures for the time period at issue, including, but not limited to, standards of conduct, code of ethics, instructions regarding client and/or client prospect communications, and each Defendant's respective acknowledgement of each framework, policy, procedure, and/or practice and any onboarding and/or training materials regarding same.

**Response to Request No. 36:**

**Request No. 37:** All sections for all of BOKFNA standards of conduct, code of ethics, policies, procedures, practices, and each Defendant's respective acknowledgement of each framework, policy, procedure, and/or practice and any onboarding and/or training materials, and all updates thereto, in the possession and/or control of Defendants.

**Response to Request No. 37:**

APP. 00405

**Request No. 38:** All recordings, telephone logs, mobile phone records, texts, instant messages, and notes/logs of telephone calls and/or conversations about the transactions at issue that occurred between the Defendants and a BOKFNA or former BOKFNA customer (and any person purporting to act on behalf of a BOKFNA for former BOKFNA customer and/or on behalf of an account in which a BOKFNA or former BOKFNA customer had an interest.

**Response to Request No. 38:**

**Request No. 39:** Produce all demand letters transmitted to Hilltop and/or claims, complaints, and/or petitions filed against Hilltop and/or Hilltop personnel Texas alleging violation of restrictive covenants, duties of loyalty, confidentiality of customer information, trade secrets, and/or raiding, since January 1, 2013.

**Response to Request No. 39:**

**Request No. 40:** Produce all transcripts of depositions and/or testimony of Hilltop personnel pertaining to claims, complaints, and/or petitions filed against Hilltop and/or Hilltop personnel alleging violation of restrictive covenants, duties of loyalty, confidentiality of customer information, trade secrets, and/or raiding, since January 1, 2013.

**Response to Request No. 40:**

APP. 00406

**Request No. 41:** Produce all documents referencing and/or containing analyses by Hilltop of the costs/benefits of violation of restrictive covenants, duties of loyalty, confidentiality of customer information, trade secrets, and/or raiding, since January 1, 2013.

**Response to Request No. 41:**

**Request No. 42:** Produce all documents each Defendant relied/relies/intends to rely upon in defense of BOKFNA' Claims.

**Response to Request No. 42:**

**Request No. 43:** Produce all documents provided to any potential expert and/or expert pertaining to these matters.

**Response to Request No. 43:**

**Request No. 44:** Produce all tangible items upon which requested documents may be maintained. BOKFNA is willing to work out a protocol whereby tangible items are delivered to a mutually acceptable forensic vendor for preservation and extraction of responsive documents.

**Response to Request No. 44:**

APP. 00407

**EXHIBIT B**

**<u>INTERROGATORIES</u>**

**INTERROGATORY NO. 1:** Identify each person answering these interrogatories and/or requests for information, each person who was consulted or assisted in answering the interrogatories and/or request for information, and those persons from whom information was sought or obtained in connection with the preparation of the answers, and specify which interrogatory (request for information) each person answered or assisted in answering by name, address, telephone number, date of communication, and general nature of communication. A table has been provided.

|  | Person | Address | Telephone Number | Date of Communication | General Nature of Communication |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**RESPONSE TO INTERROGATORY NO. 1:**

|  | Person | Address | Telephone Number | Date of Communication | General Nature of Communication |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

APP. 00408

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**INTERROGATORY NO. 2:** Identify each document used and/or to be used by each Defendant in defense of these matters. A table has been provided.

**RESPONSE TO INTERROGATORY NO. 2:**

**INTERROGATORY NO. 3:** Identify each person with whom you have communicated regarding the facts supporting your defenses in this arbitration by name of person, address of person, telephone number, date of conversation, and general nature of the communication. A table has been provided.

| | Person | Address | Telephone Number | Date of Communication | General Nature of Communication |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**RESPONSE TO INTERROGATORY NO. 3:**

| | Person | Address | Telephone Number | Date of Communication | General Nature of Communication |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**INTERROGATORY NO. 4:** State whether you expect to call any expert witness at the trial of this case. If so, state the following with respect to each such expert witness:

     a.   Name and contact information;

APP. 00409

b.  the expert's qualifications to testify as an expert on the subject matter;

c.  subject matter(s)  on which the expert is expected to testify;

d.  the facts known to the expert and/or assumed by the expert (regardless of when such factual information was acquired) which relate to, or form the basis of, the mental impressions and opinions held by the expert;

e.  identify all documents and tangible things, reviewed and/or created, including, but not limited to: letters; memoranda; reports; physical models; photographs; compilations of data; calculations; tests; notations; supporting data; and other written material prepared by the expert in anticipation of the expert's trial or deposition testimony in this case or prepared by the expert for use in consultation (even though prepared in anticipation of litigation or for trial) and which forms a basis, in whole or in part, of the opinions held by the expert; and

f.  state the name and address and mental impressions and opinions held by any expert retained or specially employed by you in anticipation of litigation or preparation for trial who was used for consultation and who is not expected to be called as a witness at trial, whose work product forms a basis, in whole or in part, of the opinion, of the expert.

**RESPONSE TO INTERROGATORY NO. 4:**

**INTERROGATORY NO. 5:**  Identify any and all social networking sites (including but not

Page **28** of **39**

APP. 00410

limited to LinkedIn, MySpace, FaceBook, Instagram, Snapchat, Twitter, etc.) that You belong to or previously belonged to since approximately January 1, 2013 by social networking site and identification for social networking site (ID).

RESPONSE TO INTERROGATORY NO. 5:


**INTERROGATORY NO. 6:** Identify each established client of BOKFNA with whom you have spoken since your first contact with Hilltop by name, address, telephone number, date of communication, general nature of the communication, and indicate whether you and/or your employer and/or any entity with whom you have a business relationship have/has entered into a business relationship with such person since January 14, 2016. A table has been provided.

| | Name of Client | Client Address | Client Telephone Number | Date of Communication | General Nature of Communication | Business relationship since first contact with Hilltop. |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |


RESPONSE TO INTERROGATORY NO. 6:

| | Name of Client | Client Address | Client Telephone Number | Date of Communication | General Nature of Communication | Business relationship since first contact with Hilltop. |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

APP. 00411

**INTERROGATORY NO. 7:** Identify all individuals who were involved in Hilltop's recruitment or hiring of each of Wise and/or Davis and/or Del Cid and, for each such person, state: (a) the individual's dates of employment with Hilltop; (b) positions with Hilltop from the time Hilltop first contacted an individual Defendant through the date of this response and/or any supplement thereto; (c) each individual's respective role in the recruitment and/or hiring process; (d) the nature of any communications with Wise and/or Davis and/or Del-Cid; and (e) the date and time of such communications. A table has been provided.

|  | Name of Individual | Position with Hilltop | Role in Recruitment/Hiring Process | Nature Communication | General Nature of Communication | Date and Time of Communication |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**RESPONSE TO INTERROGATORY NO. 7:**

**INTERROGATORY NO. 8:** Identify all individuals who were involved in Hilltop's creation of the instructions and/or script and/or do's and don'ts of communications, approved by Hilltop for contact with BOKFNA customers regarding Wise's and/or Davis' and/or Del-Cid's transition to Hilltop. For each such person, state: (a) the individual's respective dates of employment with Hilltop (if applicable); (b) the individual's positions with Hilltop as of January 1, 2013 and today; (c) the individual's role in the creation of the instructions and/or script and/or do's and don'ts of communications; and (d) the dates when the individual began and ended work on the creation of the instructions and/or script and/or do's and don'ts of communications.

**RESPONSE TO INTERROGATORY NO. 8:**

**INTERROGATORY NO. 9:** Identify each witness each Defendant expects to call at the evidentiary hearing in this matter, and state: (a) the individual's job title; and (b) the areas of

expected testimony; and (c) contact information.

**RESPONSE TO INTERROGATORY NO. 9:**

**INTERROGATORY NO. 10:** Identify each of the Defendant's respective process for preservation of all electronically stored information related to this case including, but not limited to: (a) who determined the scope of the information to be preserved; (b) the location of the information to be preserved; (c) how it was preserved; (d) by whom it was preserved; (e) when it was preserved; and (f) where it was preserved.

**RESPONSE TO INTERROGATORY NO. 10:**

**INTERROGATORY NO. 11:** Set forth in detail and identify all commissions, fees, wages, salary, compensation, income (as defined herein), awards, bonuses, and/or revenues earned, and/or rights to future entitlements, for each Defendant pertaining to a former BOKFNA customer.

**RESPONSE TO INTERROGATORY NO. 11:**

**INTERROGATORY NO. 12:** Set forth in detail and identify all revenues earned by each Defendant pertaining to a former BOKFNA affiliate customer.

**RESPONSE TO INTERROGATORY NO. 12:**

**INTERROGATORY NO. 13:** Set forth in detail and identify the source(s) of income for each individual Defendant since each Defendant was first contacted by Hilltop and/or a representative and/or agent for Hilltop.

**RESPONSE TO INTERROGATORY NO. 13:**

**INTERROGATORY NO. 14:** Set forth in detail and identify all financial incentives provided to each individual Defendant in connection with the individual Defendant's departure from BOKFNA and/or transition to Hilltop.

**RESPONSE TO INTERROGATORY NO. 14:**

APP. 00414

**EXHIBIT C**

**REQUESTS FOR ADMISSION(S)**

**Request for Admission No. 1:**   Admit that you were employed by BOKFNA in the past.


**Response to Request for Admission No. 1:**


**Request for Admission No. 2:**  Admit that you performed work on behalf of BOKF NA in the past.

**Response to Request for Admission No. 2:**


**Request for Admission No. 3:**  Admit that BOKFNA maintained its confidential data confidentially, using secure access, locks and keys, confidential employee identifiers and passwords, and Standards of Conduct, and policies and procedures.


**Response to Request for Admission No. 3:**


**Request for Admission No. 4:**  Admit that as an employee of BOKFNA, you were obligated to adhere to Standards of Conduct at Doc. 001-001 (Complaint at Exhibits at Exhibit 12 (Standards of Conduct)).


**Response to Request for Admission No. 4:**

APP. 00415

**Request for Admission No. 5:**  Admit that by Agreement, you were obligated to provide thirty (30) days' notice of your departure from employment.


**Response to Request for Admission No. 5:**


**Request for Admission No. 6:**  Admit that your BOKF incentive plan included an agreement not to solicit.

**Response to Request for Admission No. 6:**

**Request for Admission No. 7:**  Admit that you resigned employment without notice on Friday, March 23, 2018.

**Response to Request for Admission No. 7:**

**Request for Admission No. 7:**  Admit that Wise, Davis, and Del-Cid, resigned employment without notice on Friday, March 23, 2018.

**Response to Request for Admission No. 7:**

**Request for Admission No. 8:**  Admit that your printed BOKF records containing confidential customer information on or after March 9, 2018.

**Response to Request for Admission No. 8:**

**Request for Admission No. 9:**  Admit that Wise presented three labeled envelopes with access items for Wise, Davis, and Del-Cid on March 23, 2018 to Patrick Staudt.

**Response to Request for Admission No. 9:**


**Request for Admission No. 10:**  Admit that at Hilltop you share a revenue stream with the other

Page **34** of **39**

APP. 00416

individual defendants (one or more of Wise, Davis, and Del-Cid) to this litigation.

**Response to Request for Admission No. 10:**

**Request for Admission No. 11:** Admit that you contacted a BOKFNA customer on behalf of yourself on March 23, 2018.

**Response to Request for Admission No. 11:**

**Request for Admission No. 12:** Admit that you contacted a BOKFNA customer on behalf of Hilltop on March 23, 2018.

**Response to Request for Admission No. 12:**

**Request for Admission No. 13:** Admit that you were registered by FINRA at Hilltop as of March 23, 2018.

**Response to Request for Admission No. 13:**

**Request for Admission No. 14:** Admit that you received a demand letter from BOKFNA on or before March 24, 2018.

**Response to Request for Admission No. 14:**

**Request for Admission No. 15:** Admit that your agent received a demand letter from BOKFNA on or before March 24, 2018.

**Response to Request for Admission No. 15:**

**Request for Admission No. 16:** Admit that you solicited a BOKFNA customer on or after March 23, 2018.

**Response to Request for Admission No. 16:**

**Request for Admission No. 17:** Admit that you solicited a BOKFNA customer on or after March 23, 2018.

APP. 00417

**Response to Request for Admission No. 17:**

**Request for Admission No. 18:** Admit that following contact from you, a BOKFNA customer transferred an account to Hilltop.

**Response to Request for Admission No. 18:**

**Request for Admission No. 19:** Admit that you received incentive pursuant to a BOKFNA incentive plan for plan year 2016.

**Response to Request for Admission No. 19:**

**Request for Admission No. 20:** Admit that you received incentive pursuant to a BOKFNA incentive plan for plan year 2017.

**Response to Request for Admission No. 20:**

**Request for Admission No. 20:** Admit that you received incentive pursuant to a BOKFNA incentive plan for plan year 2018.

**Response to Request for Admission No. 20:**

APP. 00418

Respectfully submitted,

s/Erica Anne Dorwart
Frederic Dorwart, OBA # 2436*
Erica Anne Dorwart, OBA #18367
John D. Clayman
Texas Bar Number 24066338
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
jclayman@fdlaw.com
(918) 583-9922 (Tel.)
(918) 584-2729 (Fax)

Brett S. Field
Texas Bar Number 24050596
STROMBERG STOCK
8750 N. Central Expressway
Suite 625
Dallas, Texas  75231
(972) 458-5353 (Tel.)
(972) 861-5339 (Fax)
brett@strombergstock.com

Attorneys for Plaintiffs, BOKF, NA

APP. 00419

## CERTIFICATE OF SERVICE

On December 28, 2018, I electronically submitted notice of service of the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

On December 28, 2018, I electronically served the foregoing document by email to Counsel for all Defendants.

Rick Illmer, TX 10388350

Chad Johnson, TX 24026259

Husch Blackwell, LLP

2001 Ross Avenue Suite 2000

Dallas, Texas 75201-2995

Rick.illmer@huschblackwell.com

Chad.Johnson@huschblackwell.com

214-999-6112 (Illmer)

214-999-6173 (Johnson)

Counsel for all Defendants

/s/ Erica Anne Dorwart
_____

Erica Anne Dorwart

APP. 00421