**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| BOKF, NA § <br> BOK Financial Securities, Inc. (BOKF § <br> Securities) § <br> § <br> Plaintiffs. § <br> § <br> v. § <br> § <br> § <br> Vickie Sue Wise, an individual § <br>   CRD No. 1883523 § <br> Ronnie Carroll "Skip" Davis, an § <br> individual § <br>   CRD No. 5400246 § <br> Melissa Morgeson Del-Cid, an § <br> individual § <br>   CRD No. 2448005. § <br> Hilltop Holdings, Inc. § <br> Hilltop Securities, Inc. § <br>   CRD No. 6220 § <br> Hilltop Independent Network, Inc. § <br>   CRD No. 17587 § <br> Lloyds Insurance Company § <br>   TX Lic. No. 95740 § <br> American Summit Insurance Company § <br>   TX Lic. No. 58960 § <br> Plains Capital Bank § <br> § <br> § <br> Defendants. § | Case No. 3:18-cv-00794 <br><br> Honorable David Godbey <br> United States District Court Judge |

## BOKF, NA'S RESPONSE TO DEFENDANTS' MOTION TO STAY

BOKF, NA (the "Bank") hereby responds to Defendants' Motion to Stay (Doc. 32). The Bank has not entered into an agreement to arbitrate any dispute with Defendants. This Court denied the Defendants' Motion to Dismiss the Bank's claims. [Doc. 31]. The Bank seeks relief that is separate and apart from any relief sought in the arbitration

1

between its affiliate, BOK Financial Securities, Inc. ("BOKFS") and Defendants. Accordingly, there is no basis to stay this litigation and further delay the Bank's claims. In further support, BOKF, NA states:

## BACKGROUND

Defendants Vickie Sue Wise, Ronnie Carroll "Skip" Davis, and Melissa Del-Cid ("Individual Defendants) are former employees of the Bank.[1] Defendants managed customer accounts for the Bank, for which the Bank received a recurring management fee. The Bank then paid the Individual Defendants a percentage of the subject management fees pursuant to criteria laid out in annual incentive plans.

When the Individual Defendants, with the aid of Hilltop Holdings, Inc., Hilltop Securities, Inc., and Hilltop Independent Network, Inc. (the "Hilltop Defendants"), resigned in concert from the Bank without notice and stole the Bank's customers violating their duties of loyalty and the restrictive covenants in their agreements, the Bank suffered discrete harms.[2]

As was already addressed by way of the Individual Defendant's Motion to Dismiss (Doc. 12), which the Court denied, the Bank is not a member of FINRA and is therefore not required to arbitrate disputes in the FINRA arbitration forum. *See* 15 U.S.C. § 78c(a)(4) (exempting banks affiliated with a broker-dealer from being regulated as a broker-dealer).

---

[1] The Individual Defendants were also employees of the Bank's affiliated broker-dealer, BOKFS.

[2] Many Bank customers were also BOKFS customers. However, the fees earned from customer accounts and transactions were separate and distinct as between the Bank and the broker dealer, BOKFS.

The Bank instituted this lawsuit seeking (i) a temporary injunction and (ii) relief for the discrete damages it has suffered.[3] This Court denied the Motion for Temporary Injunction [*see* Doc. 11], but has allowed the Bank to continue prosecuting its claims. [*See* Order Denying Defendant's Motion to Dismiss (Doc. 31).] To date, Defendants have refused to recognize the Bank's independent claims, having neither filed an answer to the Complaint nor responded to the Bank's discovery requests. Now, Defendants seek again to prevent the Bank from prosecuting the Bank's claims.

## ARGUMENTS AND AUTHORITIES

### 1.    The Bank has the Right to Litigate Its Claims

Arbitration is a matter of contract. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). A party can only be forced to arbitrate disputes if it has agreed to arbitrate. See *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995). Where there is no agreement to arbitrate, a party is entitled to pursue its claims in a court of competent jurisdiction. *Id.* This includes the right to conduct discovery and the right to a trial on the merits. *See id. See also Bank of America, N.A. v. UMB Financial Services, Inc.*, 618 F. 3d 906 (8th Cir. 2010) (refusing to stay bank's claims where bank's affiliate broker dealer was involved in arbitration concerning similar claims.); BOKF Response and Objection to Dismiss (Doc. 18), incorporated by reference.

It is undisputed that no agreement to arbitrate exists between the Bank and Defendants. Accordingly, the Bank is not required to arbitrate this dispute and

---

[3] In the Complaint filed jointly by the Bank and BOKFS due to the immediate harm being suffered by the employee raid and violations of duties to each entity, BOKFS explicitly stated that it was only seeking a temporary injunction order from this Court. [Complaint (Doc. 1), p. 2.]. At the same time BOKFS initiated FINRA Arbitration No. 18-01180 (the "Arbitration") seeking relief for its separate and independent damages.

3

Defendants are interfering with the Bank's right to litigate its claims. The Court must allow the Bank to pursue its claims, deny Defendants' Motion to Stay, and order Defendants to comply with their obligation to file an Answer and respond to discovery in this case.

### 2. Defendants Are Not Entitled to a Stay

Defendants invoke § 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, arguing that this Court is required to stay the Bank's claims pending the outcome of BOKFS's arbitration. Section 3 states (with emphasis added):

> If any suit or proceeding be brought in any of the courts of the United States upon **any issue referable to arbitration under an agreement in writing for such arbitration**, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

"Generally, this section applies only to parties to the arbitration agreement." *Adams v. Georgia Gulf Corp.*, 237 F. 3d 538 (5th Cir. 2001). This is because a stay is only mandatory for issues "referable to arbitration under an agreement in writing for such arbitration." *See Waste Management, Inc. v. Residuos Industriales Multiquim, S.A.*, 372 F. 3d 339 (5th Cir. 2004). In cases where this provision is applied to stay litigation involving a party that is a non-signatory to an arbitration agreement (in this case the Bank), it is only applied to prevent a party who is a signatory to an arbitration agreement from litigating claims that are referable to arbitration. *See id.*; *Harvey v. Joyce*, 199 F. 3d 790 (5th Cir. 2000); *Zimmerman v. Sphere Drake Ins. Grp., PLC*, 107 F. 3d 344 (5th Cir. 1997). Defendants have not cited, nor is the Bank aware of, a case in which this provision has been applied to stay litigation by a party who has not signed an arbitration agreement where the issues being litigated are not referable to arbitration. *Mendez v. Puerto Rican*

4

*Int'l Cos.*, 553 F. 3d 709, 711 (3rd Cir. 2009) (stating that the FAA "was not intended to mandate curtailment of the litigation rights of anyone who has not agreed to arbitrate any of the issues before the court").

As shown above and in the briefing on the Motion to Dismiss (Doc. 12) which the Court denied, the Bank is not a member of FINRA and, accordingly, is not subject to any arbitration agreement. More to the point, the Bank's claims against Defendants are not referable to arbitration, as they seek relief for discrete Bank damages that BOKFS cannot recover in the Arbitration. The FAA does not apply to the Bank's claims. Defendants have no recourse to the mandatory stay provision of FAA.

Contrary to Defendant's contention, the narrow carve out created by *Waste Management* which allows non-signatories to enforce arbitration agreements, even if applicable in this case (it is not), does not counsel a stay. In *Waste Management*, the Fifth Circuit enumerated several factors that must be analyzed "for invoking § 3 **on the application of a non-signatory**: a) the arbitrated and litigated disputes must involve the same operative facts; b) the claims asserted in the arbitration and litigation must be 'inherently inseparable'; and c) the litigation must have a 'critical impact' on the arbitration." 372 F.3d at 343 (emphasis added). None of these factors counsel staying this action.

      **a.    The Operative Facts in the Litigation and the Arbitration Are Not the Same.**

All operative facts are not the same. For example, the Individual Defendants had different income streams and compensation arrangements with the Bank and with BOKFS. There will also be customers of the Bank who were not customers of BOKFS and vice versa. Most importantly, the damages for which the Bank seeks relief are wholly

5

separate and apart from the damages sought by BOKFS. Accordingly, this litigation and the Arbitration do not involve the same operative facts and a stay is not appropriate.

### b. The Bank's and BOKFS's Claims Are Not Inherently Inseparable

Claims are only inseparable if they involve "fundamentally . . . one dispute." *Waste Management*, 372 F. 3d at 345. Even if two different parties' claims are identical with respect to the law, so long as each party has a separate right to relief, the claims are not "inherently inseparable." *Id.* ("WM only suffered on alleged harm, so the resulting litigation and the arbitration are 'inherently inseparable from the instant litigation'").

In *Vallejo v. Gard CL Southwest, Inc.* 2013 WL 6190175 (S.D. Tex. Nov, 26, 2013), multiple plaintiffs brought claims for overtime pay against a defendant. Some of the plaintiffs were subject to an arbitration agreement with defendants, others were not. The Court found that, since each plaintiff was seeking redress for his own overtime pay, the claims were not inseparable and a stay was not warranted for the claims of those plaintiffs who were not subject to an arbitration agreement. *Id.* at * 6; *see also Matthews v. Priority Energy Services, LLC*, 2016 WL 7633990, * 6 (E.D. Tex. Dec. 2, 2016) ("Each plaintiff's claim for the violation of his own right to overtime pay is not dependent on the others."); *Kubala v. Supreme Production Services, Inc.*, 2016 WL 7971733 (S.D. Tex. Jun. 14, 2016).

Here, the Bank seeks relief for the discrete damages caused by the Defendants to the Bank with respect to Bank customers. The Bank does not seek any relief for the damages caused to BOKFS, the broker dealer, by the Defendants. BOKFS's damages are being sought by BOKFS in the separate Arbitration. Accordingly, the Bank's claims are not inseparable from the Arbitration and this factor does not favor a stay.

### c.     This Litigation Will Not Critically Impact the Arbitration

"The question is not ultimately one of weighing potential harm to the interests of the non-signatory, but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration." *Waste Management*, 372 F. 3d at 343.  As the Court in *Vallejo* found:

> [L]itigation between a plaintiff-nonsignatory and a defendant-signatory does not undermine the defendant's right to arbitration when the plaintiff's claims are separate from the claims being arbitrated, even if the subject matter of the claims is similar.  And allowing a defendant-signatory to invoke the FAA's mandatory stay against a plaintiff-nonsignatory creates the possibility that the plaintiff-nonsignatory's ability to assert its claims will be delayed depending on the fortuity of whether there happen to be other parties . . . that have agreed to arbitrate a different claim.

2016 WL 6190175 at * 6 (*citing Mendez*, 553 F. 3d at 712); *see also Matthews*, 2016 WL 7633990 at * 6 (Noting that even though claims are similar, "Plaintiffs can still have a meaningful arbitration despite the result of litigation.").

This litigation cannot have a critical impact on the Arbitration because the Bank seeks to recover on separate claims.  The Bank has a right to pursue its claims in this Court, and thus it has a right to the procedures provided to civil litigants.  The fact that these procedures may be different than those in the Arbitration is of no moment.  This factor does not favor a stay.

### d.     A Discretionary Stay Is Improper

Towards the end of their brief, Defendants argue that a stay is warranted as a matter of judicial economy because Plaintiffs have "split" their causes of action.  As explained above, this is simply not the case.  The Bank has discrete claims for damages against Defendants which are separate from the claims of BOKFS.  The Bank's litigation of these separate claims will not disrupt the Arbitration, nor will it conflict with or undermine

7

the Arbitration or make it more costly. *See Vallejo*, 2016 WL 6190175 at * 7 (denying discretionary stay); *Matthews*, 2016 WL 7633990 at * 6 (ibid.). Accordingly, a discretionary stay is not warranted.

## CONCLUSION

The FAA is not applicable to the Bank's claims against Defendants, whether by the plain wording of § 3's mandatory stay provision or application the factors enumerated in *Waste Management*. Moreover, there are no grounds supporting a discretionary stay. Accordingly, there can be no stay of this litigation and Defendants' Motion must be denied.

Respectfully submitted,

s/Erica Anne Dorwart
Frederic Dorwart, OBA # 2436*
Erica Anne Dorwart, OBA #18367
John D. Clayman
Texas Bar Number 24066338
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
jclayman@fdlaw.com
(918) 583-9922 (Tel.)
(918) 584-2729 (Fax)

\* These attorneys will likely seek pro hac vice admission.

Brett S. Field
Texas Bar Number 24050596
STROMBERG STOCK
8750 N. Central Expressway
Suite 625
Dallas, Texas  75231
(972) 458-5353 (Tel.)
(972) 861-5339 (Fax)
brett@strombergstock.com

Attorneys for Plaintiffs, BOKF, NA and BOK Financial Securities, Inc.

## CERTIFICATE OF SERVICE

On April 9, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

Rick Illmer, TX 10388350
Chad Johnson, TX 24026259
Husch Blackwell, LLP
2001 Ross Avenue Suite 2000
Dallas, Texas 75201-2995
Rick.illmer@huschblackwell.com
Chad.Johnson@huschblackwell.com
214-999-6112 (Illmer)
214-999-6173 (Johnson)

Counsel for all Defendants

/s/ Erica Anne Dorwart
Erica Anne Dorwart