IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, NA AND BOK FINANCIAL SECURITIES, INC., § § § | | |
| PLAINTIFFS, § § | | |
| V. § § | | |
| VICKIE SUE WISE, RONNIE CARROLL "SKIP" DAVIS, MELISSA MORGESON DEL-CID, HILLTOP HOLDINGS, INC., HILLTOP SECURITIES, INC., HILLTOP SECURITIES INDEPENDENT NETWORK INC., NATIONAL LLOYDS INSURANCE COMPANY, AMERICAN SUMMIT INSURANCE COMPANY, AND PLAINSCAPITAL BANK, § § § § § § § § § § | | CIVIL NO. 3:18-cv-00794 |
| DEFENDANTS. § | | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO THE MOTION TO STAY IN FAVOR OF ARBITRATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME, Defendants Vickie Sue Wise ("Wise"), Ronnie Carroll "Skip" Davis ("Davis") Melissa Morgeson Del-Cid ("Del-Cid"), Hilltop Securities, Inc., and Hilltop Independent Network, Inc. (collectively, the "Defendants"), and file this, their Reply to Plaintiff's Response [Dkt. No. 35] to Defendants' Motion to Stay in Favor or Arbitration as more fully set forth below:

**ARGUMENT AND AUTHORITIES**

**I.    The Court Should Stay This Lawsuit because the Operative Facts are identical.**

1.    As set forth in the Motion, two of the key factors analyzed by the Fifth Circuit in determining whether to stay litigation involving a non-signatory to an arbitration agreement are

whether the arbitration and litigation are based on the same operative facts and whether the claims are inherently inseparable. *See Waste Management, Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343-345 (5th Cir. 2004); *see Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000) (claims are inseparable when they merely seek different remedies for the same conduct). That is certainly the case here. Indeed, Plaintiff's only assertion that the claims are separable is that BOKFS and BOKF-NA allegedly have different damages. *See* Plaintiff's Response, pp. 5-6 [Dkt. No. 35]. However, the facts and conduct that allegedly *operate* to give rise to those damages are the same. Indeed, the Plaintiff's Complaint, and the lack of countervailing arguments in Plaintiff's Response make clear that the facts giving rise to the claims are identical: both cases rely on the same Representative Agreements and Incentive Plans, the same conduct, the same causes of action, and seek the same forms of relief. The Court should stay this case.

## II.   The Lawsuit could have a critical impact on the Arbitration.

2.   The final factor for granting a stay is also satisfied. Plaintiff's only assertion that the Lawsuit will not impact the Arbitration is that "Plaintiff seeks to recover on separate claims." *See* Plaintiff's Response, p. 7. However, as noted above, and as can be seen in a comparison of the Complaint to the Statement of Claim before FINRA, the claims are not "separate;" they are identical. The causes of action asserted are identical. While Plaintiff may be seeking different or additional damages, the questions of fact and liability are the same. As noted by the Fifth Circuit, given the binding effect of rulings, findings and/or a judgment by the Court, the arbitrators will "necessary be strongly influenced to follow the court's determination." *Waste Management, Inc.*, 372 F.3d at 345. Given the identical nature of the two cases it is without question that rulings from this Court could influence the arbitration. A stay is required to avoid any potential influence.

### III. Plaintiff is using the Lawsuit to Obtain Discovery it Cannot get in the Arbitration.

3. Another way that the Lawsuit could critically impact the Arbitration is Plaintiff's attempt to obtain discovery here that it cannot obtain in the Arbitration. There are significant differences in allowable discovery between a federal lawsuit and a FINRA Arbitration. Yet Plaintiff's discovery in this lawsuit seeks information directly related to the claims that are being adjudicated by FINRA. By way of example only, Defendants direct the Court to Interrogatory Nos. 3, 6, 11, 12, 13, and 14, and Request for Production Nos. 1, 3, 4, and 5, responses to which would clearly include brokerage activities by the Defendants at their new employer:

> **INTERROGATORY NO. 3:** Identify each person with whom you have communicated regarding the facts supporting your defenses in this arbitration by name of person, address of person, telephone number, date of conversation, and general nature of the communication. A table has been provided.
>
> **INTERROGATORY NO. 6:** Identify each established client of BOKFNA with whom you have spoken since your first contact with Hilltop by name, address, telephone number, date of communication, general nature of the communication, and indicate whether you and/or your employer and/or any entity with whom you have a business relationship have/has entered into a business relationship with such person since January 14, 2016. A table has been provided.
>
> **INTERROGATORY NO. 11:** Set forth in detail and identify all commissions, fees, wages, salary, compensation, income (as defined herein), awards, bonuses, and/or revenues earned, and/or rights to future entitlements, for each Defendant pertaining to a former BOKFNA customer.
>
> **INTERROGATORY NO. 12:** Set forth in detail and identify all revenues earned by each Defendant pertaining to a former BOKFNA affiliate customer.
>
> **INTERROGATORY NO. 13:** Set forth in detail and identify the source(s) of income for each individual Defendant since each Defendant was first contacted by Hilltop and/or a representative and/or agent for Hilltop.
>
> **INTERROGATORY NO. 14:** Set forth in detail and identify all financial incentives provided to each individual Defendant in connection with the individual Defendant's departure from BOKFNA and/or transition to Hilltop.

**REQUEST NO. 1:** Produce all documents containing and/or referencing record(s), and/or lists and/or compilations of BOKFNA customer(s)[1] who transferred accounts and/or any part of the customers' accounts ("Transferred Accounts") from BOKFNA to Hilltop after Wise and/or Davis and/or Del Cid left BOKFNA, including: (a) the customer's name; (b) the BOKFNA account number(s) before transfer; (c) the Hilltop account number(s) after transfer; (d) the account balance at time of transfer; and (d) the account balance at the time you answered these Requests and/or any supplement thereto.

**REQUEST NO. 3:** Produce all documents related to the Transferred Accounts identified in REQUEST NO. 1 above, including transfer forms, customer correspondence related to the transfer, new account forms, letters, emails, text messages, social media communications, and all other account documents, related to the transfer and set up of the accounts at Hilltop, and any revenues related thereto.

**REQUEST NO. 4:** Produce documents containing and/or pertaining to records, compilations, and/or summaries that show: (a) gross revenues earned by Hilltop on the Transferred Accounts from the time one of Wise, Davis, and/or Del-Cid, and or any combination thereof, was/were first in contact with any representative of Hilltop until the present; and (b) Wise's and/or Davis' and/or Del-Cid's, and/or any combination thereof's, share of such revenues.

**REQUEST NO. 5:** Produce all documents a summary of all commissions, fees, wages, salary, compensation, income (as defined herein), awards, bonuses, and/or revenues earned, and/or rights to future entitlements, for Wise and/or Davis and/or Del Cid, and/or any combination thereof, at and/or from Hilltop.

4. The Court should not condone this gamesmanship—using the district court litigation to obtain discovery FINRA does not allow.[2] To that end, Defendants respectfully request that the Court grant Defendants' Motion to Stay the Lawsuit cause until the conclusion of the FINRA Arbitration.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court stay this cause until the conclusion of the Arbitration and grant such other and further relief to which Defendants may show themselves to be justly entitled.

---

[1] For the avoidance of any doubt, for purposes of these requests "BOKFNA customer" means any person who maintained an account at BOKFNA for any period of time and particularly includes customers listed in BOKFNA's initial disclosures and any supplement(s) thereto.

[2] FINRA Arbitration Rules 13506 and 13510.

Respectfully submitted,

By: */s/ Richard A. Illmer*
Richard A. Illmer
State Bar No. 10388350
Chad A. Johnson
State Bar No. 24026259

**HUSCH BLACKWELL LLP**
1900 Pearl St., Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (*facsimile*)
ATTORNEYS FOR THE DEFENDANTS

### CERTIFICATE OF SERVICE

A copy of the foregoing has been served to all counsel of record via ECF on this 22nd day of April, 2019.

*/s/ Richard A. Illmer*
Richard A. Illmer