IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, NA AND BOK FINANCIAL SECURITIES INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:18-CV-794-N |
| VICKIE SUE WISE, *et al.*, | § § § | |
| Defendants. | § | |

### **ORDER**

This Order addresses Defendants'[1] motion to stay the case in favor of arbitration [32]. The Court grants the motion. Here, Defendants and Plaintiff BOK Financial Securities, Inc. ("BOKFS") are parties to an arbitration agreement. They are thus compelled to resolve their disputes by binding arbitration with the Financial Industry Regulatory Authority ("FINRA"). Plaintiff BOKF, NA, however, is a non-signatory to that agreement, and has brought its claims before this Court. Defendants now seek to have this case stayed until the FINRA arbitration is resolved.

In cases in which one of the parties to a valid arbitration agreement brings a claim to a district court, the court "shall stay the trial of the action until such arbitration" is resolved. 9 U.S.C. §3. The Fifth Circuit has held that this rule may be applied with respect to non-signatories if (1) the arbitration and litigation involve the same operative facts, (2) the claims asserted are inherently inseparable, and (3) the litigation could have a critical impact on the

---

[1] Defendants here include: Vickie Sue Wise, Ronnie Carroll "Skip" Davis, and Melissa Morgeson Del-Cid, Hilltop Securities, Inc., and Hilltop Independent Network, Inc.

ORDER – PAGE 1

arbitration. *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343-55 (5th Cir. 2004). The Court acknowledges that the context in *Waste Management* was different. There, the nonsignatory seeking to stay the litigation in favor of arbitration; here, the movant is the signatory. But the core of the Fifth Circuit's holding is still wholly applicable: "[t]he question is not ultimately one of weighing potential harm to the interests of the non-signatory, but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration." *Id*. at 343.

Allowing BOKF, NA to proceed with this litigation could destroy Defendants' right to a meaningful arbitration. Primarily, the arbitration and litigation are based on the same operative facts and involve inherently inseparable claims. While BOK, NA and BOKFS may have different damages, both entities raise claims that hinge on the same contracts, the same alleged conduct, and the same causes of action. Indeed, "it is the violated right that matters, not the purported remedy." *Id.* at 345. Given how intertwined the claims are, a decision from this Court could influence the outcome of the arbitration. In addition, allowing the case to proceed in this Court could allow the Plaintiff to obtain discovery that it would not be able to under FINRA rules. Accordingly, the Court holds that allowing this case to proceed could ultimately destroy Defendants' right to a meaningful arbitration.

The Court thus grants Defendants' motion to stay. The parties are directed to file a report regarding the status of the arbitration every ninety (90) days after the date of this Order.

Signed April 25, 2019.

_____
David C. Godbey
United States District Judge